IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



Metropolitan Life Insurance Company,

    Plaintiff,

v.

National Communications Systems, Inc.
d/b/a National Benefit Communications,
Inc., et. al.

    Defendants.

CIVIL NO.: 97-2331 (DRD)

RE: BREACH OF CONTRACT
    DAMAGES AND FRAUD

### ORDER FOR PROVISIONAL REMEDIES

Upon consideration of plaintiff Metropolitan Life Insurance Company's Motion for Provisional Remedies (Docket No. 80), opposition thereto, the testimony and evidence presented at the hearing held on September 30, 1999, and it appearing that pursuant to Rule 64 of the Federal Rules of Civil Procedure and Rules 56.1, 56.3 and 56.4 of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, 32 L.P.R.A. App. III, R. 56.1, 56.3 and 56.4, said plaintiff may obtain all remedies provided by the Commonwealth of Puerto Rico for the purpose of securing satisfaction of the judgment ultimately to be entered in this action against co-defendants National Communication Systems, Inc. d/b/a National Benefit Communication, Inc. and George K. Miller, Jr., it is hereby,

**ORDERED**, that the properties (real or personal), assets, and other credits of co-defendant National Communication Systems, Inc. d/b/a National Benefit Communication, Inc. of a value not exceeding $812,060.32 be attached, garnished or seized to secure the satisfaction of the judgment which may ultimately be entered in the action in favor of plaintiff; and it is;



**ORDERED**, that the properties (real or personal), assets, and other credits of co-defendant George K. Miller, Jr. of a value not exceeding $256,573.20 be attached, garnished or seized to secure the satisfaction of the amounts jointly and severally guaranteed by said debtor as per the judgment which may ultimately be entered in the action in favor of plaintiff; and it is;

**ORDERED**, that the total prejudgment attachment against co-defendants National Communication Systems, Inc. d/b/a National Benefit Communication, Inc. and George K. Miller, Jr. cannot exceed a total of $812,060.32;

**ORDERED**, that the execution of this Order of Provisional Remedies against co-defendant George K. Miller, Jr. for value not exceeding $256,273.20 is stayed for twenty (20) days from the issuance of this Order nothwithstanding this Order is immediately effective against co-defendant National Communication Systems, Inc. d/b/a National Benefit Communication, Inc.;

**ORDERED** that the properties to be attached in compliance with this order consist of those designated by the plaintiff in the manner which is customary in the practice and procedure in Puerto Rico, reserving to said co-defendants the right to petition this Court for relief in the event of attachment of properties the value of which exceeds the amount of plaintiff's claim in this action, and it is further;

**ORDERED** that the Clerk of this Court issue a writ of attachment to the United States Marshal for this District and/or for the District of Camden (which encompasses the County of Atlantic City where co-defendant George K. Miller, Jr. resides) directing said Marshal to attach, garnish, seize or prohibit alienation or encumbrance of all or any properties, assets or credits as may be designated by plaintiff, whether in possession of said co-defendants or of other persons. All such properties shall be seized and deposited into the registry of the court or the United States District Court for the District of Camden if they be monies, or if they be other personal property

-3-

by placing the same under the custody of the custodian named in this order; and in the event of garnishment by giving notice of this order to persons indebted to said co-defendants and requiring of them the surrender of the property or the payment of the money to the Marshal at the time the obligation to said co-defendants becomes due and payable. In the event of attachment of real property, the clerk shall issue a writ directed to the appropriate Registrar of the Property of Puerto Rico or in the State of New Jersey who shall make the necessary entry in the records of said registry with respect to the property sought to be attached for that amount to be set forth by plaintiff; and further, it is;

**ORDERED** that the Marshal shall, thereafter, file a return of execution indicating the properties attached, garnished or seized pursuant to this order; and it is further;

**ORDERED** that the custodian hereby appointed upon request of plaintiff and upon its responsibility shall be:

Mr. Ovidio Canet
Americo Miranda Avenue #1415
Caparra Terrace
San Juan, R 00921
Tel. 783-4804; 386-8377

and if necessary at a later date, a custodian located in New Jersey may be appointed at plaintiff's selection that is in compliance with Rule 56.6 of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, 32 L.P.R.A. App. III R. 56.6.

-4-

And further, it is ORDERED that prior to the execution of this Order plaintiff shall post a bond in the amount of $100,000.00, approved by the Court pursuant to Rule 56.3 of the Puerto Rico Rules of Civil Procedure corresponding to the items garnished or attached towards securing the effectiveness of a money judgment in this case.

GIVEN at San Juan, Puerto Rico this 30th day of September of 1999.

_____
HON. DANIEL R. DOMINGUEZ
UNITED STATED DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO