

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

METROPOLITAN LIFE INSURANCE COMPANY,
v.
NATIONAL COMMUNICATIONS SYSTEMS, INC.
d/b/a NATIONAL BENEFIT COMMUNICATION,
INC., et als.

CASE NUMBER: 97-2331 (DRD)

## ORDER

The Court hereby rules as follows:

| Docket No. | Ruling | Title and date |
|---|---|---|
| 65 | **DENIED WITHOUT PREJUDICE** | Motion to disqualify (August 26, 1998) |

Regarding **Docket No. 65**:

By motion dated August 26, 1998, Co-defendant D'Angelo requests the Court to "order the disqualification of GA&C as MetLife's counsel in this action." Docket No. 65, pg. 24. To support his request D'Angelo alleges, *inter alia*, that GA&C's predecessor in interest, GACA, served as counsel for Mr. D'Angelo and Mr. D'Angelo revealed confidences to GACA regarding Mr. D'Angelo's business dealings and his plans to implement a benefits communication program in Puerto Rico. Further, Mr. D'Angelo alleges that these business dealings and the benefits communication program are substantially related to the present complaint. Consequently, GA&C should be disqualified as counsel for MetLife.

D'Angelo verified this motion for disqualification by stating that the "facts included in the same are true and correct **to the best of my understanding and belief**." (Emphasis added.) Plaintiff opposes said motion for disqualification on several grounds including D'Angelo's failure to verify the motion for disqualification under penalty of perjury as specifically required by 28 U.S.C. § 1476.

Motions to disqualify are generally viewed with "disfavor" by courts, mainly because disqualification is considered a "drastic measure" that "has an immediate adverse effect on the client by separating him from counsel of his choice, and that disqualification motions are often interposed for tactical reasons." Bd. of Education v. Nyquist, 590 F.2d 1241, 1245 (2nd Cir. 1979). See also Estrada v. Cabrera, 632 F.Supp. 1174, 1175 (D.P.R. 1986); Schiessle v. Stephens, 717 F.2d 417, 420 (7th Cir. 1983); Richardson Merrell, Inc. v. Koller, 472 U.S. 424, 436 (1985). As a result, parties seeking disqualification have a "heavy burden" and must meet a "high standard" of proof. Evans v. Artek Sys. Corp., 715 F.2d 788, 191 (2nd Cir. 1983); Alexander v. Primerica Holdings, Inc., 822 F.Supp. 1099 (D.N.J. 1993). Courts will not hesitate to dismiss disqualification claims that are based on mere speculation, unsupported by evidence or sworn statements, of potential conflict. Shaffer v. Farm Fresh, Inc., 966 F.2d 142, 145-146 (4th Cir. 1992); Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F.Supp. 1200, 1207 (E.D. Pa. 1992).

Under 28 U.S.C. § 1746 Co-defendant D'Angelo's verification statement is insufficient to support his motion for disqualification. Section 1746 states in pertinent part:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath for office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true an correct. Executed on (date).
(Signature).

To the extent that Co-defendant D'Angelo's verification statement asserts that the facts included are "true and correct to the best of his understanding and belief", D'Angelo's statement is insufficient to support disqualification under Rule 1.9 and 1.10 of the Rules of Professional Responsibility adopted by the United States District Court for the District of Puerto Rico, Local Rule 211 (4) (B). Compare with Vassilos v. Petersen, 1992 WL 345044 (N.D. Ill. 1992). Moreover, even if Co-defendant D'Angelo's motion complied with the procedural requirements of the Local Rules, Co-defendant D'Angelo's motion for disqualification can neither be granted or denied by the Court without the holding of an evidentiary hearing because the submittals on file clearly reflect credibility issues as to determinative facts.

Co-defendant D'Angelo's motion for disqualification is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

DATE: September *30*, 1999

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

| Rec'd: | EOD: |
|---|---|
| By: | # |