UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

METROPOLITAN LIFE INSURANCE COMPANY,

    Plaintiff

v.

                                         CASE NUMBER: 97-2331 (DRD)

NATIONAL COMMUNICATIONS SYSTEMS, INC.
d/b/a NATIONAL BENEFIT COMMUNICATION, INC., et als.

    Defendant

## OPINION AND ORDER

Pending before the Court is Metropolitan Life Insurance Company's ("MetLife") motion for partial summary judgment against co-defendants National Communication Systems, Inc. d/b/a National Benefit Communication, Inc. ("NBC"") and George K. Miller, Jr. ("Miller") (Docket No. 105); and MetLife's motion urging the Court to adjudicate Docket No. 105 as unopposed (Docket No. 106). On August 13, 1999, the Court stayed resolution of plaintiff's motion pending resolution of a motion for disqualification previously filed by co-defendant John D'Angelo. (Docket No. 110). The Court hereby vacates said order staying plaintiff's motion for summary judgment and, having considered co-defendant Miller's opposition thereto (Docket No. 111), **DENIES** both plaintiff's motion for summary judgment and plaintiff's motion that its motion for summary judgment be deemed unopposed. (Docket Nos. 105 and 106)

### I. Summary judgment standard

The function of summary judgment is "to pierce the boilerplate of the pleadings and examine the parties' proof to determine whether a trial is actually necessary." Vega-Rodriguez v. P.R.T.C., 110 F.3d 174, 178 (1st Cir. 1997). Accordingly, federal courts will grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the



affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R .CIV. P. 56(c).

To defeat a motion for summary judgment the resisting party will have to show the existence of "a trial worthy issue as to some material facts." Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if the same "potentially affect[s] the suit's determination." Garside v. Osco Drug Inc., 895 F.2d 46, 48 (1st Cir. 1990). "An issue concerning such a fact is 'genuine' if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Cortes-Irizarry, 111 F.3d at 187. Nonetheless, "speculation and surmise, even when coupled with effervescent optimism that something definite will materialize further down the line, are impuissant on the face of a properly documented summary judgment motion." Ayala Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996) (citations omitted)

The movant for summary judgment, of course, must not only show that there is "no genuine issue of material facts," but also, that he is "entitled to judgment as a matter of law." Vega-Rodriguez, 110 F.3d at 178. Further, the court is required to examine the record "drawing all reasonable inferences helpful to the party resisting summary judgment." Cortes-Irizarry. 111 F.3d at 187. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood . . ." Greenburg v. Puerto Rico Maritime Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The facts must be examined under the above criteria because on a potential appeal the appellate court examines "the undisputed facts in the light most congenial to the appellants and adopts their version of any contested facts which are material to our consideration of the issues." Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

## II. Application

In the instant case it is obvious that there is a controversy of material facts which precludes the Court from entering judgment at this time. Plaintiff asserts that NBC signed several promissory notes in favor of MetLife and that Miller personally guaranteed two of these notes by placing his own signature on them. In support of this contention plaintiff includes a sworn declaration by Steve Worley of MetLife and a copy of each one of the promissory notes. Miller opposes plaintiff's motion for summary judgment asserting that he placed his signature as NBC and John D'Angelo's attorney and/or as a witness to John D'Angelo's signature. Miller ardently denies having signed the promissory notes as a guarantor and further asserts NBC has already satisfied the obligations allegedly guaranteed by Miller. (Docket No. 111) To support this contention Miller accompanies his opposition with his own sworn statement and several other documents addressed at Miller's contention that the parties never intended to create a personal guarantee. (See exhibits to Docket No. 111).

Clearly, the above reflects a genuine issue of material facts and a question of credibility which requires the kind of "measured weighing of conflicting evidence" that must be left to a jury. The Court, therefore, is precluded from entering summary judgment and plaintiff's motions are **DENIED.** (Docket Nos. 105 and 106).

DATE: November 22, 1999

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

N\97-2331 SJ