UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

**MINUTES OF PROCEEDINGS**         DATE: March 1, 2000

**CIVIL NO. 97-2331 (DRD)**

---

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMP1ANY | Attorneys: | Jesús Cuza and Mildred Cabán |
| Plaintiff | | |
| v. | | |
| NATIONAL COMMUNICATIONS SYSTEMS, et al | | Juan Marchand, Freddie Pérez González and Juan Saavedra |
| Defendant | | |

---

Conference was scheduled for today upon Order of the Court frustrated by Counsels of Record's inability to hold a significant Local Rule 311 conference as to disputed pending discovery issues. The Court determined to hold the Conference in an attempt to aid the parties in their efforts to resolve these issues.

I.

Attorneys Freddie Pérez González and Jesús Cuza informed the Court that they had reached a full agreement on all pending discovery matters between George Miller and MetLife. Accordingly, Docket Nos. 140 & 143 have been rendered **MOOT**.

II.

Attorney Cuza informed the Court that henceforth neither he nor counsel Mildred Cabán

would be acting for the firm of Goldman Antonetti & Córdova (GA&C) on matters involving the Defendants' Motion to Disqualify GA&C (Docket No. 145). Any requests or Orders for discovery on that issue should be addressed to the firm's Executive Committee through Vicente Antonetti, Esq. Of course, Counsels Cuza and Cabán would continue to represent MetLife on all matters pending in this case and, as counsel for MetLife, would participate in the disqualification controversy in order to advance MetLife's interests relating to its firm's disqualification. The Court, however, noted that the Court had jurisdiction over the GA&C firm regarding any actions/inactions in which Counsels Cuza or Cabán appeared on behalf the GA&C firm.

### III.

Attorneys Cuza and Juan Marchand informed that there is a controversy regarding the taking of Mr. José Axtmayer's deposition. Counsel Marchand requested that Axtmayer's deposition on the question of disqualification be stayed until Plaintiff answers Defendants' Motion to Disqualify the law firm of GA&C (Docket No. 145) and Atxmayer's deposition on the merits be stayed until the Court resolves Defendant's Motion to Dismiss (Docket No. 127). A stay of discovery pending resolution of the Motion to Dismiss was requested. Counsel Marchand further argued that Axtmayer's deposition on the merits was not necessary for the Court to decide the motion to dismiss on the pleadings and that allowing Axtmayer's deposition on the merits at this time would place Axtmayer at risk of being subpoenaed on a potential second deposition on the same issues should the law firm of GA&C be eventually disqualified. Further, allowing Plaintiff to take Axtmayer's deposition on the question of disqualification before Plaintiff had opposed the Motion to Disqualify would allow Plaintiff to engage in an unconstrained fishing expedition --- because there was no answer to the Motion to Disqualify, the issues have not yet been framed.

Counsel Cuza responded to Marchand's request by offering to obtain a statement from

MetLife that if GA&C was eventually disqualified and new counsel was hired, new counsel would be barred from further deposing Axtmayer on the merits of the case. As to Axtmayer's deposition on the question of disqualification, counsel Cuza responded that MetLife could not oppose the Motion to Disqualify until the Court authorized disclosure of Axtmayer's sworn statement. Counsel invoked MetLife's constitutional right to know the full reasons being invoked in the Motion to Disqualify before MetLife had to oppose the Motion. Counsel Marchand alleged that the Sworn Statement contained attorney-client privileged communications between Axtmayer and former clients CGD and D'Angelo which should not be disclosed to MetLife, precisely the opposing party in the instant case.

The Court denied Co-defendant Axtmayer's request to stay discovery pending the resolution of the Motion to Dismiss. A stay of discovery is directed at the sound discretion of the Court. See R.W. Intern. Corp. v. Welch Food, Inc., 13 F.3d 478 (1st Cir. 1994); Mack v. Great Atlantic and Pacific Tea Co., Inc., 871 F.2d 179, 186 (1st Cir.1989). In this case, a stay would only further delay this case which is already three (3) years old. Counsel Marchand then agreed to Counsel Cuza's proposition that Axtmayer be deposed on the merits once MetLife had assured that, should GA&C be disqualified, MetLife's new counsel would be barred from further deposing Axtmayer again. Counsel Marchand also offered a modified version of Axtmayer's sworn statement, such that the statement could be disclosed to MetLife without revealing privileged communications.

The Court ruled as follows:

Counsel Cuza is to provide MetLife with a copy of Axtmayer's modified Sworn Statement. MetLife is then to inform the Court, on or before Monday, March 6, 2000, whether said modified Sworn Statement provides MetLife with sufficient information to oppose Defendants' Motion to Disqualify (Docket No. 145). If MetLife decides in the affirmative, MetLife must then file its

opposition to Defendants' Motion to Disqualify within twenty (20) days, that is, on or before March 21, 2000. On the contrary, if MetLife determines that Axtmayer's modified Sworn Statement still is insufficient for MetLife to answer Defendants' Motion to Disqualify, MetLife must file within the same twenty (20) day period a memorandum of law justifying to the Court why MetLife must have full access to Axtmayer's sworn statement before MetLife answers Defendants' Motion to Disqualify.[1] Until Defendant's Motion to Disqualify is answered, Plaintiff is not to take Axtmayer's deposition on the question of disqualification. Plaintiff may, however, proceed to take D'Angelo's deposition. An Order to this effect is to be issued by the Court. Similar protection as provided to Axtmayer is to be provided to D'Angelo (no double depositions in case GA&C is disqualified).

Further, Plaintiff is to file with the Court on or before Monday, March 6, 2000, a statement that if GA&C is disqualified, Plaintiff's future legal representatives will be barred from taking a new deposition on the merits from Axtmayer or any other Defendant already deposed. Once the Court approves said statement, Counsel for Plaintiff may notify Axtmayer's deposition on the merits, which deposition must be taken within twenty (20) days after the Court approves MetLife's statement.

### IV.

All parties present informed that a joint motion advising the Court as to the status of all pending motions would be filed on Tuesday, March 7, 2000, and that all remaining controversies would be discussed in the March 10, 2000, hearing.

---

[1] In filing this memorandum, MetLife must keep in mind that the Court has to balance the parties' competing interests regarding Axtmayer's Sworn Statement. On the one hand, Plaintiff has a right to know why its counsel must be disqualified. On the other, Defendants have a right to protect privileged communications from disclosure to third parties, which are precisely the parties of opposite interest in the case at bar.

## V.

Counsel Marchand moved the Court for a ruling on Boston Mutual's alleged interest in the documents filed under seal by GA&C (Docket No. 131 & 132). Counsel Cuza initially alleged that Boston Mutual was GA&C's predecessor firm's client, and thus, Boston Mutual was entitled to examine the relevant documents. Counsel Cuza, however, later clarified that it was Boston Mutual's present position that Boston Mutual had never been a client to GA&C or to GA&C's predecessor firm. Counsel Montalvo of GA&C had one year prior thereto informed of Boston Mutual's denial of the relationship. Still, Counsel Cuza refused to acknowledge that CGD and/or D'Angelo were entitled to a copy of the documents filed under seal. CGD and D'Angelo were provided with a copy of certain documents maintained by GA&C but not the documents sent to Boston Mutual

After hearing extensive arguments by counsel for the interested parties, the Court ruled that a meeting would be held in Chambers with the parties' counsel and Axtmayer on Thursday, March 9, 2000, at 5:00 p.m. During said meeting, Axtmayer will produce for the Court's inspection all documents which support his petition for GA&C's disqualification. In addition, the Court will examine all documents filed under Docket No. 132 (both documents sent to CGD/D'Angelo and Boston Mutual documents) and determine who will have access to those documents. Although Defendant D'Angelo is not an indispensable party to the meeting, the Court does urge D'Angelo to be present since he is a potential party with interest in the documents in question. D'Angelo's absence, however, shall not be a reason not to proceed with the Conference.

## VI.

All parties are reminded that a hearing is scheduled for March 10, 2000, at 2:00 p.m.

Defendant D'Angelo[2] is urged to appear since he may have an interest in the documents and/or in the pending discovery matters. All parties, including John D'Angelo, are to be notified.

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

S/c: Counsel of record
N:\MINUTES\97-2331 MEM

---

[2] John D'Angelo did not have any pending Rule 311 matters (disputes as to discovery) warranting his presence in the 311 Conference held in Court. The Court notwithstanding provided D'Angelo the same protection as to double deposition taken as to Axtmayer and all Defendants.