UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

**MINUTES OF PROCEEDINGS**                DATE: April 12, 2000

**CIVIL NO. 97-2331 (DRD)**

---

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | Attorneys: | Jesús Cuza |
| Plaintiff | | |
| v. | | |
| NATIONAL COMMUNICATIONS SYSTEMS, et al | | Juan Marchand, Freddie Pérez González and Juan Saavedra |
| Defendant | | |

---

Hearing on motions pending regarding discovery was held today. Counsel advised the Court that none of the discovery disputes have been resolved.

As to Docket Nos. 128, 137, and 149, the Court finds that BCC must answer within ten (10) days all interrogatories served upon BCC by MetLife on January 7, 1998. BCC was served with said interrogatories more than two (2) years ago and waited more than seven (7) months before raising any objections. Accordingly, BCC waived any objections to the number of interrogatories served. BCC must answer the interrogatories and failure to comply may result in entrance of default against BCC. As to MetLife's request for production of documents, the Court holds that MetLife must specify what documents, if any, have not yet been produced. Finally, the Court holds that MetLife is entitled to attorney fees for its efforts to obtain the answers to interrogatories. Hence, counsel for MetLife is to certify to the Court within ten (10) days the proposed rate for lawyers' fees, the amount of time dedicated and the costs incurred in efforts towards obtaining the answers to



interrogatories. MetLife is to strictly follow the criteria set forth in <u>Coutin v. Young & Rubicam Puerto Rico, Inc.</u>, 124 F.3d 331 (1st Cir. 1997).

Docket Nos. 130, 136, 142, 151, 152, 156, 164, and 173, regarding Defendant Axtmayer's alleged failure to comply with discovery requests and Orders, remain under advisement except as to Axtmayer's failure to appear at the taking of his deposition on the merits of the case. The Court has previously held and now reaffirms that Defendant Axtmayer must appear for the taking of his deposition on the merits. The Court cannot continue to delay this case which is already three (3) years old. Likewise, Defendant Hertell and/or D'Angelo must appear for the taking of their respective depositions on the merits. Defendants' oral motion for reconsideration is denied. Notwithstanding, Defendants are granted leave to file a written motion for reconsideration no later than April 18, 2000.

Defendants inform that MetLife has announced its intention to schedule four (4) days for the taking of each Defendant's deposition on the merits. The Court finds the intent is *prima facie* oppressive. Each one of the depositions on the merits must be taken in a maximum of eight (8) working hours. The Court understands that this is a complex case with multiple participants, hence, should Counsel for MetLife need more time to complete each deposition, Counsel for MetLife may so move the Court after an initial attempt to take the depositions in eight (8) hours. Counsel for MetLife is forewarned that the Court will grant additional time for the depositions only if Counsel adequately justifies why more time is needed. This holding applies to the taking of all depositions on the merits, including Defendant D'Angelo. Thus, the Order on Docket No. 211 is modified.

As per Docket Nos. 126 and 138, BCC argues that MetLife has failed to adequately comply with discovery requests served on January 23, 1999. First, the Court holds that MetLife's responses for BCC's requests for admissions must be signed within five (5) days by MetLife's agents, not by

MetLife's counsel. Second, the Court holds that MetLife must answer BCC's interrogatory number 5 by providing the factual basis relied on by MetLife for its October 16, 1996, letter. Third, the Court holds that the answers for interrogatory numbers 7, 9, and 13 have been provided but must be accompanied by a certification by a MetLife agent with personal knowledge of the facts asserted. Likewise, the request for production of documents numbers 4 to 6 must be responded to with a certification by a MetLife agent with personal knowledge of the facts asserted. MetLife has not followed the Rules of Civil Procedure by accompanying its production of documents, admissions or answers to interrogatories with a proper certification (disclaimer of personal knowledge of the facts asserted is insufficient). In complying with discovery requests, including production of documents under Fed. R. Civ. Proc. 34, an agent of the party must sign, not its counsel, and said agent must have personal knowledge of what is being asserted. MetLife's oral motion for reconsideration on this matter is denied. Notwithstanding, MetLife is granted leave to file a written motion for reconsideration as to whether counsel or the party may sign the production of documents submitted. Moreover, BCC's oral motion for sanctions due to MetLife's failure to adequately comply with BCC's discovery requests is denied. Admittedly, MetLife did not adequately comply with BCC's request for discovery. Nonetheless, MetLife did make an attempt to comply and there is an answer on the record; thus, MetLife's conduct is distinguishable from BCC's and does not warrant imposition of sanctions (notwithstanding, prior inclination of the Court to grant lawyers' fees).

As per Docket Nos. 125, 134, 139, 151, and 152, the Court orders MetLife to provide supplemented answers to all discovery requests where reference to the need to "double check" files are made. By now, MetLife has had ample time to double check its files and provide a definite answer to Axtmayer's discovery requests. The Court further orders MetLife to answer request for

admission numbers 1 to 4 according to the requests' text, not to a version of the requests amended by MetLife's counsel. MetLife's counsel is not authorized to unilaterally amend the requests so as to cover a time-frame before MetLife ever spoke to Goldman Antonetti & Córdova. The requests clearly refer to the time period before Goldman Antonetti & Córdova entered the attorney-client relationship with MetLife. That is, "before the engagement" of Goldman Antonetti & Córdova. Further, as to those requests for discovery that refer to the "partnership", MetLife is to answer with the understanding that the term is used loosely as the term employed to establish Defendant's liability before MetLife spoke to Goldman Antonetti and Córdova. MetLife does not need to answer request for admission number 7, as the information demanded is privileged. Notwithstanding, MetLife must properly answer request for admission numbers 8 and 11. Finally, MetLife must revisit Steve Worley's "Statement Under Penalty of Perjury" so as to remove all caveats of lack of personal knowledge or responsibility. MetLife will not be sanctioned for not properly responding to Defendants' requests for discovery, as MetLife did make an attempt to respond (notwithstanding the Court's prior inclination to grant lawyers' fees).

The Court denies BCC's request that MetLife certify whether the documents produced fully address BCC's request for production. MetLife has a continuing obligation to supplement discovery. If new documents are identified, MetLife will produce them. Second, the Court's denies BCC's request that MetLife specify whether the answer to interrogatory number 11 includes Mr. Zitrin, MetLife's in house counsel, since he is a MetLife employee. If BCC requests to pinpoint in house counsel Zitrin, the interrogatory must so specify. Third, counsel for MetLife has stated repeatedly that nobody in MetLife has seen the D'Angelo/CGD files maintained at GA&C. MetLife's declaration includes in house counsel Zitrin.

MetLife has requested a short extension to answer NBC's interrogatory. The Court grants

MetLife's request but forewarns that no additional extensions will be granted.

Axtmayer is to reexamine all documents numbered in Docket No. 206 and advise the Court no later than Monday, April 17, 2000, which are privileged. All remaining documents and all others requested by MetLife are to be Bates stamped and produced within ten (10) days.

The Court Orders counsels for MetLife and Axtmayer to hold a 311 meeting on the question of Axtmayer's time sheets. It the controversy is not resolved, the parties must so advise the Court.

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

S/c: Counsel of record
N \MINUTES\97-2331E MEM