UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

METROPOLITAN LIFE INSURANCE COMPANY,

v.                                                                CASE NUMBER: 97-2331(DRD)

NATIONAL COMMUNICATIONS SYSTEMS,
INC.d/b/a NATIONAL BENEFIT COMMUNICATION, INC., et als.

ORDER

The Court hereby rules as follows:

| Docket No. | Ruling | Title and Date |
|---|---|---|
| 131 | GRANTED IN PART DENIED IN PART | Motion in Compliance with Order Regarding Documents Under Seal, September 7, 1999 |

The documents in question are currently being held in the Court for inspection by Co-defendant John D'Angelo. The documents have not been delivered to Mr. D'Angelo personally because all of the parties had previously agreed to the Court's Order for a simultaneous exchange of documents and Co-defendant Axtmayer has yet to deliver documents requested by MetLife. See Docket No. 201. Co-defendant Axtmayer has now informed the Court that he is ready to deliver all non privileged documents. See Docket No. 218. Accordingly, Counsel Jesús Cuza is Ordered to pick up the CGD file submitted to the Court and deliver it to Co-defendant D'Angelo within twenty four (24) hours. Axtmayer shall simultaneously deliver the documents requested by MetLief.

| 135 | DENIED | Urgent Motion to Compel GA&C to Deliver Documents to Undersigned, September 10, 1999 |

See Ruling on Docket No. 131.

| 141 | DENIED | Response to Frivolous Motion Filed by Benefit Communication of Puerto Rico, Inc.'s Attorney, Titled "Urgent Motion..." and Request for Sanctions |

The Court previously considered and denied Plaintiffs' request in one of the discovery hearings. See Docket No. 186. Said determination is now reaffirmed. Moreover, the Court advises all parties to refrain from unnecessary accusations of ethical misconduct. The Court is

1



well aware of the difficulties being confronted by **all** parties regarding discovery. Still, the Court understands that this is a complex case with very sensitive issues which have affected the parties' cooperation and compliance with discovery. The Court will not take noncompliance with Court Orders lightly, but neither will the Court tolerate personal attacks amongst counsels.

152   **DENIED**                    **Informative Motion and Motion Requesting Sanctions, September 30, 1999**

The Court has repeatedly stated that the controversy regarding Co-defendant Axtmayer's compliance with MetLife's requests for discovery is under advisement. When the controversy is resolved, the Court will determine whether or not sanctions proceed. See also Docket No. 186.

166   **MOOT**                      **Motion for Leave to File Reply and Motion for Extension of Time to Oppose Request for Evidentiary Ruling, November 12, 1999**

See Docket No. 170 granting evidentiary hearing concerning discovery and Docket No. 194 granting in part, mooting in part, Docket No. 166.

188   **GRANTED IN PART**           **Motion Requesting Orders Directed to Plaintiffs'**
      **MOOT IN PART**              **Counsel, February 15, 2000**

Plaintiff filed its opposition to Defendants' Motion to Disqualify on March 28, 2000 (Docket No. 205). Accordingly, Defendants' request for an Order that MetLife Oppose Defendants' Motion to Disqualify is **MOOT.**

Counsel Jesús Cuza has stated for the record that all matters regarding GA&C disqualification must be addressed to the firm's Executive Committee through Vicente Antonetti, Esq., so as to avoid any possible conflicts between Cuza's representation of MetLife and Cuza's access to privileged information regarding Goldman Antonetti & Córdova's (GA&C) prior representation of John D'Angelo, CGD or Boston Mutual. See Docket No. 195.

Counsel Jesús Cuza from GA&C has certified for the record that GA&C has not shared with MetLife or any MetLife employee the files kept and prepared by GA&C or its predecessor under the names of John D'Angelo, CGD, or Boston Mutual. See Docket Nos. 201 & 223. Accordingly, Defendants' request for a certification that GA&C has not shared the aforementioned documents with MetLife is **MOOT.**

> Counsel for Plaintiff is Ordered to desist from pursuing discovery in the name of Plaintiff or GA&C in areas which are known to be protected under an attorney-client privilege. This determination, however, must not be read as implying a finding that Counsel for Plaintiff has, as a matter of fact, pursued discovery of privileged information or documentation.

| | | |
|---|---|---|
| 190 | **NOTED IN PART** **DENIED IN PART** | **Motion for Clarification and Requesting Sanctions, February 28, 2000** |

> The Court has noted the Order of events surrounding the filing of the parties' joint motion. Defendants' request for sanctions, however, is **DENIED**. The Court has previously advised the parties to refrain from making accusations of ethical misconduct each time a disagreement arises between them. Further, the Court advises all counsels to reevaluate their conduct in litigating this case. Clearly, this case is one involving sensitive issues. Notwithstanding, counsels must maintain the highest level of professional conduct, setting aside their personal enmity.

| | | |
|---|---|---|
| 209 | **GRANTED/MOOT** | **Motion for Extension of Time, April 3, 2000** |

> See Docket No. 223.

| | | |
|---|---|---|
| 214 | **MOOT/NOTED** | **D'Angelo Letter, January 21, 2000** |

> See Ruling on Docket No. 131.

| | | |
|---|---|---|
| 215 | **GRANTED** | **Motion for Extension of Time to File Documents, April 14, 2000** |

| | | |
|---|---|---|
| 216 | **GRANTED** | **Motion for Extension of Time, April 18, 2000** |

> In the hearing of April 12, 2000, MetLife was forewarned that its request for an extension would be the last one granted. See Docket No. 223. Notwithstanding, the Court is aware of the holidays and grants Plaintiff's new request for an extension. The Court forewarns Plaintiff, however, that absolutely no further extensions will be granted.

| | | |
|---|---|---|
| 218 | **NOTED** | **Motion Regarding Privileged Documents and Others to be Produced by Co-defendant Axtmayer, April 18, 2000** |

> Co-defendant Axtmayer is hereby Ordered to produce to Plaintiffs within twenty four (24) hours those documents listed in Attachment

A as non privileged documents. As per the production of the allegedly privileged documents, the Court retains the issue under advisement. Given Co-defendant Axtmayer's availability to produce all of its relevant, non privileged documents, Counsel Jesús Cuza is ordered to pick up the CGD file submitted to the Court and deliver it to Co-defendant D'Angelo within twenty four (24) hours. Counsel for Plaintiff is also Ordered to produce to all Defendants within twenty four (24) hours any outstanding documents.

| | | |
|---|---|---|
| 221 | **GRANTED** | **Motion for Extension of Time, April 25, 2000** |

Absolutely no further extensions will be granted.

| | | |
|---|---|---|
| 222 | **MOOT** | **Motion for Extension of Time, April 25, 2000** |

IT IS SO ORDERED.

DATE: May 18, 2000

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

N:\97-2331D MTN

Rec'd:          EOD:

By:             #

4