UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
JUN 21 AM 9: 27
U.S. CLERK'S OFFICE
DISTRICT COURT
SAN JUAN, P.R.

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | * <br> * <br> * |
| Plaintiff | * <br> * |
| v. | * <br> * |
| NATIONAL COMMUNICATIONS SYSTEMS, INC. d/b/a NATIONAL BENEFIT COMMUNICATION, INC., et als. | * <br> * <br> * <br> * <br> * |
| Defendant | * |

CASE NUMBER: 97-2331 (DRD)

\*   \*   \*   \*   \*   \*   \*

**OPINION AND ORDER**

Co-defendants Axmayer, Escudero, Hertell, and Stubbe seek dismissal of Plaintiffs' Complaint for lack of evidence tending to establish any form of privity between MetLife and Co-defendants Axtmayer or Hertell and because pursuant to Plaintiffs' own pleadings such privity is inexistent. (Docket No. 127). In essence, the movants advance that the original Complaint claimed NBC's exclusive liability to MetLife based on a Letter on Intent and promissory notes signed only by NBC and MetLife (Docket No. 1) and that MetLife is barred from amending its original position by claiming that NBC and the appearing Co-defendants' are indeed jointly liable to MetLife, particularly where there are no documents to support this new claim. (Docket No. 38). Further, the appearing Co-defendants argue that they filed a motion for summary judgment after MetLife filed its Amended Complaint but before MetLife filed its Second Amended Complaint and that said motion was never opposed by MetLife (Docket No. 11), thus rendering admitted the statement of

AO 72
(Rev 8/82)

uncontested facts. Finally, the appearing Co-defendants present a substantive challenge to MetLife's Counts 3 to 5, arguing that they are not supported by MetLife's allegations.

Plaintiff, of course, has duly opposed Co-defendants' motion (Docket No. 144).

## I.    Effect of amended pleadings

It is an unquestioned principle of law that an amended pleading supersedes all prior pleadings for all purposes, such that prior pleadings no longer perform any functions in the case and are treated as nonexistent. Bullen v. De Bretteville, 239 F.2d 824, 836 (9th Cir. 1956). See also Buck v. New York Cent. R. R., 275 F.2d 292 (7th Cir. 1960); Lubin v. Chicago Title & Trust Co., 260 F.2d 411 (7th Cir. 1958); Nisbet v. Van Tuyl, 224 F.2d 66 (7th Cir. 1955); Studio Carpenters Local Union No. 946 v. Loew's, Inc., 182 F.2d 168 (9th Cir. 1950); 6 Wright & Miller: Federal Practice & Procedure § 1476 at 556 *et seq*. Consequently, were a plaintiffs' original pleadings are defective, the plaintiff may file an amended pleading to cure those defects and the court is not required to dismiss the suit pursuant to a motion challenging the  defects of the original pleadings.  6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d 1476 at 558.  Indeed, when faced with a motion to dismiss, the Court must limit its review to those allegations contained in the amended pleadings. Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996).  Further, although allegations in a withdrawn pleading may be offered as a party's admissions, these allegations must ordinarily be offered into evidence if they are to be used for this purpose because once superseded they are no longer treated as part of the record. Id.

Pursuant to the above stated legal framework, the Court finds that the appearing Co-defendants' Motion to Dismiss lacks merit because the allegations contained therein were superseded

2

once MetLife filed its Second Amended Complaint. Doyle, 103 F.3d at 190.  Further, the Court

finds that the movants cannot introduce the superseded pleadings as admissions at this time, since

the Court must resolve the pending matter based strictly on the factual allegations, the prior

pleadings being no longer considered as part of the record. See McDonald v. Santa Fe Trail Transp.

Co., 427 U.S. 273, 276, 96 S.Ct. 2574, 2577 (1976); Correa-Martinez v. Arrillaga-Beléndez, 903

F.2d 49, 51 (1st Cir. 1990); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir.

1989); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).  (Consideration of any matters

outside the pleadings would turn the motion into one for summary judgment. See Fed. R. Civ. Proc.

12(c)).[1]  And finally, the Court finds that Co-defendants' motion for summary judgment and its

accompanying statement of uncontested facts was properly superseded by Plaintiff's Second

Amended Complaint.  Hence, even though Plaintiff did not oppose said motion, Co-defendants'

statement of uncontested facts may not be deemed unopposed or admitted.  For all practical

purposes, said statement no longer exists on the record. See McDonald, 427 U.S. at 276, 96 S.Ct.

at 2577; Correa-Martinez, 903 F.2d at 51; Dartmouth Review, 889 F.2d at 16; Vartanian, 14 F.3d

at 700.


## II.     Pleadings are prima facie consistent

Even if, on the alternative, the Court does consider the allegations in Plaintiff's original and

first amended Complaints, the Court finds that there is no inconsistency precluding Plaintiff's

---

[1]This does not mean, however, that Co-defendants are not entitled to use said pleadings
during any stage of the proceedings.  Any Defendant may use Plaintiff's original pleadings as
admissions in support of a motion for summary judgment or to attack the Plaintiff's credibility
later in the process.

amendment. First, Plaintiff's original Complaint included ficticiously named Defendants charged with having made false representations and with having agreed to repay MetLife for the money borrowed by NBC. (Docket No. 1, ¶ 13). Second, although Plaintiff's original Complaint does state claims for breach of contract and tort only against NBC, Plaintiff's original Complaint never stated that NBC was the "exclusive" or "sole" party responsible for the breach or the tort. On the contrary, Plaintiff's original Complaint clearly references potential liability of other Defendants identified with fictitious names even though a claim is not stated against them, thus suggesting that NBC acted on behalf of a partnership. (Docket No. 1, ¶ 7 & 13). And third, Plaintiff's Amended Complaint replaces the ficticiously named Defendants with the here appearing Co-defendants and specifically charges them with defrauding MetLife and partnering with NBC in the contract and transactions referred to throughout the Complaint. Thus, applying the standards for a motion to dismiss and, hence, making all reasonable inferences in favor of the Plaintiff, Doyle, 103 F.3d at 190, the Court finds that Plaintiff has throughout included some allegations against the moving Co-defendants and these allegations are not inconsistent with the Second Amended Complaint.[2]

## III.     Documents supporting pleadings

Co-defendants phrase the threshold question at this time as follows: "what admissible evidence does MetLife have to sustain the conclusory allegations contained in the Second Amended

---

[2]Granted, Plaintiff's initial allegations against the movants were extremely limited, vague, and might not have been enough to survive a motion to dismiss. Notwithstanding, allowing defects such as this to be cured is precisely one of the principal purposes of allowing amendments to the pleadings, 6 Wright & Miller: Federal Practice & Procedure § 1473 at p. 520, and the Court finds that Plaintiff have adequately cured the omission.

4

Complaint against Axmayer and Hertell?" Docket No. 157 at 3. Co-defendants then accuse Plaintiff of not having produced "a single document, in or out of the record, that ties Axmayer and Hertell to the loan on which MetLife disbursed funds." Id. at 6. And finally, Co-defendants point out that Plaintiff has not alleged the terms of any contract between MetLife and the movants, the contract's duration nor when the contract was consummated.

In alleging the above argument, Co-defendants overlook a fundamental point that will be rehashed throughout this Opinion and Order, i.e., that at the motion to dismiss stage the Court must take as true all factual pleadings, Doyle, 103 F.3d at 190 ("We accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor.'"), thus making it unnecessary to examine what admissible evidence a party has to sustain its allegetions. Co-defendants are, of course, free later to file a motion for summary judgment once discovery has been completed, at which time the movants can question the existence of evidence that may support Plaintiff's allegations. The motion to dismiss stage, however, is not the proper time to make the argument of lack of evidence. Further, although Co-defendants state that Plaintiff failed to provide details as to the contract which allegedly existed between MetLife and the appearing Co-defendants, the Court finds that MetLife has sufficiently complied. Making all reasonable inferences in favor of MetLife, the Court reads the Second Amended Complaint as alleging that the Letter of Intent was entered into by NBC on behalf of all the Defendants and the Complaint does describe said Letter of Intent with enough specificity as to meet the First Circuit Court of Appeal's pleading requirements enabling the court to determine the basis of the Plaintiff's claim. Id. at 194-195.

AO 72
(Rev 8/82)

## IV.     Incorporation of documents that support pleadings

Although at the motion to dismiss stage the Court does not ordinarily examine documents which may or may not support a claimant's pleadings, see discussion *supra*, there is an exception to this rule. Under <u>Beddall v. State Street Bank and Trust Co.</u>, 137 F.3d 12, 17 (1st Cir. 1988), the Court may examine any documents which are expressly linked to the claimant's factual allegations even if those documents are not appended to the Complaint nor incorporated therein by explicit reference.[3] Therefore, the Court may proceed to examine the contents of the Letter of Intent and the promissory notes signed by NBC and MetLife. Still, even after doing so, the Court reaffirms its finding that Plaintiff has stated valid claims against the movants. That is, although the Letter of Intent and the promissory notes do not mention or include as signatories any of the movants, thus suggesting that Plaintiff contracted only with NBC, Plaintiff's allegations, taken as true for purposes of Co-defendants' motion to dismiss, <u>Doyle</u>, 103 F.3d at 190, do support Plaintiff's claims without contradicting either the Letter of Intent or the promissory notes. See Docket No. 38. Making all reasonable inferences in favor of Plaintiff, as the Court is obligated to do at motion to dismiss stage, <u>id.</u>, the Second Amended Complaint can be read as claiming that NBC acted on behalf of the partnership that had been formed between NBC and the appearing Co-defendants, not simply on

---

[3]The viability of a complaint's allegations "should not be hamstrung simply because the plaintiff fails to append to the complaint the very document[s] upon which *by her own admission* the allegations rest." <u>Beddall</u>, 137 F.3d at 17. Hence, this Court may consider documents which have not been appended to the Complaint nor incorporated therein by explicit reference, so long as the complaint's factual allegations are expressly linked to those documents and the documents' authenticity is not challenged. <u>Id.</u> Based on Plaintiff's allegations, the documents that the Court can consider under <u>Beddall</u> are the Letter of Intent and the promissory notes signed by NBC and MetLife. These documents were not appended to Plaintiff's Complaint but certainly may serve to substantiate as the basis of Plaintiff's allegations.

AO 72
(Rev 8/82)

behalf of NBC itself.[4]  On the alternative, Plaintiff's allegations can be read as claiming that NBC's corporate veil will be pierced and the appearing Co-defendants will be held personally liable for NBC's contracts.  In either case,  Plaintiff's allegations state valid claims against the movants.

## V.    Co-defendants Axtmayer and Hertell's participation in the MetLife contract

Having found that Plaintiff's Second Amended Complaint is the only relevant pleading at this time and that said Complaint is not necessarily inconsistent with the Letter of Intent and the promissory notes, the Court examines Plaintiff's pleadings in light of the First Circuit Court of Appeals' standards for a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(c). Pursuant to said rule, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

In reviewing a motion for judgment on the pleadings, the district court must (1) accept all of the nonmoving party's well-pleaded factual averments as true, and (2) draw all reasonable

---

[4]Note that Plaintiff explicitly states in the Second Amended Complaint that MetLife "loaned the Partners [*i.e.* Miller, D'Angelo, Axtmayer and Hertell], through NBC, a substantial amount of money." Further, Plaintiff accompanied the Second Amended Complaint with documents that support Plaintiff's allegations that the Partners were participants to the contract and the transaction at issue. For example, the Second Amended Complaint's first exhibit is a letter in which D'Angelo makes reference to his Puerto Rico partners, presumptively D'Angelo, Axtmayer and Hertell, by stating: "I speak for my partners on the island when I say that we view our relationship with MetLife as a partnership." (Exhibit 1). Further, the Second Amended Complaint's second exhibit is a memorandum from D'Angelo to Axtmayer wherein D'Angelo discusses the particulars of MetLife's financial package. And finally, the Second Amended Complaint's third exhibit is a letter wherein Thomas M. Jackson of MetLife supplements a conference held between himself, Bob Rogers, D'Angelo, Hertell, Axtmayer, and D'Angelo and wherein MetLife alleges that a number of parties, including the Partners, are jointly and severally liable to MetLife. These exhibits, although not conclusive, certainly contribute to MetLife's allegations.

AO 72
(Rev 8/82)

inferences in his or her favor. <u>Rivera Gomez v. Adolfo de Castro</u>, 843 F.2d 631, 635 (1st Cir. 1988) (citations omitted). <u>See also</u> <u>Doyle</u>, 103 F.3d at 190. Judgment on the pleadings is then entered according to said pleadings unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of his or her claim which would entitle him or her to relief. <u>Id.</u> <u>See also</u> <u>Santiago de Castro v. Morales Medina</u>, 943 F.2d 129, 130 (1st Cir. 1991); <u>Feliciano v. State of R.I.</u>, 160 F.3d 780, 788 (1st Cir. 1998).

Taking MetLife's allegations in the Second Amended Complaint as true for the purpose of Co-defendants' motion to dismiss and making all reasonable inferences in MetLife's favor, the Court finds that MetLife has alleged sufficient facts to support its claims for breach of contract against the moving Co-defendants. As per Plaintiff's allegations in the Second Amended Complaint (Docket No. 38), Co-defendants Miller and D'Angelo approached and persuaded MetLife (1) to underwrite certain insurance business that Miller, D'Angelo, Axtmayer and Hertell (hereinafter "the Partners") claimed to have in Puerto Rico and (2) to advance the Partners certain loans. (<u>Id.</u>, ¶ 14). In this process, the Partners knowingly and maliciously misrepresented to MetLife (1) that there were legitimate and guaranteed business opportunities that would warrant the loans requested and (2) that the loans would solely be used to cover specific and actual sale, marketing and enrollment expenses. (<u>Id.</u>, ¶ 15). Relying on said representations, MetLife then agreed to (1) allow its life insurance products to be marketed by the Partners to the Partners' clients' employees and (2) loan substantial amounts of money to the Partners in order for them to cover the expenses related to sale, marketing and enrollment. (<u>Id.</u>, ¶ 16). After having spent considerable amounts of money towards its business with the Partners and lending the Partners, through Co-defendant NBC, $772,075.00, MetLife learned that the business represented to exist by the Partners was at best ephemeral, if at all existent,

8

and that the money loaned was used by the Partners for personal matters or matters unrelated to the purpose for which the money was loaned.  (Id., ¶ 17 and 18).  These allegations, taken as true for purposes of Defendants' motion to dismiss, suffice to justify denial of the dismissal at the Motion to Dismiss stage.[5]

## IV.    Fraud allegations

The appearing Co-defendants are correct in stating that Plaintiff failed to allege fraud with the particularity required by FED. R. CIV. PROC. 9.[6]  Rule 9 requires a plaintiff invoking fraud to plead with particularity the "circumstances constituting fraud," meaning that "the complaint must set forth 'specific facts that make it reasonable to believe that defendant[s] knew that a statement was materially false or misleading.'" Serabian v. Amoskeag Bank Shares, Inc., 24 F.3d 357 (1st Cir. 1994) (citations omitted).  Further, in order to survive a motion to dismiss for failure to plead fraud with particularity, the plaintiff must have included specific pleadings as to time, place and contents of the false representations, as well as the identity of the person or persons making the

---

[5]The Court's decision is further supported by the letters attached to MetLife's Second Amended Complaint, which letters are "merged into the pleadings" and can be considered for purposes of Co-defendants' motion for judgment on the pleadings without turning the motion into a motion for summary judgment.  Beddall, 137 F.3d at 17.

[6]In federal diversity cases involving claims of fraud, state law governs all issues related to the substantive elements of fraud and the burden of proving fraud at trial.  P.C.M.E. Commercial, S.E. v. Pace Membership, 952 F.Supp. 84, 88 (D.P.R. 1997) citing Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938); Borschow Hosp. & Medical v. Castillo, 96 F.3d 10, 15 (1st Cir. 1996); Hopgood v. Merrill Lynch, Pierce, Fenner & Smith, 839 F.Supp. 98, 104 (D.P.R. 1993); Marina Industrial, Inc. v. Brown Boveri Corp., 114 P.R. Dec. 64, 72 (1983).  Federal law, however, governs the procedural requirements for pleading fraud.  Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985).

9

misrepresentation and what the person or persons obtained thereby. See McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228-229 (1st Cir. 1980); Verrechia v. Paine, Webber, Jackson and Curtis, 563 F.Supp. 360, 363 (D.P.R. 1982).[7]  Plaintiff has failed to meet these requirements.  The Second Amended Complaint does not identify the specific Co-defendant(s) which made false representations or the time, place, context or circumstances in which the representations were made. Instead, the Complaint simply makes general allegations of fraud "by the Partners" occurring "between early to mid 1995 and September of 1995." See Docket No. 38, ¶ 15-18, 30, 39, 40, 41, 42.  Plaintiff's claims for fraud are, therefore, **DISMISSED WITH PREJUDICE**.

V.     **Dolus allegations**

    A. **Pleading requirement**

       Under Puerto Rico's contract law, fraud which affects a contracting party is commonly referred to as "dolo" or deceit, Fournier v. Eastern Airlines, Inc., 655 F.Supp. 1037, 1038-1039 (D.P.R. 1987), and can be manifested in one of two situations, Márquez v. Torres Campos, 111 D.P.R. 854, 863, Vol. 11 P.R. S.Ct. Official Trans. 1085, 1056 (1982).  First, "dolo" can be manifested in the "formation" of a contract where a party obtains the consent of another through deceptive means.  See P.R. Laws Ann. tit. 31, §§ 3404 to 3409. See also P.C.M.E. Commercial v. Pace Membership Warehouse, Inc., 952 F.Supp. 84, 92 (D.P.R. 1997).  Second, "dolo" can be

_____

[7]The First Circuit Court of Appeals applies these requirements strictly.  New England Data Services v. Becher, 829 F.2d 286, 288 (1st Cir. 1987).  "[M]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusory to satisfy the particularity requirement, no matter how many times those accusations are repeated."  Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir. 1985) (citations omitted).

AO 72
(Rev 8/82)

manifested in the "performance" of a contractual obligation where a party, knowingly and intentionally, through deceitful means, avoids complying with its contractual obligation. See P.R. Laws Ann. tit. 31, §§ 3018 & 1019. See also Márquez, 111 D.P.R. at 863, Vol. 11 P.R. S.Ct. Official Trans. at 1097. In the case at bar, Plaintiff appears to be alleging the first. Notwithstanding, in either manifestation "dolo", like fraud, is not to be presumed and must be proven by the person making the pleading. Miranda Soto v. Mena Ríos, 109 D.P.R. 473, 478, Vol. 9 P.R. S.Ct. Official Trans. 628, 634 (1980); Canales v. Pan American, 112 D.P.R. 329, 338, Vol. 12 P.R. S.Ct. Official Trans. 411, 423 (1982); Citibank v. Dependable Ins. Co., Inc., 121 D.P.R. 503, 519, Vol. 21 P.R. S.Ct. Official Trans. 496, 512 (1987). See in general Manresa, Comentarios al Código Civil Español, 6ta ed., Madrid, Ed. Reus, 1967, T. 8, Vol. 1, pgs. 172, 209-211.

Notwithstanding the above, fraud and "dolo" are not synonymous concepts and must not be treated as such by this Court. Although the distinction is subtle, Puerto Rico's Supreme Court has described "dolo" as the genus and fraud as one of several species alongside with deceit, false representations, undue influence, and other insidious machinations. Márquez, 111 D.P.R. at 863, Vol. 11 P.R. S.Ct. Official Trans. at 1096.[8] It follows, then, that a fact pattern involving contract fraud will always involve "dolo", but a fact pattern involving "dolo" will not always involve fraud. The concept of "dolo", therefore, includes fraud as its most heightened species, but also includes other less heightened modes such as "undue influence" and "insidious  machination". Indeed,

---

[8]Further, critical to the Court's final determination, in more recent cases the Supreme Court of Puerto Rico has repeatedly enumerated fraud and "dolo" as distinct concepts with similar consequences upon the validity of a contract. See Ortiz Nieves v. Union Carbide Grafito, Inc., 99 T.S.P.R. 108, * 8, 146 D.P.R. ___ (1999); Colón v. Promo Motor Imports, Inc., 97 T.S.P.R. 148, * 9, 144 D.P.R. ___ (1997); Velco v. Industrial Service Apparel, 97 T.S.P.R. 71, * 5, 142 D.P.R. ___ (1997); Fernández v. Fernández, 97 T.S.P.R. 8, * 4 & 13, 142 D.P.R. ___ (1997).

AO 72
(Rev 8/82)

"dolo" may be manifested by the presence of malice or intent without accompanying false representations, belief in false representations, or detrimental reliance. Such would be the case of a party who contracts or performs a contract through undue influence or with insidious machinations, but not with falsity or fraud. Thus, the subtle difference between "dolo" and fraud cannot be overlooked and is determinative when applied to the pleading requirements under Rule 9(b).

The Court has examined both federal and Puerto Rican jurisprudence and treatises in search of some direction that will allow the Court to conclude whether or not Rule 9(b) applies to all allegations involving the modes of "dolo" falling short of fraud. For the most part, however, the Court's search has been disappointing. First, the Court examined Puerto Rico's pleading requirement, hoping to find that the difference between "dolo" and fraud had been addressed. Unfortunately, the Court found that Puerto Rico's pleading requirement for cases involving fraud is set forth in terms which are identical to the federal pleading requirement, overlooking the existence of the Civil law concept of "dolo". To wit, Rule 7.2 of the Puerto Rico Rules of Civil Procedure states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated in detail. Malice, intent, knowledge, and any other attitude or condition of the mind of a person may be averred in general terms.

P.R. Laws Ann. tit. 32, App. III, R 7.4.

Second, the Court examined Puerto Rico's treatises and jurisprudence hoping to find a discussion of this legislative oversight. Notwithstanding, the Court found that Puerto Rico's jurisprudence and treatises have limited their discussion of this rule to instances where the term fraud is used. This Court did not find a single case in which Puerto Rico's Supreme Court discusses the application of Rule 7.2's pleading requirement to allegations of "dolo", nor a case in which the Court

12

distinguished between the application of Rule 7.2 to allegations of fraud and the non-application of Rule 7.2 to allegations of "dolo". Further, this Court was also frustrated in its search for a treatise on Puerto Rico's Civil Procedure which embarked in this highly specialized, but critical task. Due to this lack of direction, this Court was forced to undertake the task unaided. The Court has made inferences from what little guidance Puerto Rico's jurisprudence and treatises have provided and has reached its own conclusions stemming from the differences between "dolo" and fraud and a narrow interpretation of Rule 9(b)'s exceptional pleading requirement.

Following Wright and Miller, the Court finds that "[b]y its terms, the particularity requirement in Rule 9(b) applies only to averments of fraud. Since the rule is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the federal rules, its scope of application should be construed narrowly and **not extended to other legal theories or defenses**." 4 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1297 at 615 (2d ed. 1990) (emphasis added). Further, the Court finds that the concept of fraud which is present in Rule 9(b) is that which has been traditionally accepted, meaning that there is fraud where there is (1) a false representation of a material fact; (2) knowledge of or belief in the representation's falsity by the person making it; (3) belief in the representation's truth by the person to whom the representation is made; (4) intent that the representation should be acted upon; and (5) detrimental reliance upon the representation by the person claiming to have been deceived. Id. at pgs. 584-589. See also Wadsworth, Inc. v. Schwarz-Nin, 951 F.Supp. 314, 323 (D.P.R. 1996); F.C. Imports v. First Nat. Bank, 816 F.Supp. 78, 87 (D.P.R.1993); In re Las Colinas, Inc., 294 F.Supp. 582 (D. Puerto Rico 1968); Monclova v. Financial Credit Corp., 83 P.R.R. 742, 747-748 (1961); Carrasquillo v. Lippitt & Simonpietri, 98 P.R.R. 659, 669 (1970). Of all the species comprising

13

Puerto Rico's "dolo", only fraud meets this description.   That is, where only false representations, undue influence, or other insidious machinations are present, the elements of fraud are not met even though there is present the Civil Code term of "dolo".   Consequently, until otherwise directed by the appropriate authorities, only when a party's pleadings of "dolo" involve the elements of fraud as set forth above, will this Court require that party's pleadings to meet the specificity requirements of Rule 9(b).   In all other instances, the Court will follow the federal rules' general pleading requirement.

### B.  Application to facts

The Court has examined the Second Amended Complaint and finds that Plaintiff's pleadings of dolus do, as a matter of fact, involve the elements of fraud.  Plaintiff has alleged that MetLife relied on the Partners' knowing and malicious misrepresentations (1) that there were legitimate and guaranteed business opportunities that would warrant the loans requested and (2) that the loans would be used to cover sale, marketing and enrollment expenses (Docket No. 38, ¶ 15-16).  MetLife, however, has not stated the specific circumstances of the Partners' alleged misrepresentations.  Accordingly, the Court's prior finding that Plaintiff did not meet Rule 9(b)'s pleading requirements is controlling and hereby reaffirmed.   Plaintiff's claim for dolus is **DISMISSED WITH PREJUDICE.**


## VI.     Claim of unjust enrichment

Co-defendants advance that Plaintiff's allegations of a contract with the movants defeat Plaintiff's allegations of unjust enrichment.  Plaintiff, however, is entitled to plead alternative theories of recovery and allege inconsistent facts.  Indeed, Rule 8(e)(2) specifically reads: "A party

14

may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." Nowhere in this rule is there a requirement that the Plaintiff announce its intention to make alternative pleadings; nor have the movants convincingly identified the source of such a requirement. That being the case, the Court finds that Plaintiff did not have to identify its intention to base its claims on alternative theories.

Defendants also argue that Plaintiff has failed to establish a direct connection between Plaintiff's alleged impoverishment and Defendants' enrichment because the funds that supposedly enriched Defendants were delivered to NBC, not to the movants, thus not meeting the requirement that Plaintiff's impoverishment result from the Co-defendant's direct acts. Co-defendants, however, overlook Plaintiff's allegations in paragraphs 33 to 36, wherein MetLife specifically alleges that the Partners unjustly obtained income and other benefits which properly belonged to MetLife, and in paragraph 18, wherein MetLife specifically alleges that it loaned money to the Partners through NBC. (Docket No. 38). Taken as true for the purposes of a motion to dismiss and making all reasonable inferences therefrom, Doyle, 103 F.3d at 190, these allegations are sufficient to support Plaintiff's claim for unjust enrichment. Accordingly, Plaintiff's claim on unjust enrichment, which is a cause of action recognized under Puerto Rican law, P.R. Laws Ann., tit. 31 § 5091; Hatton et al. v. Municipio de Ponce, 134 D.P.R. 1001 (1994), cannot be dismissed on the above grounds.

## VI.     Claim of embezzlement

The appearing Co-defendants correctly argue that loan proceeds may not be embezzled from the lender by the borrower since "loan proceeds do not remain the property of the lender." U.S. v. Kristofic, 847 F.2d 1295, 1296 (7th Cir. 1988) (see ensuing discussion and cases therein). See also

15

P.R. v. Rodríguez Escobar, 66 D.P.R. 317, 326 (1946); U.S. v. Ross, 131 F.3d 970, 981-982 (11th Cir. 1997). Hence, having MetLife argued that the partners misused funds obtained from NBC as borrowers (Docket No. 38, ¶ 39 and 42), MetLife's claims for embezzlement are **DISMISSED WITH PREJUDICE.**

## VII.    Alter ego

Co-defendants argue that Plaintiff's claim to pierce NBC and BCC's corporate veils cannot be supported by the evidence and the allegations before the Court. Co-defendants, however, again forget that the Court is adjudicating a motion to dismiss, wherefore all allegations must be taken as true and all reasonable inferences made in favor of the nonmovants. Doyle, 103 F.3d at 190. Applying this standard, the Court finds that Plaintiff has met the pleading requirements to support this claim. Plaintiff specifically alleged that "the Partners are and have acted as alter ego of the two corporations mentioned, in that they individually and collectively have conducted, and/or managed, and/or controlled the affairs of NBC and BCC since their inception, as though NBC and BCC were each of their own businesses." Docket No. 38, ¶ 47. Plaintiff further alleged that "defendants NBC and BCC were and are mere sham corporations and were organized and/or operated as the alter egos of the individual defendants D'Angelo, Miller, Axtmayer and Hertell, for their personal benefit and advantage," Id., ¶ 48; "defendants D'Angelo, Miller, Axtmayer and Hertell have, at all relevant times, exercised total dominion and control over the corporate defendants NBC and BCC," Id., ¶ 49; "proper corporate formalities were and are not followed in the operation of defendants NBC and BCC," Id., ¶ 50; "proper records of NBC's or BCC's corporate status do not presently exist," Id., ¶ 51. These allegations meet the general pleading requirements for a claim to pierce a corporate veil.

16

<u>Peguero v. Hernández Pellot</u>, __ D.P.R. ___, 1995 WL 905624, * 9 (1995); <u>González vs. Saint Just Corp.</u>, 101 D.P.R. 168 (1973); <u>San Miguel vs. P.R. Dry Dock</u>, 94 D.P.R. 424 (1967) <u>Cruz vs. Ramírez</u>, 75 D.P.R. 947 (1954).

**VIII.  Conclusion**

For the above stated reasons, Co-defendants' motion to dismiss is **DENIED** in part, **GRANTED** in part.  Count II and Count IV of Plaintiff's Second Amended Complaint are **DISMISSED WITH PREJUDICE** for failure to plead fraud and dolus with particularity and for failure to state a claim for embezzlement.  All other claims survive the motion to dismiss challenge.

IT IS SO ORDERED.

DATE: June _19_ , 2000

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

N:\97-2331C DIS

| Rec'd: | EOD: |
|---|---|
| By: | # |

17

AO 72
(Rev 8/82)