UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

METROPOLITAN LIFE INSURANCE
COMPANY,

v.                                                                   CIVIL NO. 97-2331 (DRD)

NATIONAL COMMUNICATIONS SYSTEMS,
INC. d/b/a NATIONAL BENEFIT
COMMUNICATION, INC.,

## ORDER

Pending before the Court is Plaintiff's Motion in Compliance with Court Order Regarding Axtmayer's Outstanding Answers to Interrogatories. (Docket No. 129). Defendant filed an opposition to Plaintiff's motion on September 13, 1999. (Docket No. 134). Having reviewed Plaintiff's motion, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion. The Court rules as follows:

(1) The Court **GRANTS** Plaintiff's motion as to a more specific answer to Interrogatory Nos. 2, 3, 5, 8, 11, 12, 15, 19, 21 and 24. Plaintiff alleges that in said interrogatories Defendant Axtmayer's continuous reference to "his statement attached to the Motion for Summary Judgment" (Docket No. 129), fails to comply with Rule 33(d) of the Federal Rules of Civil Procedure, because the attached statement is not a business record. (Docket No. 129). Pursuant to Rule 33(d), "the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records . . ." Fed. R. Civ. P. 33(d). The Court agrees with Plaintiff, that Axtmayer's attached statement is not a business record. It has been established that Rule 33(d) does not encompass materials such as deposition transcripts and other items derived from litigation, because they are not the types of records section (d) allows for a party to designate as a proper answer. See Continental Illinois National Bank & Trust Co. v. Caton, 136 F.R.D. 682, 687 (D.C. Kan. 1991).

In addition, the answers and supplemental answers to Interrogatory Nos. 8, 11, 12 and 15, where Axtmayer refers Plaintiffs to BCCPR's accounting records, do not satisfy Rule 33(d). The rule is only satisfied when the party answering interrogatories refers to information based on business records, that is properly identified by serial number, explained how the information could be found, and provided "reasonable assistance" to the party seeking discovery. Puerto Rico Aqueduct and Sewer Auth. v. Clow Corp., 108 F.R.D. 304, 307 (D.P.R. 1985). In his answers and supplemental responses, Axtmayer referred Plaintiffs to BCCPR's accounting records, without "specifying with sufficient particularity and certainty" the location of the information in the documents or "how the information can be found in the documents." Id. at 307. Therefore, Axtmayer must provide specific answers to Interrogatory Nos. 2, 3, 5, 8, 11, 12, 15, 19, 21, and 24.

(2) The Court **GRANTS** Plaintiff's Motion as to Interrogatory Nos. 6, 16 and 17. Axtmayer objected to the interrogatories claiming that the information requested is

"personal information of a private nature," an "unjustified invasion of privacy," and/or interferes "with Axtmayer's right to privacy and association." (Docket Nos. 129, Interrogatory Nos. 6, 16, 17). Pursuant to Fed. R. Civ. P. 26(b)(1) a party may "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ." Nothing in the facts seems to indicate that the information Axtmayer claims to be "personal" and/or "private" is privileged. Therefore, Defendant must fully answer Interrogatory Nos. 6, 16 and 17.

(3) The Court **GRANTS** Plaintiff's Motion as to Interrogatory No. 18. Axtmayer alleges in his response that the "interrogatory's purpose seems to be to gather information in order to interfere with Axtmayer's professional and personal affairs." (Docket No. 129). As previously stated, Rule 26 (b)(1), permits a party to "obtain discovery regarding any matter, not privileged, which is relevant to te subject matter involved in the pending action. . ." Fed. R. Civ. P. 26 (b)(1). The information regarding Axtmayer's finances in not privileged and is relevant[1] to the subject matter involved in this case. Therefore, Defendant must fully answer Interrogatory No. 18.

(4) The Court **GRANTS** Plaintiff's Motion as to Interrogatory No. 7. Pursuant to Rule 33(b)(1), "[e]ach interrogatory shall be answered separately, and fully in writing." Fed. R. Civ. P. 33(b)(1). Therefore, Defendant must provide a responsive answer to Interrogatory No. 7, delineating the business and/or professional relationships Axtmayer had with the parties identified in Interrogatory No. 13.

(5) The Court **DENIES** Plaintiff's motion as to Interrogatory No. 20. The Court finds that the answers provided by Axtmayer in the above mentioned interrogatories are complete.

**(6) All Interrogatories are to be answered within (30) days. No extensions are to be granted. Non compliance shall risk serious sanctions. The Interrogatory answers shall be notified to current counsel for Plaintiff if no new counsel has appeared.**

(7) The Court **GRANTS** Plaintiff's request for Defendant to pay expenses incurred in making Plaintiffs Motion in Compliance with Order Regarding Axtmayer's Outstanding Interrogatories and two prior motions to compel. Pursuant to Rule 37(a)(4)(A) "[i]f the motion is granted or if the disclosure or requested discovery is provided, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(4)(A). In addition, "[t]he sanctions available to a trial judge under the Fed. R. Civ. P. are discretionary." General Dynamics Corp. v. Selb Manufacturing Co., 481 F.2d 1204, 1211 (8th Cir. 1973). See Wright, Miller & Marcus, Federal Practice and Procedure Civil 2d § 2281.

According to the facts of this case, on January 7, 1998, Plaintiff served Axtmayer with the "Fist Set of Interrogatories" and "Request for Production of Documents." (Docket No. 129). Axtmayer failed to answer the interrogatories. (Docket No. 129). Plaintiff tried in "good faith to resolve th discovery dispute with Axtmayer without court

---

[1] The Court reminds Defendant that relevancy at the discovery stage is quite wider than at trial. See Puerto Rico Aqueduct and Sewer Auth. v. Clow Corp., 108 F.R.D. 304, 311 (D.P.R. 1985).

intervention by invitations to Local Rule 311" and by sending letters to defendant to resolve discovery disputes. (Docket No. 129, Exhibits A and B). Plaintiff, on February 25, 1998, filed a Motion Requesting Order to Compel Discovery, Request for Sanctions, and Request for Special Order, which was denied by the Court. (Docket No. 14). On May 30, 1998, the Court denied as moot defendant's Motion for Summary Judgment and stated that "all parties are encouraged to cooperate in resolving all discovery related matters." (Docket No. 37). Between the dates of June 9, 1998 and August 10, 1998, Plaintiff attempted to obtain answers to discovery by sending Defendant letters, but to no avail. (Docket No. 129, Exhibits D, E, F, G).

On August 26, 1998, Plaintiff filed another Motion to Compel Discovery. (Docket No. 66). At the Initial Scheduling Conference held on August 27, 1998, the Court ordered Defendants Axtmayer and Hertell to react to the information provided by D'Angelo and to produce by August 31, 1998, accounting records. (Docket No. 68). On September 9, 1998, Plaintiff filed an Informative Motion information the Court of Axtmayer's failure to adhere to the Court's Order. (Docket No. 69). In addition, on October 9, 1998, Plaintiff filed a Motion for Order of Contempt of Court (Docket No. 72), which Defendant Axtmayer never filed an opposition to. Plaintiff states that in a hearing held by the Court on December 18, 1998, the Court noted that "some answers given [by Axtmayer] are not very specific" and that Axtmayer's counsel had to "re-examine the answers given because they could be more detailed." (Docket No. 129). In the same hearing, the Court granted Axtmayer three days, to supplement the answers already given. (Docket No. 89). Plaintiff alleges that "[n]otwithstanding the Court's explicit instructions to make answers specific, Axtmayer failed to do so . . ." (Docket No. 129). The Court agrees with Plaintiff, and orders Axtmayer to pay the expenses incurred in making Plaintiff's Motion in Compliance with Order Regarding Axtmayer's Outstanding Interrogatories and two prior motions to compel, pursuant to Fed. R. Civ. P. 37(a)(4)(A).

Hence, current counsel for MetLife (Goldman, Antonetti & Cordova, P.S.C.), is to certify with the Court within (10) days of notice of this order the proposed rate of lawyer's fees, and amount of time dedicated and the costs incurred in efforts towards obtaining the answers to interrogatories.[2] MetLife is to follow the criteria set forth in Coutin v. Young and Rubicam Puerto Rico, Inc., 124 F.3d 331 (1st Cir. 1997).

**IT IS SO ORDERED.**

Date: August 31, 2000

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

[2] The Court is well aware that the firm Goldman, Antonetti & Cordova, P.S.C. has been disqualified; however, this current discovery controversy occurred during the tenure of the Goldman firm and they are best qualified to inform the Court of the hours invested in attempting to obtain adequate answers to the objected interrogatories.