UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
01 FEB 12 AM 8:22
CLERK'S OFFICE
SAN JUAN, P.R.

METROPOLITAN LIFE INSURANCE CO.,
v.
NATIONAL COMMUNICATIONS SYSTEMS, INC.

Civ. No. 97-2331 (DRD)

## ORDER

Pending before the Court are Docket Nos. 217, 226, 228, 232, 236, 237, 240, 244, 245, 248, 249 and 252. The Court rules as follows:

| Docket No. | Ruling | Title and Date |
|---|---|---|
| 217 | DENIED | Motion for Protective Order and for Plaintiff to Justify Use of Discovery, April 18, 2000. |

Defendants state in the motion that plaintiff should not be allowed to take depositions of defendants, José Axtmayer ("Axtmayer") and Hans H. Hertell ("Hertell") "in light of the procedural status of the two most important motions pending adjudication: the motion for dismissal on the pleadings filed by the appearing defendants September 7, 1999, and the Motion to Disqualify filed by these defendants on September 29, 1999." (Docket No. 217). Further, defendants request the Court to issue a protective order to protect the above mentioned parties from discovery. (Docket No. 217). In light of the fact that the "two most important pending motions" have been adjudicated by the Court, specifically, the disqualification issue, defendants' motion is **DENIED**. The depositions are stayed pending plaintiff's retaining new counsel. Thereafter, the depositions may proceed expeditiously.

| 226 | DENIED | Motion Requesting Order Concerning Interrogatories Served by BCCPR, April 28, 2000. |
|---|---|---|

Defendant, Benefits Communications Corporation ("BCC"), requests the Court permission to exceed the established twenty five maximum number for interrogatories. Plaintiffs opposed said motion. Defendant, BCC states that the information sought is relevant and that the answers and documents requested will be helpful and countering Metropolitan Life Insurance Company's ("MetLife"), claims. Pursuant to Fed.R.Civ.P. 33(a), written interrogatories may not exceed 25 in number. According to plaintiff's opposing motion, "BCC's second interrogatories and request for production of documents flagrantly contain fifty-five (55) questions and/or requests and one hundred and thirty-one (131) sub-parts, for a total of one hundred and eighty-five (185) questions and/or requests." (Docket No. 230). The Court finds that pursuant to Fed.R.Civ.P. 26(b)(2), the request is burdensome and "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." In addition, the Court finds that BBC's reasons for an enlargement of the allowed number of interrogatories fails to meet

the burden of justifying additional discovery under Fed.R.Civ.P. 33(a) and 26(b)(2). Therefore, defendant's motion is **DENIED**.

| | | |
|---|---|---|
| **228** | **MOOT** | **Motion Requesting Extension of Time Regarding Supplemental Answers, May 5, 2000.** |
| **232** | **NOTED** | **Motion Correcting Opposition to Motion, May 22, 2000.** |

Plaintiff filed an opposition to co-defendant, BCC's motion requesting order concerning interrogatories. Plaintiff's motion to correct the motion in opposition states "[i]n plaintiff's opposition motion, plaintiff inadvertently stated in footnote 6 that BCC's production of documents started at bate stamp number 3000. Plaintiff found BCC documents bate stamp from 1 to 706 and from 2000 to 2098." (Docket No. 232). Further, "[p]laintiff is in the process of reviewing the same to see if the 2000 to 2047 are responsive to Plaintiff's First Set of Interrogatories." The correction is **NOTED**.

| | | |
|---|---|---|
| **236** | **GRANTED** | **Motion Requesting Leave to File a Reply, July 6, 2000.** |
| **237** | **DENIED** | **Motion Requesting that MetLife be Held in Contempt of Court and that the Letter Dated October 16, 1996 be Stricken From the Record, July 13, 2000.** |

Contrary to what defendant, BCC claims, MetLife did supplement its answer to Interrogatory No. 5. See Docket No. 238; Exh. B. In addition, the Court agrees with plaintiff in that regarding the October 16 letter, the Federal Rules of Civil Procedure allow for defendant to depose the author of the letter, Mr. Thomas Jackson. Therefore, defendant's motion is **DENIED**.

| | | |
|---|---|---|
| **240** | **GRANTED in part/ DENIED in part** | **Motion for Entry of Default, August 14, 2000.** |

Plaintiff seeks an entry of default against co-defendant BCC. Defendant BCC has filed an opposition. In the motion plaintiff states that: 1) BCC never answered nor objected within the time provided under Fed.R.Civ.P. 33 to the First Set of Interrogatories served January 7, 1998; 2) at a discovery hearing held on April 12, 2000, the court ordered BCC to answer all interrogatories served by MetLife within ten (10) days and 3) BCC did not comply with the Court's order and provided incomplete, inadequate and unresposive answers. (Docket No. 240). Based on the above mentioned factors, plaintiff requests the Court to enter judgment by default against BCC, order BCC to properly answer the discovery served, and reimburse plaintiff attorneys' fees incurred as a result of the motion for entry of default motion. (Docket No. 240).

Pursuant to Rule 33(b)(1), "[e]ach interrogatory shall be answered separately, and fully in writing." Fed.R.Civ.P. 33(b)(1). Further, Rule 26 (b)(1), permits a party to "obtain discovery

regarding any matter, not privileged, which is relevant to te subject matter involved in the pending action. . ." Fed.R.Civ.P. 26 (b)(1). There is no indication that the information sought by plaintiff is privileged, and further it is relevant to the subject matter involved in this case. Therefore, BCC must provide responsive answers to Interrogatory Nos. 2, 3, 4, 6, 7, 8, 9, 10, 14, 15, 16 and 20, delineating the business and/or professional relationships BBC had with the named defendants in this action. The Court exercises its discretion and **DENIES** plaintiff's request for entry of default. However, the Court **ORDERS** defendant to answer **all** unanswered or incomplete interrogatories **within (30) days. No extensions are to be granted. The Court warns defendant BBC that non- compliance shall risk serious sanctions.**

The Court **GRANTS** plaintiff's request for defendant to pay attorney's fees incurred in making the motion. Pursuant to Rule 37(a)(4)(A) "[i]f the motion is granted or if the disclosure or requested discovery is provided, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(4)(A). In addition, "[t]he sanctions available to a trial judge under the Fed.R.Civ.P. are discretionary." General Dynamics Corp. v. Selb Manufacturing Co., 481 F.2d 1204, 1211 (8th Cir. 1973). See Wright, Miller & Marcus, Federal Practice and Procedure Civil 2d § 2281. The Court orders BCC to pay the expenses incurred in making plaintiff's motion, pursuant to Fed.R.Civ.P. 37(a)(4)(A).

Hence, counsel for MetLife, is to certify with the Court within (10) days of notice of this order the proposed rate of lawyer's fees, and amount of time dedicated and the costs incurred in efforts towards obtaining the answers to interrogatories. MetLife is to follow the criteria set forth in Coutin v. Young and Rubicam Puerto Rico, Inc., 124 F.3d 331 (1st Cir. 1997).

| 244 | MOOT | Motion for Extension of Time, September 21, 2000. |
|---|---|---|
| 245 | GRANTED | Motion for Extension of Time, October 10, 2000. |
| 248 | GRANTED | Motion Requesting Leave Under October 24, 1997, Standing Order, November 22, 2000. |
| 249 | MOOT | Motion Requesting Time to Reply Pending Motion, November 28, 2000. |
| 252 | GRANTED | Motion Requesting Leave to File a Reply, December 20, 2000. |

IT IS SO ORDERED.

February 9, 2001.

DANIEL R. DOMINGUEZ
U.S. District Judge