UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

METROPOLITAN LIFE INSURANCE
COMPANY,

v.  Case Number: 97-2331(DRD)

NATIONAL COMMUNICATIONS
SYSTEMS, INC., et al.

## ORDER

| Docket No. | Ruling | Title and Date Filed |
|---|---|---|
| 229 | GRANTED in part DENIED in part | Plaintiff's Motion Requesting Attorney's Fees Against BCC; May 5, 2000. |

    Plaintiff, Metropolitan Life Insurance Company ("MetLife"), filed a motion requesting attorney's fees against Benefits Communications Corporation of Puerto Rico ("BCC"), pursuant to the Order issued by the Court on April 12, 2000. The April 12, 2000 Order in pertinent part states

> "BCC was served with said interrogatories more than two (2) years ago and waited more than seven (7) months before raising any objections. Accordingly BBC waived any objections to the number of interrogatories served. BCC must answer the interrogatories and failure to comply will result in entrance of default against BCC .
> . . Finally, the Court holds that MetLife is entitled to attorney's fees for its efforts to obtain the answers to interrogatories."

(Docket No. 223). Defendant BCC opposed MetLife's motion by stating that the amount of attorney's fees in sanctions "are clearly exaggerated and unreasonable." (Docket No. 234). The fees requested by MetLife are listed as follows:

| | |
|---|---|
| Jesus Cuza (00.25 hrs. x $180.00 p/h): | $    45.00 |
| Jesus Cuza (41.50 hrs x $195.00 p/h): | $8,092.50 |
| Mildred Caban (29.75 hrs. x $140.00 p/h): | $2,310.00 |
| Total: | $10,447.50 |

(Docket No. 229).

    On February 7, 2001, the Court issued an Order in which it states that the request made by plaintiff in the pending motion (Docket No. 229) was "inordinately high." (Docket No. 254).

Page 1



Further, a hearing was set for March 29, 2001, in order to address the aforementioned issues. At the hearing the Court ordered plaintiff to submit a redacted version of the invoices as to plaintiff's motion requesting attorney's fees against BBC and for defendant BCC to file a memorandum in opposition to plaintiff's request. Both parties timely complied with the Court's order. (Docket Nos. 264 and 265). Defendant BBC avers in the opposition that MetLife's request is outrageous and unreasonable. Further, BBC states that "plaintiff's contumacious insistence upon payment of this outrageous sum is grounds for rejecting the entire request" and that the redacted version of plaintiff's invoices "reflect work that has nothing to do and is unrelated with the legal issue presented in the motion to compel, and is either duplicative, excessive or unproductive" pursuant to the standards set forth in Coutin v. Young and Rubicam Puerto Rico, Inc., 124 F.3d 331 (1st Cir. 1997). (Docket No. 264). Pursuant to the evidence presented by the parties, the Court is still persuaded that MetLife's request for attorney's fees for the total amount of $10,447.50 is "inordinately high."

Defendant provides the following examples as illustration of hourly billings defendant deems duplicative, unproductive, excessive, or otherwise unnecessary:

(1)     Payment of $292.50 for the drafting of a March 23, 1999 letter (attached to Docket No. 264 as Exhibit B). BCC avers that "the letter has nothing to do with the issues regarding MetLife's motion to compel; rather, it is MetLife's response to BCCPR's and Axtmayer and Hertell's discovery requests addressed to MetLife." Further, defendant also states that "not only has MetLife's counsel requested that BCCPR pay for matters completely unrelated to the motion to compel, but in fact, it is openly requesting that BCCPR reimburse MetLife for matters relating to discovery disputes with other defendants." Docket No. 264.

(2)     Payment of over $2,000.00 for work relating to a letter sent to attorneys Marchand and Saavedra. Defendant alleges that "every item contained in that . . . letter . . . addresses the discovery requests addressed to MetLife from Axtmayer and Hertell, and BCCPR. The letter does not even mention the issues relating to MetLife's motion to compel addressed to BCCPR." Docket No. 264. Moreover, defendant avers that the issue of interrogatories was addressed for approximately "less than thirty seconds." Docket No. 264.

(3)     Payment of over $2,500 for the drafting of four pages included in the Joint Motion in Compliance with Court's January 19, 2000 Order. Defendant alleges that "[a] first year law student could have drafted this aspect of the motion in one full paragraph." Further, BBC states that "there are no contemporary time records segregating the work relating to this issue" and that plaintiff when drafting the motion engaged in "ineffective and rudimentary use of time." Docket No. 64.

(Docket No. 264).[1]

The First Circuit has held that in order "[t]o determine the number of hours reasonably spent, one must first determine number of hours actually spent and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984). The Supreme Court in Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), stated a prevailing party's duty by clearly stating:

> Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

(citing Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir.1980) (emphasis in original).

First, the Court agrees with defendant as to the averments made in paragraphs (1) and (2) above. The requested payments are found by the Court to be excessive and unnecessary based on the fact that the hours billed are not related to plaintiff's drafting and/or preparation of the motion to compel. Therefore, the hours billed by plaintiff for Entry date 03-23-99 (1.5 hrs.) and for Entry dates 02-28-00 (1.25 hrs.); 02-09-00 (5.25 hrs.) and 02-10-00 (3.50 hrs.) are to be excluded from the total number of hours presented by plaintiff. (Defendant's Exh. A, pages 1 and 3). See Grendel's Den, 749 F.2d at 950.

Second, the Court finds that some of the hours billed by plaintiff in the preparation and drafting of the Motion in Compliance with Court Order (Docket No. 128) and the Joint Motion in Compliance with Court's January 19, 2000 (Docket No. 200) are excessive and/or unnecessary. Plaintiff has indicated in its redacted version of invoices that a total of 15.25 hours were spent preparing motion Docket No. 128, and a total of 31.50 hours (not including the hours excluded by the Court above) were spent working on Docket No. 200. The Court finds the hours billed by plaintiff in preparation for the two motions to be excessive, both in time and in terms of resources. Plaintiff could have drafted said motions quickly and effectively. For example, plaintiff's Joint Motion in Compliance with Court's January 19, 2000 Order is an unreasonably lengthy 39 page document.[2] Further, plaintiff apparently lost the notion of "early economy of effort and careful

---

[1] Defendant BBC never contested the reasonableness of plaintiff's attorneys' hourly rates. Hence, the Court shall not address the issue although, the rate per hour seems to be prima facie warranted. Coutin, 124 F.3d at 336. Further, since defendant BBC did not challenge the rate, "the court [district of appellate] is [not] obliged to dream up and articulate appellant's argument for them." Cruz-Erazo v. Rivera Montañez, 212 F.3d 617, 622 n. 3 (1st Cir. 2000).

[2] It is known by the parties that the Court disfavors motions in excess of twenty (25) pages. See Order Setting Initial Scheduling and Case Management Conference. (Docket No. 39).

focus upon only what was necessary . . . in the heat of excitement of litigating" this case. Grendel's Den, 749 F.2d at 953. Therefore, the Court reduces aforementioned hours from 15.25 hrs. to 7.625 hrs. (pertaining to Docket No. 128) and from 31.50 hrs. to 15.75 hrs (pertaining to Docket No. 200), both figures being one half of the amount stated by plaintiff. See Coutin, 124 F.3d at 337

Lastly, plaintiff states in the Motion Submitting Redacted Version of Invoices Regarding Plaintiff's Motion Requesting Fees Against BBC that the number of hours billed as to all entries are a "good faith estimate" of the time spent by MetLife in obtaining answer to interrogatories by BBC. (Docket No. 365, footnote 3). The Court must induce from said statement that plaintiff failed to maintain "detailed, contemporaneous time records" See Docket No. 365, footnote 3. As stated by the First Circuit in Grendel's Den, 749 F.2d at 952, "in cases involving fee applications for services rendered . . . the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." Therefore, based on the aforementioned reasons, the Court reduces the remaining entries from a total of 3.75 hrs. to 1.875 hrs., one half of the amount stated by plaintiff. See Coutin, 124 F.3d at 337 (Court has authority to adjust fee calculations enhancing or diminishing, so long as done in accordance with accepted principles); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

Accordingly, the following hours are reduced/and or excluded from plaintiff's Motion Submitting Redacted Version of Invoices Regarding Plaintiff's Motion Requesting Fees Against BBC:
(1) Entry date 03-23-99 (1.50 hrs.): **excluded**
(2) Entry date 02-28-00 (1.25 hrs.): **excluded**
(3) Entry date 02-09-00 (5.25 hrs.): **excluded**
(4) Entry date 02-10-00 (3.50 hrs.): **excluded**
(5) All remaining entry dates are to be **reduced by half** of the amount of hours stated by plaintiff. Hence, the total amount for attorney's fees to be paid by BBC is reduced from $10,447.50 to $4,454.38.[3]
 **IT IS SO ORDERED.**

March 30, 2001.

DANIEL R. DOMINGUEZ
U.S. District Judge

---

[3] The Court harbors no doubt that the work was actually performed by counsel for plaintiff. However, the Court cannot compensate excessive work or unrelated work that may have been performed because the parties were playing "hard ball" with each other.