UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

METROPOLITAN LIFE INSURANCE CO.,

v.                                    Case Number: 97-2331(DRD)

NATIONAL COMMUNICATIONS
SYSTEMS, INC., et al.

## ORDER

Pending before the Court are Docket Nos. 246, 256, 257, 258, 261, 270, 271 and 273. The Court rules as follows:

| Docket Nos. | Ruling | Title and Date Filed |
|---|---|---|
| 246 | GRANTED in part/ DENIED in part | Motion in Compliance with August 31, 2000 Order and Motion in Compliance with February 12, 2001 Order. |

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), filed a motion requesting expenses incurred in efforts towards obtaining answers to interrogatories from defendants José A. Axtmayer ("Axtmayer") (Docket No. 246), pursuant to the Order issued by the Court on August 31, 2000. (Docket No. 246). Plaintiff requests a total of **$18,995.00** for said expenses.[1] On February 7, 2001, the Court issued an Order stating that the pending motion was found to be "inordinately high" (Docket No. 254) and held a hearing on March 29, 2001, in order to address said issue. At the hearing, the Court ordered plaintiff to submit a redacted version of the invoices regarding plaintiff's Motion in Compliance with August 31, 2000 Order and for defendant Axtmayer to file a memorandum in opposition to plaintiff's request. Both parties have complied with the Court's order. (Docket Nos. 267 and 272).

After careful review of the invoices submitted by plaintiff, the Court is still under the opinion that plaintiff's request is inordinately high. The First Circuit has held that in order "[t]o determine the number of hours reasonably spent, one must first determine number of hours actually spent and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984). In addition, the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), stated a prevailing party's duty by clearly stating:

---

[1] On April 3, 2001, MetLife filed a Motion Submitting Redacted Version of Invoices Regarding Motion in Compliance with August 31, 2000 Order, in which it is states that there was a "mathematical error in the original amount requested in attorney's fees" ($19,259.00) and that the correct amount is $18,995.00. (Docket No. 267).



"Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." (citing Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir.1980) (emphasis in original). In accordance with the above stated jurisprudence, the following are entries to be excluded as deemed by the Court to be unproductive, excessive, or otherwise unnecessary:

**Second Motion to Compel:**

(1)   Payment of $360.00 for the preparation of a letter to attorney Marchand on August 8, 2000. (Docket No. 272, Exhibit B). The Court agrees with defendant that the letter could have been drafted "in a few minutes, and not even a significant portion of the two hours charged could be adjudicated to such letter." (Docket No. 272).

**311 Meeting:**

(1)   All items found under the heading 311 meeting. Plaintiff fails to provide details as to the different charges and their relation to matters pertaining to answers to interrogatories. In addition, charges made in connection to the 311 meeting are not authorized by the Court's August 31, 2000 Order.

Lastly, the Court finds that as to all remaining invoice entries, the hours charged are excessive. Therefore, the Court reduces the remaining entries to **one half** of the amount stated by plaintiff. See Coutin v. Young and Rubicam Puerto Rico, Inc., 124 F.3d 331, 337 (1st Cir. 1997) (The Court has authority to adjust fee calculations enhancing or diminishing, so long as done in accordance with accepted principles); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Accordingly, the total amount for attorney's fees to be paid by Axtmayer is reduced from $18,995.00 to **$6,970.00**. The amount is to be paid forthwith.

| | | |
|---|---|---|
| 256 | GRANTED/MOOT | **Motion for Extension of Time.** |
| 257 | GRANTED | **Motion in Compliance with February 12, 2001 Order** |

On February 9, 2001, the Court issued an order addressing MetLife's request for an entry of default and/or sanctions for defendant Benefits Communications Corporation of Puerto Rico's ("BCC"), non compliance in answering a specific number of interrogatories. The Court ordered "BCC to pay the expenses incurred in making plaintiff's motion, pursuant to Fed.R.Civ.P. 37(a)(4)(A)." (Docket No. 255). On April 3, 2001, MetLife provided the Court with a list of fees adding up to $4,945.80. Defendant BCC opposed plaintiff's request by stating that the requested sum "is outrageous and, on its face unreasonable." (Docket No. 269). Plaintiff filed a replied to BCC's opposition arguing the contrary. (Docket No. 271). The Court finds the billing of more

than 13 hours for the preparation of plaintiff's Motion for Entry of Default against BCC to be excessive. See Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984). Accordingly, the Court reduces the monetary sum requested by plaintiff pursuant to this Court's February 12, 2001 Order by **one half**, resulting in a reduction in attorney's fees from $4,945.80 to **$2,324.90**. Coutin v. Young and Rubicam Puerto Rico, Inc., 124 F.3d 331, 337 (1st Cir. 1997) (The Court has authority to adjust fee calculations enhancing or diminishing, so long as done in accordance with accepted principles).

**258   GRANTED           Motion Submitting Document Under Seal.**

Plaintiff requests the Court to allow the filing of a document under seal, which pertains to the professional services rendered by the law firm of Goldman Antonetti & Córdova in preparation for the filing of the motion for entry of default against co-defendant BBC. The request is **granted**. The document is to remain sealed until otherwise directed by the Court.

**261   GRANTED/MOOT      Motion Requesting Brief Extension of Time to Supplement Answers to Interrogatories.**

Defendant BBC is to supplement answers to served interrogatories by **June 15, 2001**. Absolutely **NO** further extensions shall be granted.

**270   GRANTED/MOOT      Motion Requesting Extension of Time to Reply.**

**271   GRANTED           MetLife's Request for Leave to Reply to BCCPR's Memorandum in Opposition to Request for Monetary Sanctions.**

**273   GRANTED/MOOT      Motion Requesting Leave to File Reply to Axtmayer's Motion Objecting Request for Monetary Sanctions.**

**IT IS SO ORDERED.**

**June 8, 2001.**                                          DANIEL R. DOMINGUEZ
                                                            U.S. District Judge