UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

METROPOLITAN LIFE INSURANCE
COMPANY,

Plaintiff,

CIVIL NO. 97-2331 (DRD)

v.

NATIONAL COMMUNICATIONS
SYSTEMS, INC. d/b/a NATIONAL BENEFIT
COMMUNICATION, INC., et al.,

Defendants.

## ORDER

Pending before the Court is plaintiff, Metropolitan Life Insurance Company's ("MetLife") Motion for Reconsideration and opposition thereto. (Docket No. 250A). In the motion, plaintiff requests the Court to reconsider its August 16, 2001 decision to disqualify the law firm of Goldman, Antonetti & Cordova, P.S.C. ("Goldman"), by vacating the Opinion and Order for disqualification, or in the alternative, for the Court to grant discovery and an evidentiary hearing on the disqualification issue. (Docket No. 250A). On March 29, 2001, the Court held a hearing to address all pending motions, where the parties stated their positions as to plaintiff's motion for disqualification. For the following reasons, plaintiff's Motion for Reconsideration is **GRANTED in part** and **DENIED in part**.

### I. MOTION FOR RECONSIDERATION STANDARD

Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change

AO 72
(Rev 8/82)

in the law. See Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F. 3d 25, 29 (1st Cir. 1994); (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992)); Cherena v. Coors Brewing Com., 20 F. Supp. 2d 282, 286 (D.P.R. 1998); see also National Metal Finishing Com. V. Barclaysamerican /Commercial, Inc., 899 F. 2d 119, 124 (1st Cir. 1990); McDowell, 817 F.Supp. at 541-542. Motions for reconsideration may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com., 899 F. 2d at 123. See also Agola v. Hagner, 678 F. Supp. 988, 991 (D.C.N.Y. 1987); Waye, 846 F. Supp. at 314 fn. 3 (A motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed.); Davis v. Luckhard, 106 F.R.D. 317 (E.D.Va. 1984) (A motion for reconsideration cannot be used "to reargue matters already argued and disposed of nor to put additional arguments which could have been made but neglected to make before judgment.").

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D. 275, 287 (D.C. Col. 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir.1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under FED. R. CIV. PROC. 59(e) if it seeks to change the order or judgment issued. Id. Further, although Rule 59(e) refers to judgments, i.e., rulings that are appealable, Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders. See Waye v. First Citizen's National Bank, 846 F.Supp. 310 (D.C. Penn. 1994) (request for reconsideration of an interlocutory order

2

denying plaintiff's motion for a default judgment); <u>Atlantic Sales Legal Foundation v. Karg Bros.</u>, 841 F.Supp. 51, 55 (D.C.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99 (E.D. Va. 1983) (motion for reconsideration of order denying motion to dismiss). Further, although the general rule is that motions for reconsideration will not be considered when filed more than ten days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders. With interlocutory orders, whether a motion for reconsideration has been timely filed or not rests solely on whether or not the motion was filed unreasonably late. See <u>McDowell Oil Service, Inc. v. Interstate Fire and Casualty Company</u>, 817 F. Supp. 538, 543 (D.C. Penn. 1993); <u>Frito Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 389-90 (D.P.R. 1981); <u>Atlantic States Legal Foundation v. Karg Bros.</u>, 841 F. Supp. 51, 55 (D.C.N.Y. 1993); <u>McCarthy v. Manson</u>, 714 F. 2d 234, 237 (2d Cir. 1983).

## II. DISCUSSION

Plaintiff asserts two reasons why this Court should reconsider its decision to disqualify Goldman as plaintiff's counsel of choice: 1) MetLife is entitled to disqualification related discovery and an evidentiary hearing on the disqualification issues and; 2) Rule 1.10 of the Model Rules of Professional Conduct does not require the disqualification of Goldman. At the hearing held on March 29, 2001, the Court expressed to the parties that the only issue the Court deems pertinent in plaintiff's motion for reconsideration is the allegation of a right to an evidentiary hearing on the issue of disqualification. Further, the Court stated that there may be issues of material fact as to the allegations presented in plaintiff's motion for reconsideration,

specifically, 1) whether an attorney/client relationship between Goldman, Antonetti, Cordova & Axtmayer ("GAC & A") and CGD Enterprises, Inc. ("CGD") truly existed; 2) whether pursuant to Rule 1.10(b) CGD and MetLife are adversaries in this litigation; and 3) whether the subject matter of the two representations is "substantially related." After taking into consideration plaintiff's contentions, the Court finds that an evidentiary hearing is necessary, in order to have a just and prompt disposition of the issue of disqualification in this case.

Contrary to plaintiff's assertions the right to conduct extensive discovery and to have an evidentiary hearing is not absolute. "The quantum of discovery required in connection with such a motion is left to the discretion of the trial judge." The European Community v. RJR Nabisco, Inc., 134 F.Supp.2d 294, 310 (E.D.N.Y. 2001). See Lefrak v. Arabian American Oil Co., 527 F.2d 1136 (2d Cir.1975). In fact, "disqualification proceedings are judicial in character, approving long standing precedent to the effect that '[t]he manner in which [such] proceeding is conducted, so that it be without oppression or unfairness, is a matter of judicial regulation.'" Id. (citing Lefrak, 527 F.2d at 1140) ("Whether discovery is permissible is clearly within his discretion in any event ... and that discretion should be rarely disturbed in a non-adversary proceeding involving attorney disqualification."). The Lefrak court in pertinent part stated:

> "Certainly the method of conducting the inquiry is within the discretion of the judge charged with the responsibility of supervision. This court has not mandated any procedure. The trial judge may be able to make the determination of impropriety vel non on the basis of oral arguments and affidavits ... he may appoint a special master to ascertain the facts ... or he may conduct the evidentiary hearing which was provided here.... Whether discovery is permissible is clearly within his discretion in any event ... and that discretion should be rarely disturbed in a non-adversary proceeding involving attorney disqualification."

Lefrak, 527 F.2d at 1140. Therefore, the Court is under no absolute obligation to grant plaintiff an evidentiary hearing and/or further discovery in this case.

4

However, "[i]t bears remembering that '[t]he decision whether to disqualify an attorney ordinarily turns on the peculiar factual situation then at hand . . .'" In re Mechem, 880 F.2d 872, 874 (6th Cir. 1989) (citing Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 377, 101 S.Ct. 669, 675 (1981)). "Inevitably, the decision to disqualify an attorney- whether as a sanction, or for perceived conflict of interest, or otherwise- involves the balancing and weighing of imponderables." In re Bushkin Associates, Inc., 864 F.2d 241, 246 (1st Cir. 1989). In fact, "a decision for disqualification does not necessarily require an evidentiary hearing, but . . . a court's factual inquiry must be 'conducted on affidavits and documents that would be acceptable under Rule 56(e) . . .'" Id. (citing General Mill Supply Co. v. SCA Services, Inc., 697 F.2d 704, 710 (6th Cir. 1982)).

The Tenth Circuit Court of Appeals has stated that in cases were the affidavits and documents render a record incomplete for the determination of disqualification that an evidentiary hearing should take place. See Fullmer v. Harper, 517 F.2d 20, 21 (10th Cir. 1975); Weeks v. Independent School Dist. No. I-89, 230 F.3d 1201, 1212 (10th Cir. 2000).

> "In over view the verified motion to disqualify raises ethical questions that are conceivably of a serious nature. In such circumstance a written response should be required. The trial court should then hold a full evidentiary hearing on the issues posed by the motion to disqualify and the response thereto, which hearing should include the taking of testimony. A motion of this type should not be resolved on the basis of mere colloquy between the court and counsel. At the conclusion of such hearing the trial court should then make specific findings and conclusions, to the end that this court will then have a record before it which will permit a meaningful review, should review be sought."

Fullmer, 517 F.2d at 21. See Weeks, 230 F.3d at 1212. See Melamed v. ITT Continental Baking Company, 534 F.2d 82, 84 (6th Cir. 1976) (adopting the Tenth Circuit Fullmer decision).

In light of plaintiff's allegations that Goldman attorneys never represented CGD and that

GAC & A representation of CGD involved a matter that is completely unrelated to the issues presented in this case, the Court reconsiders its August 15, 2001, Opinion and Order. Said allegations present issues of credibility and material fact that need further documentation and/or further testimony for a cogent resolution. In addition, in the Opinion and Order for disqualification, the Court stated in regards to Goldman's alleged representation of co-defendant John D'Angelo ("D'Angelo") that "the Court cannot . . . determine without holding an evidentiary hearing whether or not there existed an attorney-client relationship between GAC&A and Co-defendant D'Angelo." Accordingly, the Court deems the holding of an evidentiary hearing necessary in this case for the resolution of the disqualification issue.[1] Therefore, the Motion for Reconsideration is **GRANTED in part** as to plaintiff's request for an evidentiary hearing and **DENIED in part without prejudice** as to the request to vacate the Opinion and Order on disqualification as being premature, pending the results of the evidentiary hearing.

An evidentiary hearing is set for **October 30, 2001 at 9:00 a.m.** The parties are to conduct limited discovery on the issue of disqualification. The parties are to file briefs no later than **ten days** before the evidentiary hearing. The scope of discovery is limited to the issues that will be addressed by the Court at the evidentiary hearing, which are: 1) whether co-defendant D'Angelo and CGD were clients of Goldman, Antonetti & Cordova; and 2) whether the subject

---

[1] The Court notes that Juan R. Marchand, counsel for co-defendants Jose Axtmayer, Altita Escudero, Hans Hertell and Marie Stubbe stated at the March 29, 2001 hearing, that co-defendants do not oppose the holding of an evidentiary hearing regarding the issue of disqualification.

6

matter the two representations are substantially related.

**IT IS SO ORDERED.**

DATE: July *18*, 2001.

P:\FinalOrders\97-2331 rec_disq.wpd

*[signature]*

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

7