UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

METROPOLITAN LIFE INSURANCE,
Plaintiff,

v.                                                    CIVIL NO. 97-2331 (DRD)

NATIONAL COMMUNICATIOS
SYSTEMS, INC., et al.,
Defendants.

## ORDER

    Pending before the Court is MetLife's Motion Requesting Payment of Sanctions by BCC and Entry of Default. (Docket No. 300).

    In its motion, MetLife is requesting this Court to issue an order against co-defendant Benefits Communication Corporation of Puerto Rico ("BCC") to pay MetLife the sum of $6,779.28 and to enter default against BCC for failure to comply with the Court's previous orders. As MetLife notes, in 1998, MetLife served a first set of interrogatories upon BCC, which BCC had not answered. Eventually, the Court ruled at a hearing held on April 12, 2000 that BCC had to answer all of MetLife's interrogatories and granted MetLife's request for attorney's fees for its efforts to obtain said answers from BCC. The Court forewarned BCC that it had to answer the interrogatories, and that failure to dos o would result in entry of default. (Docket No. 223). After considering MetLife's fee application and BCC's opposition thereto, the Court ordered BCC to pay $4,454.38. (Docket No. 266).

    Notwithstanding the sanctions, BCC provided the answer to the interrogatories, albeit with some questions unanswered. MetLife moved for entry of default, and requested reimbursement of additional attorney's fees. (Docket No. 240). On February 12, 2001, this Court denied MetLife's request for entry of default but granted MetLife's request to order BCC to answer all incomplete interrogatories, and to reimburse the additional fees incurred. (Docket No. 255). On June 11, 2001, the Court again sanctioned BCC in the sum of $2,324.90. (Docket No. 275).

    Through the instant motion, MetLife is claiming it has not received from BCC the total payment of $6,779.28 ordered by the Court through order, on March 30, 2001 and June 11, 2001. The Court notes, however, that BCC has since the filing of MetLife's motion, BCC filed a petition for bankruptcy, pursuant to Chapter 7. (Docket No. 319). Since there is a bankruptcy petition pending, the Court must deny the remedy requested by MetLife at this time, for it is an issue covered under an automatic stay, as provided by the Bankruptcy Code. 11 U.S.C. § 362(a). MetLife may request intervention in the Bankruptcy proceedings, and request these monies therein.

    Accordingly, MetLife's Motion Requesting Payment of Sanctions by BCC and Entry of Default is hereby **DENIED. (Docket No. 300).**

    IT IS SO ORDERED.

September 05, 2002.                                    DANIEL R. DOMINGUEZ
                                                       U.S. District Judge

P:\Kevins Cases\97-2331.peach.ord.wpd


