**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

METROPOLITAN LIFE INSURANCE )
COMPANY, )
  )
        Plaintiff )
  )
v. ) Docket No. 97-2331 (DRD)
  )
NATIONAL COMMUNICATIONS )
SYSTEMS, INC. d/b/a NATIONAL )
BENEFITS COMMUNICATIONS, INC., )
et al., )
  )
        Defendants. )

**ORDER**

SINGAL, Chief District Judge

Before the Court is Defendants' Motion for Summary Judgment (Docket # 353), which was filed on June 6, 2003, and Plaintiff's Informative Motion and Requesting Order, which the Court received on January 16, 2004.

I.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    A.    Applicable Standard

The Court may only grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine for these purposes if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986). A material fact is one that has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993). In determining whether genuine issues of material fact exist, the Court views the record in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. See McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995).

B. Discussion

After more than six years of litigation, four Defendants and three specific claims remain in this action. Specifically, Plaintiff Metropolitan Life still seeks to recover from Defendants José Axtmayer, Altagracia Escudero, Hans Hertell and Marie Stubbe pursuant to claims for Breach of Contract (Count I), Unjust Enrichment (Count III) and Piercing the Corporate Veil/Alter Ego (Count V).[1]

Through its most recent motion for summary judgment, Defendants submit that they are entitled to judgment as a matter of law on these remaining claims. However, in their belated response to this motion, Plaintiff Metropolitan Life argues that genuine material issues of fact preclude the Court from granting Defendants Motion for Summary Judgment. After having reviewed the parties briefs as well as their respective statements of material fact, the Court agrees with the Plaintiff. Genuine issues of material fact predominate as do questions of credibility that are properly left to a jury. For this reason, the Court **DENIES** Defendants' Motion for Summary Judgment (Docket # 353).

---

[1] Count V only seeks relief from Defendants Axtmayer & Hertell. The Court also acknowledges that Plaintiffs seek Attorney's Fees and a Jury Trial pursuant to Count VII in their Second Amended Complaint (Docket # 38). Undoubtedly, Plaintiffs are entitled to seek a jury trial and preserve their rights to ask for attorney's fees if they are successful on their substantive claims. However, the Court need not resolve these issues in connection with the pending motion for summary judgment and, therefore, does not address the issues raised by Count VII of Plaintiff's Second Amended Complaint.

2

II.    PLAINTIFF'S INFORMATIVE MOTION AND REQUESTING ORDER

In Plaintiff's most recent filing, Metropolitan Life seeks to take five depositions, including the depositions of Defendants Axtmayer and Hertell. The Court finds that Plaintiff is entitled to take the requested depositions at the dates and times indicated in their motion in order to prepare for the trial in this matter, which will begin on March 1, 2004. Defendants, along with their respective counsel, are hereby warned that failure to appear at these long overdue depositions could result in sanctions, including possible default.

Plaintiff's Motion also requests that the Court give the parties a deadline for filing a Proposed Pretrial Order and a date for a final Pretrial Conference. The Court hereby ORDERS that the parties submit a Joint Proposed Pretrial Order containing all of the items listed in Puerto Rico Local Rule 16(d) on or before the close of business on February 12, 2004. In addition to filing the Proposed Order with the Clerk's Office, Counsel shall fax a copy of this Proposed Order to my chambers at (207) 780-3392 on or before the February 12th deadline.

After receipt of the Joint Proposed Pretrial Order, the Court will review it and determine whether or not any additional telephonic conference is necessary. If the Court determines that no telephonic conference is necessary, the Court will issue its Final Pretrial Order on or before February 18, 2004.

If counsel are unable to produce a joint proposed pretrial order by the February 12th deadline, counsel shall submit an individual proposed pretrial order by the deadline along with an explanation of the failure to file a joint proposal. If the Court determines the any counsel has failed to confer in good faith on a joint proposed pretrial order,

3

counsel may be subject to sanctions.

SO ORDERED.

*[signature]*
GEORGE Z. SINGAL
Chief United States District Judge,
District of Maine, sitting by
designation

Dated this **21st** day of January 2004.

*[handwritten note: All counsel of record notified by fax on 1/21/04. gr]*