UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) Docket No. 97-2331 (DRD) ) |
| NATIONAL COMMUNICATIONS SYSTEMS, INC. d/b/a NATIONAL BENEFITS COMMUNICATIONS, INC., et al., | ) ) ) ) ) |
| Defendants. | ) |

### REPORT OF FINAL PRETRIAL CONFERENCE AND ORDER

CAVEAT:  READ THIS REPORT AND ORDER <u>ON RECEIPT</u>. IT SPECIFIES THE COURT'S ORDERS AND REQUIREMENTS FOR FURTHER PRETRIAL DEVELOPMENT AND TRIAL OF THIS CASE. LACK OF KNOWLEDGE OF ITS CONTENTS CAN HAVE SERIOUS ADVERSE CONSEQUENCES TO A LITIGANT'S POSITION AT TRIAL.

A conference of the Court and counsel was held on February 17, 2004, at 1:15 PM.

Presiding:  George Z. Singal, Chief United States District Judge for the District of Maine, sitting by designation

Appearances:  For Plaintiff Metropolitan Life Insurance:  Ina M. Berlingeri-Vincety, Esq.

For Defendants Hertells:  Manuel San Juan, Esq.

For Defendant Axtmayer:  Pro Se

For Defendant Escudero:  Dennis Parces-Enriquez, Esq.

1

The conference was held in order to prepare for a jury trial of the Plaintiff's remaining claims for breach of contract (Count I), unjust enrichment (Count III) and Piercing the Corporate Veil/Alter Ego (Count V) against Defendants Jose Axtmayer, Altagracia Escudero, Hans Hertell and Marie Stubbe Hertell.

1. **Jurisdiction.** Jurisdiction in this matter is based upon diversity of citizenship and satisfaction of the statutorily-prescribed jurisdictional amount under 28 U.S.C. § 1332. The pleadings are complete. The matter is in order for jury trial.

2. **Pending Motions.**

   A. <u>Motion for Default Judgment Against Defendant National Communications Systems, Inc.</u>

The Court directed Plaintiff Met Life to attempt service of this motion on National Communications Systems, Inc. (d/b/a National Benefits Communications, Inc. ("NBC")). <u>After service is complete, Plaintiff is to inform the Court by filing an amended certificate of service. If NBC does not respond to the motion within ten days of service in accordance with Local Rule 7, the Clerk will enter a default against NBC.</u> A hearing on the motion for default judgment will be set for some time after the conclusion of the trial. At the hearing, the Court will consider and receive evidence necessary to determine the amount of damages for which NBC is liable. <u>Provided that</u> none of the facts proved at trial actually exonerate NBC and would logically preclude the Court from finding NBC liable for any damages, the Court will then enter a default judgment against NBC. <u>See, e.g.</u>, In re First T.D. & Investment, Inc., 253 F.3d 520, 532-33 (9th Cir. 2001); Farzetta v. Turner & Newall, Ltd., 797 F.2d 151,153-55 (3d Cir. 1986) (both discussing Frowe v. De La Vega, 82 U.S. (15 Wall.) 552 (1872)).

Defendants had no objection to this procedure. However, Mr. Axtmayer raised two collateral issues that were mentioned in Defendants' Response: (1) informing the jury of NBC's default and (2) waiver of any potential privilege by NBC. As to the first issue, the Court agreed to make a ruling on this evidentiary issue prior to trial. With respect to Mr. Axtmayer's concern

regarding whether he may deem NBC's claim of privilege waived, the Court directed Mr. Axtmayer to Model Rule 1.6 (b), which allows a lawyer to disclose "information relating to the representation of a client to the extent the lawyer reasonably believes necessary . . . to establish a defense to a . . . civil claim against the lawyer based upon conduct in which the client was involved."

### B. Plaintiff's Motion for Entry of Default Judgment

This Motion was DENIED. Defendants were ordered to produce any and all responsive documents in their possession prior to their depositions. The Court also ordered that Defendants provide Plaintiff an opportunity to review any document listed on their proposed exhibit list attached to the Joint Proposed Pretrial Order when the parties meet to mark exhibits in advance of the February 20, 2004 deadline for submitting exhibits and exhibits lists.

After this deadline has passed, if Plaintiff believes that Defendants have withheld or destroyed relevant evidence, they may file a motion in limine seeking exclusion of evidence or an adverse inference instruction under the doctrine of spoliation.

The Court warned the parties that to the extent disputes arise during trial regarding whether documents were previously produced, the Court would expect counsel to provide evidence of prior production. Failure to provide evidence of prior production could result in the Court excluding the document or instructing the jury to make an adverse inference as to why the information was withheld.

This ruling disposes of Plaintiff's Motion for Entry of Default and also disposes of Plaintiff's Motion to Strike all Documentary Evidence Listed by Defendants in Joint Proposed Pretrial Order ("Plaintiff's Motion to Strike"). In accordance with the ruling made above, the Motion to Strike is DENIED without prejudice.

### C. Omnibus Request for Sanctions under the Court's Inherent Power

This Motion was DENIED without prejudice to Plaintiffs' right to renew the motion for sanctions, including possible attorney's fees, later in the case. Plaintiff's may also seek attorney's fees at the end of the trial if they are successful on the merits.

D. <u>Motion Informing Court of Defendants' Failure to Comply with Discovery Requests</u>

This Motion was Noted. No other relief was granted.

E. <u>Informative Motion on Escudero's Representation</u>

In response to this motion, Mr. Parces-Enriquez represented that he does not believe there is any ethical problem with his representation of Ms. Escudero. He informed the Court that he will be filing a written response to this motion. The Court will await receipt of the Defendants' written response before issuing a ruling.

F. <u>Motion for Sanctions Against Co-Defendant Axtmayer and Request for Order Regarding Conduct to be Followed During Remaining Depositions</u>

The Motion was GRANTED IN PART and DENIED IN PART. All counsel shall limit their objections to either one word ("Objection.") or two words ("I object."). From this point forward, the Court will, on appropriate notice, review submitted transcripts and sanction any attorney who makes a speaking objection at an ascending rate. No other relief was granted.

G. <u>Motion to Determine Trial Procedure Regarding Axtmayer's Testimony</u>

Mr. Axtmayer represented that he had not yet seen a copy of the Motion. The Court ordered that Mr. Axtmayer file any written response on or before February 20, 2004. The Court will issues its ruling by Monday, February 23, 2004.

3. **Estimated Trial Time**. Counsel had asked for a combined three weeks of trial time to try this case. Upon review of all the papers, the remaining parties and claims as well as the overlapping witness lists, the Court has determined that the is not a complicated case. Therefore, the Court is allotting Plaintiff five (5) days to present its case. The Court is allotting Defendants three (3) days to present their case. To the extent that any party seeks additional time because of stalling

or interference by the other side, the Court will consider requests to take time away from one side and giving it to the other party. Request for additional time beyond the eight (8) days presently allotted will be granted only under the most unusual circumstances.

4. **Scheduling for Trial.** This matter is presently scheduled for jury trial beginning on March 1, 2004 at 9:00 AM. **Jury selection is being held before Chief Judge Laffitte on February 19, 2004.**

6. **Motions In Limine.** The Court *ORDERED* that any motions in limine be filed, on or before 12:00 Noon Eastern Standard Time (EST) on February 25, 2004, with a courtesy copy faxed to Chief Judge Singal's Chambers. Any written response must be filed before the commencement of trial at 9:00 AM on March 1, 2004.

7. **Stipulations.** In the interest of time, the Court encouraged counsel to stipulate to all those facts as to which there is no actual contest. The Court *ORDERS* that counsel reduce all stipulations to which agreement can be obtained to a single written document, signed by all counsel, indicating agreement to the stipulations in a form satisfactory to permit the document to be marked as an exhibit and offered in evidence at trial. In the event there are separate stipulations to be presented for the trial judge's consideration on evidentiary matters, they should be put in a separate document. Stipulation(s) should be filed with the Court on or before noon on February 26, 2003.

8. Counsel are hereby notified that failure to comply with any of the foregoing paragraphs may result in the imposition of sanctions, including, but not limited to, the exclusion of evidence at trial, if such noncompliance is found by the Court to have caused, or threaten to cause, undue delay of trial, unwarranted inconvenience to the Court or prejudice to any party.

5

| Date: | Time: | E-mail: |
|---|---|---|
| Name: | | Phone #: |
| Problem/Solution: | | |
| Problem Solved:   YES   NO | | Referred to: |

| Date: | Time: | E-mail: |
|---|---|---|
| Name: | | Phone #: |
| Problem/Solution: | | |
| Problem Solved:   YES   NO | | Referred to: |

| Date: | Time: | E-mail: |
|---|---|---|
| Name: | | Phone #: |
| Problem/Solution: | | |
| Problem Solved:   YES   NO | | Referred to: |

## Trial Procedures to be Applicable at Jury Trial

The Court directs that in preparation for jury trial and in order to facilitate the orderly and expeditious course of trial proceedings, trial counsel shall achieve the following items of trial preparation by the deadlines specified.

1. As previously ordered, all counsel will deliver any and all exhibits as well as an exhibit list by February 20, 2004. Counsel will follow the directions laid out on the Notice to All Counsel of Record in compiling the exhibits and exhibit list.

2. All counsel shall make arrangements to schedule the attendance of witnesses at trial so that the case can proceed expeditiously and without unnecessary delay.

3. The lawyers shall prepare in writing and submit to the Court, no later than February 19, 2004, any special proposed *voir dire* inquiries they wish the judge to ask the jury panel.

4. The lawyers shall prepare in advance of trial and submit to the Court all requested jury instructions capable of being anticipated in advance of the commencement of trial. Requested jury instructions shall be stated in separate paragraphs or on separate pages and be numbered individually. The lawyers should state, following the text of any requested instruction, any applicable statutory or case law authority for the requested instruction. Any requested jury instructions must be faxed to the chambers of Chief Judge Singal by 12:00 Noon EST on February 26, 2004.

5. The lawyers shall confer in advance of trial and prepare an agreed-upon special verdict form, if a special verdict form is to be requested. In the event of disagreement, the lawyers shall jointly submit all proposed special verdict forms. Such form or forms shall be provided to the Court along with any requested jury instructions.

6. To the extent any parties wish to maintain a claim of privilege over an otherwise responsive document, the lawyers shall provide the Court with a privilege log setting for the nature of the document and the privilege asserted. Privilege logs are to be faxed to Chief Judge Singal's chambers by 12:00 Noon EST on February 26, 2004.

7. Each trial day will run from 9:00 AM until 5:00 PM with a one hour lunch break. Counsel and the parties are to be present in the courtroom no later than 9:00 AM each morning and return promptly after breaks as directed by the Court. Any lawyer or party who fails to be present in the courtroom and prepared to proceed at the times indicated by the Court will be subject to sanctions in an ascending amount for each violation.

*JUROR NOTEBOOKS*: Counsel are reminded that the Court permits the jurors to take notes and furnishes them with individual notebooks for that purpose.

**SO ORDERED.**

Counsel are advised that for unjustified failure to comply with the foregoing requirements, the Court may refuse to admit exhibits or testimony of witnesses or impose other appropriate sanctions where noncompliance is found by the Court to have caused undue delay or prejudice.

## CERTIFICATE

A. This report fairly reflects the matters processed in the Final Pretrial Conference to which it refers and shall control the subsequent course of the action.

B. The Clerk shall submit forthwith copies of this Final Pretrial Conference Report to counsel in this case.

C. Counsel shall submit any objections to this Final Pretrial Conference Report to the Clerk of this Court within five (5) days from the date of its filing.

Dated this 18th day of February 2004.

George Z. Singal
U.S. Chief District Judge for the
District of Maine, sitting by designation