# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

METROPOLITAN LIFE INSURANCE )
COMPANY, )
)
           Plaintiff )
)
v. )   Docket No. 97-2331 (DRD)
)
NATIONAL COMMUNICATIONS )
SYSTEMS, INC. d/b/a NATIONAL )
BENEFITS COMMUNICATIONS, INC., )
et al., )
)
           Defendants. )

## ORDER

SINGAL, Chief District Judge

    Before the Court is Plaintiff's Motion Requesting Determination of Trial Procedure for Defendant Axtmayer, which the Court received by fax on February 17, 2004. In accordance with the Court's instructions at the Final Pretrial Conference, Defendant Axtmayer filed a response to this motion, which the Court received on February 20, 2004.

    Plaintiff's Motion asks this Court to lay out specific procedures governing the examination of Defendant Axtmayer, a remaining co-defendant in the case who has announced his attention to appear pro se at trial. In the Proposed Pretrial Order, Plaintiff disclosed that they intend to call Mr. Axtmayer as a witness. In his response to Plaintiff's Motion, Mr. Axtmayer has agreed that his direct testimony will be conducted by counsel for one of his co-defendants. This suggested procedure will obviate many of the problems anticipated by Plaintiff's Motion. Therefore, the Court adopts Mr. Axtmayer's suggested procedure and orders that all of Mr. Axtmayer's testimony be conducted by

counsel for one of his co-defendants. In the connection with any cross examination and upon request, the Court will allow for a brief recess in order for Mr. Axtmayer to confer with counsel conducting the cross examination. Under no circumstances will the Court allow Mr. Axtmayer to testify in a narrative fashion.

The only remaining issue is how to deal with objections that Mr. Axtmayer may wish to make in response to questions posed to him by Plaintiff's counsel in the course of their direct or cross examinations. Faced with this situation, Mr. Axtmayer suggests that counsel for the remaining co-defendants will likely "raise and argue the objection, thereby limiting significantly that occasions in which [Mr. Axtmayer] would have to object in his role as pro se counsel." The Court agrees. Therefore, the Court ORDERS that Mr. Axtmayer only offer and argue objections in the absence of any objection from counsel for the co-defendants. Absent any objection from co-defendants' counsel, Mr. Axtmayer is free to object to questions from the witness stand.

While the Court is allowing Mr. Axtmayer to testify in accordance with the above described procedures, the Court is also mindful that this process is an exception to Local Rule 39(b). In order to comply with the spirit of this Local Rule, the Court will expect Mr. Axtmayer in all instances to refrain from testifying while fulfilling his role of pro se counsel.

SO ORDERED.

GEORGE Z. SINGAL
Chief United States District Judge,
District of Maine, sitting by designation

Dated this 23rd day of February 2004.