IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| METROPOLITAN LIFE INS. CO.,<br><br>Plaintiff<br><br>v.<br><br>NATIONAL COMMUNICATIONS SYS., INC. ET AL.,<br><br>Defendants. | CIVIL NO. 97-2331 (GZS)<br><br>RE: BREACH OF CONTRACT, DAMAGES AND FRAUD |

**PLAINTIFF'S MOTION IN LIMINE
REQUESTING THAT REFERENCES BY DEFENDANTS AS TO CERTAIN LAW FIRMS, ATTORNEYS AND ISSUES OF
CONFLICT OF INTEREST BE PRECLUDED**

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF Metropolitan Life Insurance Company ("MetLife"), and respectfully requests that this Honorable Court preclude Defendants Jose A. Axtmayer ("Axtmayer"), Altagracia Escudero, Hans Hertell ("Hertell"), Marie Stubbe and their respective conjugal partnerships constituted at the time of the acts in question in this action (collectively, "Defendants"), from making certain references during the trial, and in explanation and support thereof, respectfully states:

1. As evidenced by the record, one of Defendants' alleged theories of this case is that there is some sort of vendetta by MetLife's counsel against Axtmayer and Hertell, which has led to this cause of action. *See, e.g.,* Joint Proposed Pretrial Order, at 6 and 51. Indeed, a great number of the witnesses and documents announced by the Defendants for trial relate to this theory. For example, Defendants have announced Jesús Cuza, Vicente Antonetti, and Roberto

Montalvo –former and current partners of Goldman Antonetti & Córdova, P.S.C.— as witnesses in this case. They have also announced Margarita Blanco, a former employee of Goldman Antonetti Córdova & Axtmayer, to testify as to that entity's billing habits. Furthermore, Defendants have included in their exhibit list a series of documents related to this particular issue.[1]

2.     As this Court is aware, MetLife's cause of action is generally based on a breach of a contract entered into by MetLife and Defendants on August 1995.[2] Counsel for MetLife was not a party to this contract nor was it involved in any manner with said contract or the negotiations between the parties' leading thereto.

3.     In pursuing this vendetta theory, Defendants have repeatedly made efforts to disqualify MetLife's counsel of choice and have consistently maintained that there is some sort of conflict of interest in the representation of MetLife by its counsel.

4.     As has been explained to this Court, Defendants have insisted on the disqualification issue in an attempt to delay, hinder and obstruct the flow of this litigation. *See* "Omnibus Request for Sanctions under the Court's Inherent Power" ("Omnibus Request").[3]

5.     This disqualification issue was rendered moot by this Court on February 3, 2004. Docket No. 384.  Despite this, Defendants once again attempted to "resurrect" this issue by filing a "Motion Clarification, Stay and/or Amendment of Order" on February 6, 2004, which was subsequently denied by this Court on February 11, 2004. Therefore, as a matter of law, the issue

---

[1] Requests to strike these witnesses and documents will be filed by means of separate motions in limine.
[2] It also includes a claim for unjust enrichment and, piercing of the corporate veil. It initially included claims for fraud and embezzlement. Although these have been dismissed, MetLife reserves the right to raise these on appeal, if necessary.
[3] Although this Omnibus Request was denied without prejudice to the right to renew a request for sanctions and attorneys' fees, it fully describes Defendants' obstructionist litigation tactics.

as to whether Defendants may present evidence as to the disqualification issue has already been resolved by this Court.

6. To be sure, any allegations of or references to conduct of the attorneys associated with this case, the disqualification issue, and any other related matters have no probative value under the Federal Rules of Evidence and is completely irrelevant to the merits of this case. Any such references at trial would merely be a further attempt by Defendants to use the "disqualification issue . . . as a 'procedural weapon.'" *See* Court Order; Docket No. 384, at 5-6 (citations omitted).

7. Because Defendants have shown a propensity to disregard Orders of the Court in their consistent attempts at delay and at moving the focus of the litigation to irrelevant matters, *see, e.g.,* Omnibus Request, MetLife is concerned that Defendants will continue this behavior at trial in front of the jury. To be sure, the probative value of evidence as to these issues, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay and waste of time. Fed. R. Evid. 403.

WHEREFORE, Plaintiff Metropolitan Life Insurance Company respectfully requests that this Honorable Court issue an Order precluding Defendants from making references to the following at trial on the merits: (i) "Goldman Antonetti Córdova & Axtmayer;" (ii) "Goldman Antonetti & Córdova;" (iii) the disqualification issue; (iv) any alleged conflict of interest on the part of MetLife's counsel; (v) any vendetta that Defendants allege to purportedly exist on the part of MetLife's counsel against Defendants.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 25th day of February, 2004.

IT IS HEREBY CERTIFIED that a true and correct copy of the above was sent by regular mail to: **Manuel San Juan, Esq.**, PO Box 9023587, San Juan, P.R. 00909-3587; **José A. Axtmayer, Esq.**, PO Box 70174, San Juan, Puerto Rico 00936-8174; **Dennis Parcés-Enríquez, Esq.**, PO Box 70174, San Juan, Puerto Rico 00936-8174.

| | |
|---|---|
| GREENBERG TAURIG, PA | GOLDMAN, ANTONETTI & CÓRDOVA, P.S.C. |
| 401 East Las Olas Blvd | PO Box 70364 |
| Suite 2000 | San Juan, Puerto Rico 00936-8364 |
| Fort Lauderdale, Florida 33301 | Tel. (787) 759-8000; Fax (787) 767-9177 |
| Tel: (954) 768-8241; Fax: (954)765-1477 | |
| | |
| _____ | _____ |
| JESÚS E. CUZA | INA M. BERLINGERI-VINCENTY |
| U.S.D.C. - P.R. 206509 | U.S.D.C. - P.R. 209306 |
| cuzaj@gtlaw.com | iberlingeri@gaclaw.com |