**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| METROPOLITAN LIFE INS. CO., <br><br> Plaintiff <br><br> v. <br><br> NATIONAL COMMUNICATIONS SYS., INC. ET AL., <br><br> Defendants. | CIVIL NO. 97-2331 (GZS) <br><br> RE: BREACH OF CONTRACT, DAMAGES AND FRAUD |

<u>**PLAINTIFF'S MOTION IN LIMINE
REQUESTING THAT CERTAIN WITNESSES BE STRICKEN
FROM DEFENDANTS' WITNESS LIST**</u>

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF Metropolitan Life Insurance Company ("MetLife"), and respectfully requests that this Honorable Court issue an Order striking certain witnesses from the witness list of Defendants Jose A. Axtmayer ("Axtmayer"), Altagracia Escudero, Hans Hertell ("Hertell"), Marie Stubbe and their respective conjugal partnerships constituted at the time of the acts in question in this action (collectively, "Defendants"), and in explanation and support thereof, respectfully states:

1. In the Joint Proposed Pretrial Order, Defendants listed several parties as witnesses they intend to call at trial who are irrelevant to this case and wholly improper. These witnesses are as follows: (i) MetLife lead counsel, Mr. Jesús Cuza, Esq. ("Cuza"); (ii) two partners from the firm representing MetLife's, Mr. Vicente J. Antonetti, Esq. ("Antonetti") and Mr. Roberto Montalvo, Esq. ("Montalvo"); (iii) former accounting personnel from the firm representing MetLife, Ms. Margarita Blanco ("Blanco"); (iv) MetLife's in-house counsel, Mr. Anthony Zitrin,

Esq. and Mr. Thomas Jackson, Esq.[1] (collectively, "MetLife's in-house counsel"); and (v) "[s]everal [unidentified] duly authorized officers of . . . Puerto Rico Agencies and Instrumentalities," as listed in paragraph 15 of the Defendants' witness list in the Joint Proposed Pretrial Order. We address these witnesses separately.

A.   *MetLife's Lead Counsel*

2.   Defendants indicate that Cuza will "testify as to the benefits communications program in Puerto Rico and as to his knowledge of the prior representation of [former Co-Defendant John] D'Angelo and several of his enterprises by MetLife's counsel Goldman Antonetti & Córdova."

3.   The disqualification issue as to the alleged former representation of CGD by MetLife's counsel was rendered moot by this Court. *See* Docket No. 384. In fact, this Court thereafter rejected Defendants' request for an evidentiary hearing on the issue of disqualification. Docket No. 388. Since the alleged prior representation of CGD by GA&C relates solely to this issue, the listing of Cuza –MetLife's lead counsel in this case and former partner of GA&C— as a witness at trial is a circumvention of these orders and another attempt to maintain this issue alive as a "procedural weapon." To be sure, any testimony by Cuza as to the disqualification is irrelevant to the merits of this case.

4.   In addition, any knowledge of the benefits program that Cuza may possess was obtained either from his client, MetLife, or through his representation of MetLife. Therefore, the testimony would be subject to the attorney/client privilege or the attorney work-product doctrine; even if some testimony would be excluded from the privilege, which is denied, Defendants could easily obtain this information through other means.

---

[1] Mr. Jackson is no longer employed by MetLife. However, his participation in relation to this litigation is limited to his employment as MetLife's in-house counsel.

B.     *Partners of Firm Representing MetLife's*

5.     Antonetti is listed by Defendants to "testify as to GAC's prior representation of [former co-defendant John] D'Angelo and GAC's compensation agreement with Mr. D'Angelo." Montalvo is listed to testify "as to the fabrication of time keeping and invoicing records at GAC, the latter civil action against CGD Enterprises and Mr. D'Angelo, all as further evidence of GAC's vendetta against co-defendants Axtmayer and Hertell." Both Antonetti and Montalvo are members of the firm that represent MetLife.

6.     Once again, any testimony as to the alleged prior representation of CGD relates solely to the disqualification issue that was rendered moot by this Court. *See* Dockets No. 384 and 388. Therefore, any testimony by Antonetti and Montalvo would be irrelevant to the merits of this case. In addition, any evidence as to time keeping and invoicing is wholly irrelevant. Further, if Antonetti or Montalvo do possess any evidence that may be relevant, which is also denied, Defendants may obtain the same evidence through means other than his testimony at trial.

C.     *Previous Accounting Personnel at Firm Representing MetLife*

7.     Blanco is listed by Defendants to "testify as to GAC's customary timekeeping and invoicing mechanism at the time of GAC's representation of [former co-defendant John] D'Angelo's Enterprises."

8.     Any testimony by Blanco as to the billing and timekeeping records of counsel for MetLife is wholly irrelevant to this case. If anything, it would be relevant only to the disqualification issue. *See supra.*

4

*D.     MetLife's In-House Counsel*

9.     MetLife's in-house counsel are listed by Defendants to testify as to "the benefits communications program in Puerto Rico" and "the prior representation of [former co-defendant John] D'Angelo."

10.    Knowledge of the facts and participation in this case on the part of MetLife's in-house counsel has occurred solely within the context of providing legal counsel to MetLife. Even though MetLife's in-house counsel are employees of MetLife, communications between them and other employees are nonetheless considered privileged. *See Upjohn v. United States*, 449 U.S. 383 (1981); *Rivera v. Kmart Corp.,* 190 F.R.D. 298 (D.P.R. 2000). Therefore, any knowledge that MetLife's in-house counsel may possess about the benefits program would be privileged as attorney/client communications and protected by the attorney work-product doctrine.

11.    Further, MetLife's in-house counsel's participation in, and the content of, any settlement negotiations is inadmissible at trial. Fed. R. Evid. 408. Any other evidence that may be relevant is available to Defendants by means other than testimony at trial by MetLife's in-house counsel.

*E.     Unidentified Witnesses*

12.    Defendants have also listed "[s]everal duly authorized officers of . . . Puerto Rico Agencies and Instrumentalities" as witnesses to be called at trial. Defendants' failure to identify these witnesses by name is a violation of the applicable rules and should be fatal to their admissibility as witnesses.

13.    Local Civil Rule 16(d)(5) specifies that the parties must disclose in the proposed pretrial order "the names and addresses of all witnesses the party intends to call at trial." It is

now less than one (1) week prior to trial and these particular witnesses' names have not been revealed to MetLife or to this Court.

14.     In addition, since 1998, MetLife had requested from Defendants a list of the witnesses they intended to offer at trial. Defendants did not provide one single name and have yet to update their answers to include the names of their witnesses, as per Fed. R. Civ. P. 26.

15.     This failure to identify the names of witnesses is but a continuation of Defendants' obstructive behavior in this action. To be sure, MetLife has been prejudiced by this delay on the part of Defendants.

WHEREFORE, Plaintiff Metropolitan Life Insurance Company respectfully requests that this Honorable Court, issue an Order striking the following witnesses from the list provided by Defendants: (i) MetLife's lead counsel, Mr. Jesús Cuza, Esq.; (ii) partners of Goldman Antonetti & Cordova, Mr. Vincente J. Antonetti, Esq. and Mr. Roberto Montalvo, Esq., (iii) Ms. Margarita Blanco; (iv) MetLife's in-house counsel, Anthony Zitrin and Thomas Jackson; (v) the "[s]everal duly authorized officers of . . . Puerto Rico Agencies and Instrumentalities," as listed in paragraph 15 of the Co-Defendants' witness list in the Joint Proposed Pretrial Order; and (vi) such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED.

IT IS HEREBY CERTIFIED that a true and correct copy of the above was sent by regular mail to: **Manuel San Juan, Esq.**, PO Box 9023587, San Juan, P.R. 00909-3587; **José A. Axtmayer, Esq.**, PO Box 70174, San Juan, Puerto Rico 00936-8174; **Dennis Parcés-Enríquez, Esq.**, PO Box 70174, San Juan, Puerto Rico 00936-8174.

In San Juan, Puerto Rico, this 25th day of February, 2004.


GREENBERG TRAURIG, PA
401 East Las Olas Blvd
Suite 2000
Fort Lauderdale, Florida 33301
Tel: (954) 768-8241; Fax: (954)765-1477

GOLDMAN, ANTONETTI & CÓRDOVA, P.S.C.
PO Box 70364
San Juan, Puerto Rico 00936-8364
Tel. (787) 759-8000; Fax (787) 769-9177


_____
JESÚS E. CUZA
U.S.D.C. - P.R. 206509
cuzaj@gtlaw.com

_____
INA M. BERLINGERI-VINCENTY
U.S.D.C. - P.R. 209306
iberlingeri@gaclaw.com