IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| METROPOLITAN LIFE INS. CO.,<br><br>Plaintiff<br><br>v.<br><br>NATIONAL COMMUNICATIONS SYS., INC. ET AL.,<br><br>Defendants. | CIVIL NO. 97-2331 (GZS)<br><br>RE: BREACH OF CONTRACT, DAMAGES AND FRAUD |

**PLAINTIFF'S MOTION IN LIMINE
REQUESTING INSTRUCTION TO JURY REGARDING DEFENDANT
NATIONAL COMMUNICATIONS SYSTEMS, INC.**

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF Metropolitan Life Insurance Company ("MetLife"), and respectfully requests that this Honorable Court instruct the jury in this case as to Defendant National Communications Systems, Inc., d/b/a National Benefits Communications, Inc. ("NBC"), in the manner described as follows:

1. This Court currently has under its consideration a Motion for Entry of Default Judgment against NBC, which was filed by MetLife on February 13, 2004.

2. Defendants Jose A. Axtmayer ("Axtmayer"), Altagracia Escudero, Hans Hertell ("Hertell"), Marie Stubbe, and their respective conjugal partnerships constituted at the time of the acts in question in this action, have requested that the jury be instructed that NBC "has been found in default of its payment obligations to MetLife under the promissory notes and Letter of Intent." *See* "Co-Defendants' Motion in Compliance with Order" dated February 12, 2004.

3. MetLife has no objection that the jury be informed that NBC has failed to pay MetLife the amounts owed under the promissory notes and Letter of Intent. However, the jury should not be informed that NBC has been found in default of those instruments.

4. The entry of default itself against NBC certainly is irrelevant and has no probative value in this case. Further, a limited instruction like the one being sought by Defendants would have a probative value far outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. We explain.

5. One of the key determinations for the jury in this case is the nature of the relationship between all the Defendants, including NBC, Axtmayer and Hertell. Indeed, an essential issue is whether Axtmayer and Hertell are personally liable for the monies loaned by MetLife through NBC.

6. If instructed that NBC is in default, the jury would be given the incorrect impression that the issue of liability for repayment of the monies under the promissory notes and Letter of Intent has already been decided against NBC or mislead the jury into believing that NBC is the entity that will be required to pay back MetLife, regardless of whether Axtmayer and Hertell are found personally liable.

7. To avoid such prejudice and confusion, there could be a stipulation and/or an instruction to the jury that MetLife has not been paid any of the $772,000.00 due under the promissory notes and Letter of Intent by any of the Defendants.

8. Such an instruction would allow the jury to independently determine the nature of the relationship between the Defendants. After this determination, the damages hearing against NBC could be held in accordance with the jury's findings.[1]

---

[1] In compliance with the Court's instructions, MetLife will be serving NBC MetLife's recent request for entry of default.

WHEREFORE, Plaintiff Metropolitan Life Insurance Company respectfully requests that this Honorable Court (i) not issue an instruction to the jury in this case that Defendant National Communications Systems, Inc., d/b/a National Benefits Communications, Inc. has been held in default of the promissory notes or Letter of Intent, and such other relief that the Court deems just and proper and (ii) issue an instruction to the jury in this case that the monies loaned by MetLife have not been paid back by any of the Defendants in this action.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 25th day of February, 2004.

IT IS HEREBY CERTIFIED that a true and correct copy of the above was sent by regular mail to: **Manuel San Juan, Esq.**, PO Box 9023587, San Juan, P.R. 00909-3587; **José A. Axtmayer, Esq.**, PO Box 70174, San Juan, Puerto Rico 00936-8174; **Dennis Parcés-Enríquez, Esq.**, PO Box 70174, San Juan, Puerto Rico 00936-8174.

| | |
|---|---|
| GREENBERG TRAURIG, PA | GOLDMAN, ANTONETTI & CÓRDOVA, P.S.C. |
| 401 East Las Olas Blvd | PO Box 70364 |
| Suite 2000 | San Juan, Puerto Rico 00936-8364 |
| Fort Lauderdale, Florida 33301 | Tel. (787) 759-8000; Fax (787) 759-9177 |
| Tel: (954) 768-8241; Fax: (954)765-1477 | |

_____        _____
JESÚS E. CUZA                                          INA M. BERLINGERI-VINCENTY
U.S.D.C. - P.R. 206509                              U.S.D.C. - P.R. 209306
cuzaj@gtlaw.com                                       iberlingeri@gaclaw.com

ftl-srv01\RECKL\510416v01\2/23/04