IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| METROPOLITAN LIFE INS. CO.,<br><br>Plaintiff<br><br>v.<br><br>NATIONAL COMMUNICATIONS SYS., INC. ET AL.,<br><br>Defendants. | CIVIL NO. 97-2331 (GZS)<br><br>RE: BREACH OF CONTRACT, DAMAGES AND FRAUD |

### PLAINTIFF'S MOTION TO STRIKE CERTAIN DOCUMENTS FROM CO-DEFENDANTS' EXHIBIT LIST

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF Metropolitan Life Insurance Company ("MetLife"), and respectfully requests that this Honorable Court issue an Order striking certain documents[1] from the Exhibit List of Co-Defendants Jose A. Axtmayer ("Axtmayer"), Hans Hertell ("Hertell"), and their respective conjugal partnerships constituted at the time of the acts in question in this action (collectively, "Co-Defendants"), and in explanation and support thereof, respectfully states:

**A.    DOCUMENTS RELATED TO THE DISQUALIFICATION ISSUE**

1.    As this Court is aware, the issues as to the disqualification of MetLife's counsel, Goldman, Antonetti & Cordova, were resolved. *See* Docket No. 384. Even after the Court's

---

[1] Co-Defendants finally produced **some** of the documents initially requested over six years ago on February 19, 2004. On February 20, 2004, Co-Defendants also produced the list of exhibits filed with this Court. However, Co-Defendants have never provided a properly identified index of documents during pretrial and the list of exhibits they did provide has no references to Bates numbers. As a result, counsel for MetLife is still trying to identify the documents announced as exhibits. Indeed, MetLife does not know if it has all of the documents. As such, MetLife has asked Co-Defendants to provide access to the documents identified on their exhibit list for MetLife's review. Therefore, this Motion to Strike does not include all of the issues that MetLife may raise as to the documents to be offered by Co-Defendants as exhibits.

Order rendering the issue moot, Co-Defendants requested an evidentiary hearing regarding the disqualification, which was subsequently denied by this Court. *See* Order dated February 11, 2004.

2. Despite this denial, Co-Defendants have listed several documents to be used as exhibits which pertain only to the disqualification issue. These documents have no relevance to any pending issue in this action. These documents include, but are not limited to, the following (as identified in Co-Defendants' Exhibit List): A-O; P-U; X-Z; AA-ZZ; AAA; CCC; DDD; FFF; TTT; UUU; XXX; and YYY.

3. By listing these documents, Co-Defendants are attempting to circumvent the prior Orders of this Court. More importantly, Co-Defendants are again attempting to use the disqualification issue as a "procedural weapon" to confuse the jury and prevent this case from being resolved on the merits.[2] This Court has previously condemned Co-Defendants' attempt to use disqualification for improper purposes. *See* Docket No. 384.

4. As stated in Plaintiff's Motion Requesting that References to Certain Law Firms and Attorneys be Precluded filed simultaneously herewith, references to MetLife's counsel and/or the law firms they represent, including related documents, have no probative value, are irrelevant and inadmissible under Fed. R. Evid. 401 and 403. Moreover, these references are unduly prejudicial against MetLife because they would confuse the jurors about the real issues in this case.

---

[2] Because of previous attempts at using disqualification in such a manner, Plaintiff filed an Omnibus Request for Sanctions under the Court's Inherent Power. Although this Request was denied without prejudice to the right to file for attorneys' fees and sanctions in the future, it fully describes the continuing attempts by Co-Defendants to avoid litigation of this action on the merits and is incorporated by reference herein.

5. Therefore, and per Fed. R. Evid. 401 and 403, the documents related to the disqualification issue should be stricken from Co-Defendants' Exhibit List for lack of relevancy to this trial.

## B. DOCUMENTS RELATED TO SETTLEMENT NEGOTIATIONS

6. Settlement negotiations in this protracted litigation began in September 1996 and have produced numerous associated documents.

7. Co-Defendants have listed several documents to be used as exhibits which were part of the settlement negotiations between MetLife's in-house counsel, among others, and Defendants. These documents include, but are limited to, the following (as identified in Co-Defendants' Exhibit List): FFFFF through JJJJJ.

8. Under the Federal Rules of Evidence, "evidence of conduct or statements made in compromise negotiations is likewise not admissible." Fed. R. Evid. 408; *Carballo-Rodriguez v. Clark Equip. Co., Inc.*, 147 F. Supp. 2d 66, 76 (D. P.R. 2001).

9. The First Circuit Court of Appeals has recognized that evidence of settlement negotiations is generally inadmissible. *Hiram Ricker & Sons v. Students Int'l Meditation Soc'y*, 501 F.2d 550, 553 (1st Cir. 1974). In addition, Puerto Rico law states that evidence regarding offers of settlement and negotiations of such a nature are inadmissible in civil actions. *Hodge v. American Home Assur. Co.*, 150 F.R.D. 25, 27 (D. P.R. 1993).

10. Therefore, the documents relating to settlement negotiations should be stricken from Co-Defendants' Exhibit List as inadmissible at this trial.

WHEREFORE, Plaintiff Metropolitan Life Insurance Company respectfully requests that this Honorable Court issue an Order striking the following documents from the Exhibit List provided by Co-Defendants Jose A. Axtmayer, Hans Hertell, and their respective conjugal

partnerships constituted at the time of the acts in question in this action: (i) all documents related to the disqualification issue; (ii) all documents related to the settlement negotiations; and (iii) such other relief as this Court deems just and proper.

R ESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 25th day of February, 2004.

I T IS HEREBY CERTIFIED that a true and correct copy of the above was filed via hand delivery upon the Court and sent by regular mail and via fax to: **Harold D. Vicente González, Esq.**, Vicente & Cuebas, PO Box 11609, San Juan, P.R. 00910-1609; **Manuel San Juan, Esq.**, PO Box 9023587, San Juan, P.R. 00909-3587; **José A. Axtmayer, Esq.**, PO Box 70174, San Juan, Puerto Rico 00936-8174; **Dennis Parcés-Enríquez, Esq.**, PO Box 70174, San Juan, Puerto Rico 00936-8174.

| GREENBERG TRAURIG, PA | GOLDMAN, ANTONETTI & CÓRDOVA, P.S.C. |
|---|---|
| 401 East Las Olas Blvd | PO Box 70364 |
| Suite 2000 | San Juan, Puerto Rico 00936-8364 |
| Fort Lauderdale, Florida 33301 | Tel. (787) 759-8000; Fax (787) 759-9177 |
| Tel: (954) 768-8241; Fax: (954)765-1477 | |

_____    _____
JESÚS E. CUZA                                          INA M. BERLINGERI-VINCENTY
U.S.D.C. - P.R. 206509                              U.S.D.C. - P.R. 209306
cuzaj@gtlaw.com                                     iberlingeri@gaclaw.com

ftl-srv01\RECKL\510667v01\2/24/04