IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| METROPOLITAN LIFE INS. CO., | CIVIL NO. 97-2331 (GZS) |
| Plaintiff | |
| | RE: BREACH OF CONTRACT, |
| v. | DAMAGES |
| NATIONAL COMMUNICATIONS SYS., INC. ET AL., | |
| Defendants. | |

PLAINTIFF'S MOTION SUBMITTING PROPOSED
JURY INSTRUCTIONS

TO THE HONORABLE COURT:

COMES NOW Plaintiff Metropolitan Life Ins. Co. ("MetLife"), through the undersigned attorneys, and respectfully submits its proposed jury instructions to the Court for purposes of the trial of this case. MetLife reserves the right to supplement or amend the instructions proposed herein in accordance to the evidence introduced at trial and to any changes in the law that may require revising any of the instructions proposed herein.

WHEREFORE, it is respectfully requested from this Honorable Court that it adopt the proposed jury instructions filed herewith.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that on February 26, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Manuel San Juan, Esq., José A. Axtmayer, Esq., and Dennis B. Parcés-Enríquez, Esq.

This 26th day of February, 2004.

*Counsel for Plaintiff Metropolitan Life Ins. Co.*

S/JESÚS E. CUZA
JESÚS E. CUZA
U.S.D.C.-P.R. 206509
cuzaj@gtlaw.com
GREENBERG TRAURIG, PA
401 East Las Olas Blvd, Suite 200
Ft Lauderdale, Fl  33301
Tel: (954) 768-8241; Fax: (954)765-1477

INA M. BERLINGERI-VINCENTY
U.S.D.C.- P.R.  209306
iberlingeri@gaclaw.com
GOLDMAN, ANTONETTI & CÓRDOVA, P.S.C.
PO BOX 70364
San Juan, P.R. 00936-8364
Tel. (787) 759-8000; Fax (787) 759-9177

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

METROPOLITAN LIFE INS. CO.,

Plaintiff

v.

NATIONAL COMMUNICATIONS SYS., INC. ET AL.,

Defendants.

CIVIL NO. 97-2331 (GZS)

RE: BREACH OF CONTRACT, DAMAGES

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

## I. GENERAL INSTRUCTIONS PRIOR TO CIVIL CASE
## METLIFE'S PROPOSED INSTRUCTION NO. 1

### GENERAL: NATURE OF THE CASE; BURDEN OF PROOF;

### DUTY OF JURY: CAUTIONARY

Members of the Jury:

We are about to being the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial. The party who brings a lawsuit is called the plaintiff. In this action, the plaintiff is Metropolitan Life Insurance Company, or MetLife. The party against whom the suit is brought is called the defendant. In this action, the defendants are José A. Axtmayer, Altagracia Escudero, Hans Hertell, Marie Stubbe, and the conjugal constituted between Mr. Hertell and Ms. Stubbe, National Communications Systems, Inc., also known as National Benefit Communication, Inc., or NBC.

Plaintiff MetLife claims that all defendants are liable for breach of contract. MetLife claims that they are liable either for their own acts and/or for the acts of another corporation, Benefit Communication Corporation of Puerto Rico, or BCC. MetLife seeks money damages resulting from the breach of contract in the amount of over four million dollars ($4,000,000) against the defendants. In the alternative, MetLife seeks a judgment of damages for the unjust enrichment of defendants at MetLife's expense.

Defendants are not in agreement as to the nature of the agreement between MetLife or as to who are the parties to this agreement. They also claim that they did not breach any contract. In addition, they claim and that they are not liable for any sum of money either for breach of contract or as a result of unjust enrichment.

At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

Source:        Adapted from 3 Edward J. Devitt, Charles B. Blackmar & Michael A. Wolff, *Fed. Jury Prac. & Instruc.* § 70.01 (4th ed. 1987); Ninth Circuit Manual of Model Civil Jury Instructions: Civil, § 1.1 (2001) (Ninth Cir. Manual").

Granted:        _____

Refused:        _____

Modified:        _____

Withdrawn:        _____

## METLIFE'S PROPOSED INSTRUCTION NO. 2

## ORDER OF TRIAL

The case will proceed in the following order:

FIRST:  Plaintiff may make an opening statement outlining his case.  Defendants may also make an opening statement, or it may defer the making of its opening statement until the  conclusion of plaintiff's case.  Neither party is required to make an opening statement.  What is said in an opening statement is not evidence, but is simply designed to provide you with an introduction as to the evidence which the party making the statement intends to offer.

SECOND:  Plaintiff will introduce evidence in support of his claims.   At the conclusion of plaintiff's case, defendant may introduce evidence.  Defendant, however, is not obliged to introduce any evidence or to call any witnesses.   If defendant introduces evidence, plaintiff may then introduce rebuttal evidence.

THIRD:  The parties may present closing arguments to you as to what they consider that the evidence has shown and as to the inferences which they contend you should draw from the evidence.  What is said in closing argument, just as with what is said in opening statement, is not evidence.  The arguments are designed to present to you the contentions of the parties based on the evidence introduced.  Plaintiff has the right to open and to close the argument.

FOURTH:  I will instruct you on the law which you are to apply in reaching you verdict.


Source:          3 Devitt, Blackmar & Wolff, § 70.02.


Granted:          _____

Refused:          _____

Modified:         _____

Withdrawn:        _____

**METLIFE'S PROPOSED INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:
(1) the sworn testimony of any witness;
(2) the exhibits which are received into evidence; and
(3) any facts to which the lawyers stipulate.


Source:        Ninth Circuit Model Civil Jury Instructions, Section 1.3

Granted:       _____

Refused:       _____

Modified:      _____

Withdrawn:     _____

**METLIFE'S PROPOSED INSTRUCTION NO. 4**

**WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1. Statements and arguments of the attorneys;

2. Questions and objections of the attorneys;

3. Testimony I instructed you to disregard;

4. Anything that you may see or hear when the court is not in session even if what you see or hear is done or said by one of the witnesses.


Source:        Manual of Model Jury Instructions for the 9th Circuit § 1.03 (1993).

Granted:        _____

Refused:        _____

Modified:       _____

Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 5

## ADMISSIONS IN PLEADINGS

You will therefore take these admitted facts to be true for purposes of this case:


Source:        3 Devitt, Blackmar & Wolff, § 70.04.

Granted:        _____

Refused:        _____

Modified:        _____

Withdrawn:        _____

## <u>METLIFE'S PROPOSED INSTRUCTION NO. 6</u>

### <u>STIPULATIONS AT PRETRIAL CONFERENCE</u>

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Source:        Ninth Circuit Model Civil Jury Instructions, Section 2.5

Granted:        _____

Refused:        _____

Modified:       _____

Withdrawn:      _____

## <u>METLIFE'S PROPOSED INSTRUCTION NO. 7</u>

### <u>CONDUCT OF THE JURY</u>

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the Marshall to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Source:        Ninth Circuit Model Civil Jury Instructions, Section 1.9

Granted:        _____

Refused:        _____

Modified:        _____

Withdrawn:        _____

## <u>METLIFE'S PROPOSED INSTRUCTION NO. 8</u>

### <u>NOTE-TAKING PERMITTED</u>

If you wish, you may take notes to help you remember what witnesses said. You will each be provided with a notebook for that purpose.

If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are not evidence: they are only to assist your memory. You should not be overly influenced by the notes.

Source:     Adapted from Ninth Circuit Model Civil Jury Instructions, Sec. 1.11; *United States v. Baker,* 10 F.3d 1374, 1402 (9th Cir.1993)*, cert. denied*, 513 U.S. 934 (1994).

Granted:    _____

Refused:    _____

Modified:   _____

Withdrawn:  _____

## METLIFE'S PROPOSED INSTRUCTION NO. 9

## QUESTIONS BY JURORS-PROHIBITED

This court does not permit jurors to ask questions of witnesses or of attorneys. Therefore, please do not interrupt the lawyers during their examination of witnesses or otherwise. If, However, you are unable to hear a witness or a lawyer please raise your hand and the court will see that the situation is corrected.

Source:     3 Devitt, Blackmar & Wolff, § 70.11.

Granted:     _____

Refused:     _____

Modified:     _____

Withdrawn:     _____

## METLIFE'S PROPOSED INSTRUCTION NO. 10

## COURT'S QUESTIONS TO WITNESSES

During the course of the trial, I may occasionally ask questions of a witness, in order to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all comment of the Court in arriving at your own findings as to the facts.

Source:        3 Devitt, Blackmar & Wolff, § 70.13.

Granted:        _____

Refused:        _____

Modified:        _____

Withdrawn:        _____

## METLIFE'S PROPOSED INSTRUCTION NO. 11

## COURT'S COMMENTS TO COUNSEL

It is the duty of the Court to admonish an attorney who, out of zeal for the cause of his or her client, does something which is not keeping with the rules of evidence or procedure.

You are to draw no inference against the side to whom an admonition of the court may be addressed during the trial of this case.

Source:        3 Devitt, Blackmar & Wolff, § 70.14.

Granted:        _____

Refused:        _____

Modified:        _____

Withdrawn:        _____

## METLIFE'S PROPOSED INSTRUCTION NO. 12

## DISCUSSION OF THE CASE

You will not be required to remain together while the court is in recess. It is important that you obey the following instructions with reference to the recesses of the court:

**FIRST:** Do not discuss the case either among yourselves or anyone else during the course of the trial. In fairness to the parties to this lawsuit, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' summations and my instructions to you on the law, and then only after an interchange of views with the other members of the jury.

**SECOND:** Do not permit any third person to discuss the case in your presence, and if anyone does so despite you telling him not to, report that fact to the Court as soon as you are able. You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel necessary to bring to the attention of the Court.

**THIRD:** Though it is a normal human tendency to converse with people with whom one is thrown into contact, please do not, during the time you serve on this jury, converse, whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only do not converse about the case, but do not converse at all, even to pass the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

Source:          Adapted from 1 Devitt, Blackmar & Wolff, § 10.14 (1977)

Granted:         _____

Refused:         _____

Modified:        _____

Withdrawn:       _____

## METLIFE'S PROPOSED INSTRUCTION NO. 13

## CONVERSATIONS AMONGST ATTORNEYS

Also, from time to time during this trial, you have seen the lawyers talk with me at my bench, out of you hearing.  You also have been excused from the courtroom so that I might hear legal arguments on points of law involved in this case.  I have ruled on all these matters which pertain solely to the legal aspects of this case, and which do not concern you as jurors.  You are, therefore, not to consider such matters in your deliberations, and you are not to speculate concerning them.


Source:        Adapted from 3 Devitt, Blackmar & Wolff, § 70.01.

Granted:        _____

Refused:        _____

Modified:        _____

Withdrawn:        _____

## METLIFE'S PROPOSED INSTRUCTION NO. 14

## II. BURDEN OF PROOF AND THE EVIDENCE

## PREPONDERANCE OF THE EVIDENCE

The burden is on the Plaintiffs in a civil action to prove the amount of damages to be awarded to it by preponderance of the evidence.

As to certain affirmative defenses which will be discussed later in these instructions, however, the burden of establishing the central facts belongs to the defendants, as I will explain.

To "establish by preponderance of the evidence" means to prove that something is more likely so than not so.  In other words if preponderance of the evidence in the case means such evidence as, when considered and compared with that oppose to it, has more convincing force, and produces in your mind belief that what is sought to be proved is more likely true than not true.  This rule does not of course require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Source:          Adapted from 3 Devitt, Blackmar & Wolff, § 72.01.

Granted:        _____

Refused:        _____

Modified:       _____

Withdrawn:    _____

## METLIFE'S PROPOSED INSTRUCTION NO. 15

## "IF YOU FIND," OR "IF YOU DECIDE"

When I say in these instructions that a party has a burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true that not true.

Source:      3 Devitt, Blackmar & Wolff, § 72.02.

Granted:      _____

Refused:      _____

Modified:      _____

Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 16

## DIRECT AND INDIRECT EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth to the facts of the case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of the chain of circumstances pointing to the existence or none existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.


Source:        3 Devitt, Blackmar & Wolff, § 72.03.

Granted:        _____

Refused:        _____

Modified:        _____

Withdrawn:        _____

## METLIFE'S PROPOSED INSTRUCTION NO. 17

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received. Whenever I sustain an objection to a question, you must ignore the question and must not guess  what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you  must not consider the evidence which I told you to disregard.

Source:          Ninth Circuit Manual, § 1.06.


Granted:          _____

Refused:          _____

Modified:          _____

Withdrawn:          _____

## METLIFE'S PROPOSED INSTRUCTION NO. 18

### INFERENCES DEFINED

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as to the witnesses testimony. You are permitted to draw, from facts which you find have been proved, such reasonable inference as is justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense leave the jury to draw from facts which have been established by the evidence in the case.


Source:        3 Devitt, Blackmar & Wolff, § 72.04.

Granted:        _____

Refused:        _____

Modified:        _____

Withdrawn:        _____

## METLIFE'S PROPOSED INSTRUCTION NO. 19

## OPINION EVIDENCE-EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule that we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be experts, and may also state their reasons for the opinion.

You are to consider an experts' testimony in the same way you consider other evidence in the case. In weighing an expert's testimony, you may consider the expert's qualifications, the soundness of his opinion, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. As part of your consideration of the soundness of the expert's opinion, you should consider the facts upon which the expert based his opinion, the source of these facts, and the extent to which the facts relied upon by the expert are consistent with the facts presented to you.

You may give the expert's testimony such weight, if any, you think it deserves in light of all of the evidence. You should not, however, accept a witness' testimony merely because he or she is an expert. Nor should you substitute it for your own reasoned judgment and common sense.

You may reject the expert's testimony in whole or in part, if you conclude the reasons given in support of an opinion are unsound or if, for other reasons, you do not believe the expert witness. Additionally, if you feel or find that the expert's opinion is outweighed or contradicted by other evidence, you may disregard the opinion entirely. In sum, the determination of the facts in this case rest solely with you.

You should consider the expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of the expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Source:     Adapted from 3 Devitt, Blackmar & Wolff, § 72.08.

Granted:     _____

Refused:     _____

Modified:     _____

Withdrawn:     _____

## METLIFE'S PROPOSED INSTRUCTION NO. 20

## CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. However, such charts or summaries are not in and of themselves evidence or proof of any facts. If such charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, such charts or summaries are used only as a matter of convenience; so if, and to the extent that you find they are not in truth summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.


Source:        3 Devitt, Blackmar & Wolff, § 72.09.

Granted:       _____

Refused:       _____

Modified:      _____

Withdrawn:     _____

## METLIFE'S PROPOSED INSTRUCTION NO. 21

## AFFIRMATIVE DEFENSES – BURDEN OF PROOF

The burden is on the Defendants to establish the central facts related to its affirmative defenses by preponderance of the evidence. This means that if the evidence favors MetLife no matter how slightly, or even if it is balanced, you must reject those affirmative defenses and return a verdict in favor of MetLife.

Source:      Adapted from 3 Devitt, Blackmar & Wolff, § 72.01; *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

Granted:      _____

Refused:      _____

Modified:      _____

Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 22

## LEGAL PRESUMPTIONS: DEFINITION AND EFFECT

A presumption is a deduction of fact the law requires you to make. If a presumption is made by you, the party against whom it is directed has the burden to prove the nonexistence of the presumed fact. If the party against whom the presumption is made fails to offer evidence showing the nonexistence of the presumed fact, you shall accept the existence of said fact.

In deciding whether plaintiff has met its burden to prove the elements of the cause of action, you must also consider the presumptions that the law requires you to make.

In this case, you must presume that parties that act as partners have a partnership agreement between them.

Source:       Rules 13, 14 and 16(28) of the Puerto Rico Rules of Evidence (1983); Fed. R. Evid. 301 and 302.

Granted:          _____

Refused:          _____

Modified:         _____

Withdrawn:        _____

## III.  WITNESSES' CREDIBILITY

## METLIFE'S PROPOSED INSTRUCTION NO. 23

## WITNESSES' CREDIBILITY AND DISCREPANCIES IN TESTIMONY

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.   Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Source:       3 Devitt, Blackmar & Wolff,  § 73.01; Fed. R. Evid. 613.

Granted:       _____

Refused:       _____

Modified:       _____

Withdrawn:       _____

## METLIFE'S PROPOSED INSTRUCTION NO. 24

## EFFECT OF PRIOR INCONSISTENT STATEMENTS
## OR CONDUCT BY A WITNESS NOT A PARTY

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source:        3 Devitt, Blackmar & Wolff, § 73.09; Fed. R. Evid. 613.

Granted:       _____

Refused:       _____

Modified:      _____

Withdrawn:     _____

## IV. BREACH OF CONTRACT CLAIM

## METLIFE'S PROPOSED INSTRUCTION NO. 25

## OBLIGATIONS ARISING FROM CONTRACTS

When a party enters into an agreement, it is obligated to fulfill the obligations to which it has agreed.

Sources:        Adapted from Article 1044 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 2994.

Granted:        _____

Refused:        _____

Modified:       _____

Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 26

## WHEN A CONTRACT IS PERFECTED

A contract begins to exist at the moment in which one or several persons agree to give something or render a service. From that moment forward, all the parties are obligated to the do what was agreed upon and to all the natural consequences of those agreements.

Sources:       *Valdés v. del Valle et al.*, 1 D.P.R. 25 (1899); Art. 1210 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 3375.

Granted:        _____

Refused:        _____

Modified:       _____

Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 27

## FORM OF CONTRACTS; ORAL OR WRITTEN

Contracts can be in writing or in oral form. They may also be of a combined nature.

Sources:      Art. 82 of the Commerce Code, P.R. Laws Ann. tit. 10, § 1302 (1990);  *Vila & Hnos., Inc. v. Owens Illinois de P.R. et al.*, 117 P.R.R. 989 (1986); *Bigas v. Monforte*, 76 D.P.R. 309 (1954).

Granted:      _____

Refused:      _____

Modified:      _____

Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 28

## PAROLE EVIDENCE

The existence and terms of an oral contract can be proven through witnesses, as long as there is written evidence that is consistent with such testimony. However, the written evidence does not need to contain all or any of the elements of the contract. All that is necessary is the showing of some corroborating written documentation.

In this case, MetLife claims that it entered into an oral contract with the Defendants. It also claims that, although there is no one written document containing all of the terms of the contract, the existence of the same can be shown through testimony of witnesses and corroborated by a series of documents.

Sources:        Art. 82 of the Commerce Code, P.R. Laws Ann. tit. 10, § 1302 (1990); *Bigas v. Monforte,* 76 D.P.R. 309, 311 (1954); *Miranda v. Editorial El Imparcial, Inc.,* 99 D.P.R. 601, 628 (1971).

Granted:        _____

Refused:        _____

Modified:       _____

Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 29

### INTERPRETATION OF CONTRACTS

The various terms of a contract should be read together and harmonized so as to determine the intent of the parties.


Sources:          Art. 1237 of the Civil Code, P.R. Laws Ann. tit. 31, § 3475

Granted:          _____

Refused:          _____

Modified:         _____

Withdrawn:     _____

## METLIFE'S PROPOSED INSTRUCTION NO. 30

## INTENTION PREVAILS

If the written terms of a contract appear to be contrary to the evident intention of the contracting parties, the intention shall prevail. In other words, it is the intention of the parties, and not the language of a contract what will determine the scope of the contractual obligations.

In order to establish the parties' intention, you must consider their conduct during the negotiation phase. You must also consider their conduct when they parties entered into the agreement and afterwards.

In this case, you need to consider the parties' intentions with respect to several issues. First, you need to establish what was the intention of the Plaintiff and the Defendants in determining the existence and scope of their relationship as well as each of the parties' obligations. You also need to consider the Defendants' intention in using several corporate entities such as defendant NBC and Benefits Communications Corporation of Puerto Rico, or BCC, and the role of these entities in the relationship.

Sources:     Art. 1233 of the Civil Code, P.R. Laws Ann. tit. 31, § 3471 (1990); *Marina Industrial, Inc. v. Brown Boveri Corporation,* 114 P.R.R. 86 (1983); *Francisco Garratón, Inc. v. Lanman & Kemp-Barclay & Co., Inc.*, 559 F. Supp. 405 (D.P.R. 1983); *García López v. Méndez García*, 102 P.R.R. 489 (1974). *See also Heirs of Ramírez v. Superior Ct.*, 81 P.R.R. 347 (1959); *Catullo v. Metzner*, 834 F.2d 1075, 1079 (1st Cir. 1987).

Granted:      _____

Refused:      _____

Modified:     _____

Withdrawn:    _____

## V. <u>AGENCY</u>

## <u>METLIFE'S PROPOSED INSTRUCTION NO. 31</u>
## <u>AGENT AND PRINCIPAL - DEFINITION</u>

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. The agency agreement may be oral or written.

The principal is responsible for the acts of the agent if performed within the context of the agency agreement.

Source:          Arts. 1600-1601 of the Civil Code, P.R. Laws Ann. tit. 31, §  4421-22 (2003).

Granted:         _____

Refused:         _____

Modified:        _____

Withdrawn:       _____

## VI. CALCULATION OF DAMAGES


## METLIFE'S PROPOSED INSTRUCTION NO. 32


## EFFECT OF INSTRUCTIONS AS TO DAMAGES


I am now going to give you instructions concerning the issue of the proper measure of damages. These instructions are to be considered in determining the amount of damages should you find in favor of MetLife. Instructions as to the measure of damages are given for your guidance, in determining an amount of damages which should be awarded on the basis of the evidence in the case in accordance with the other instructions.



Source:         Adapted from 3 Devitt, Blackmar & Wolff, § 74.02.


Granted:        _____


Refused:        _____


Modified:       _____


Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 33

## CALCULATION OF COMPENSATORY DAMAGES

Plaintiff is entitled to recover an amount which will reasonably compensate it for the damages it suffered as a result of the Defendants' conduct.  The goal in damages actions is to put the injured party as nearly as possible where he would have been had the breach not occurred.

Source:     Arts. 1054 and 1059 of the Civil Code, P.R. Laws Ann. tit. 31, §§ 3018 and 3023 (2000); *Noble v. Corporación Insular de Seguros,* 738 F.2d 51 (1984); *García Pagán v. Shiley Caribbean, Inc. et al.*, 122 D.P.R. 193, 205-6 (1988); *Velázquez Lozada v. Ponce Asphalt, Inc.*, 113 P.R.R. 55 (1982)

Granted:     _____

Refused:     _____

Modified:     _____

Withdrawn:     _____

## METLIFE'S PROPOSED INSTRUCTION NO. 34

## DAMAGES – LOST PROFIT

An injured party is entitled to recover for losses which may have been suffered as well as for the profits which it may have failed to realize as a result of that breach.

Source:      Adapted from *Noble v. Corporacion Insular de Seguros,* 738 F.2d 51 (1985); *Zeno v. Vazquez Rosario,* 106 D.P.R. 324, 326-29 (1977); *Perez v. Sampedro,* 86 D.P.R. 526 (1962);

Granted:      _____

Refused:      _____

Modified:      _____

Withdrawn:      _____

# VI.  PARTNERSHIPS

## METLIFE'S PROPOSED INSTRUCTION NO. 35

## DEFINITION OF A PARTNERSHIP

A partnership is a contract whereby two or more people commit their money, goods or work with the purpose of sharing in the earnings. The members of a partnership are called partners.

Sources:     Art. 1556 of the Civil Code, P.R. Laws Ann. tit. 21, § 4311 (2003)

Granted: _____

Refused: _____

Modified: _____

Withdrawn: _____

**METLIFE'S PROPOSED INSTRUCTION NO. 36**


**HOW A PARTNERSHIP BEGINS TO EXIST**


A partnership begins to exist as soon as the partners enter into such an agreement. The partnership agreement may be of an oral form.


Sources:        Arts. 1570, 1558 and 1561 of the Civil Code, P.R. Laws Ann. tit. 21, §§ 4341, 4313 and 4316 (2003)


Granted:        _____


Refused:        _____


Modified:        _____


Withdrawn:        _____

## METLIFE'S PROPOSED INSTRUCTION NO. 37

## ACT OF PARTNER IS ACT OF ALL PARTNERS

An act or omission of a partner within the scope of the partnership business is the act or omission of all partners.

In order for a partner to bind a partnership, it is necessary that (1) the partner acts on behalf of the partnership, (2) that he is authorized to act on behalf of the partnership and (3) he has acted pursuant to his authority.

The Defendants Axtmayer and Hertell are sued as members of a partnership comprised by them and Mr. John D'Angelo and Mr. George Miller. Defendants deny that any partnership existed. If you find that Axtmayer, Hertell, D'Angelo and Miller were partners, then you must find that the acts of any of these four individuals within the scope of the partnership business binds all four individuals.

The fact that you find that Axtmayer, Hertell, D'Angelo and Miller were not partners, however, does not mean that you have to find that Axtmayer and Hertell are not liable. I will instruct you as to this later on.

Sources:     Arts. 1586(1) and 1588 of the Civil Code, P.R. Laws Ann. tit 31, §§ 4357(1) and 4371 (2003); *See Guillermety v. Diaz & Pardo*, 14 P.R.R. 803 (1908).

Granted:        _____

Refused:        _____

Modified:       _____

Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 38

## PARTNERS ARE PERSONALLY LIABLE

The existence of a partnership does not limit the liability of its partners in their personal capacity. Partners respond with their personal assets of those liabilities of the society in case that the assets of the partnership are insufficient.

Sources:       *Asc'n de Propietarios v. Santa Barbara Co.,* 112 D.P.R. 33 (1982).

Granted:        _____

Refused:        _____

Modified:       _____

Withdrawn:      _____

## VII. CORPORATIONS

## METLIFE'S PROPOSED INSTRUCTION NO. 39

## EQUAL STANDING OF PERSONS BEFORE THE LAW

A corporation is a person under the law. You should be aware that equal standing before the law is guaranteed by our constitution and, as such, shall be respected by you. Corporations are entitled to the same fair and conscientious consideration by you as any other person.

The fact that MetLife is a corporation should not affect your decision.

Source:        Adapted from the *Ninth Circuit Manual of Model Jury Instructions - Civil* § 6.1 (1997); Arts. 27-30 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§101-104 (2000).

Granted:        _____

Refused:        _____

Modified:        _____

Withdrawn:        _____

## METLIFE'S PROPOSED INSTRUCTION NO. 40

## ALTERNATIVE THEORIES OF RECOVERY

Parties to a lawsuit are allowed to plead alternative legal theories.

Sources:       Fed. R. Civ. P. 8(e)(2)

Granted:        _____

Refused:        _____

Modified:       _____

Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 41

## UNJUST ENRICHMENT

A party who unjustly enriches himself at the expense of another, without cause, must restore such assets unjustly gained to its rightful owner.

Sources:        *Detroit Bank and Trust Co. v. Trust Company of the Virgin Islands*, 644 F. Supp. 444, 451 (D.P.R. 1985).

Granted:        _____

Refused:        _____

Modified:        _____

Withdrawn:        _____

## METLIFE'S PROPOSED INSTRUCTION NO. 42

## UNJUST ENRICHMENT

As I have explained, MetLife seeks damages against Defendants for breach of contract. However, even if you find that no agreement existed with the Defendants or that the Defendants did not breach their obligations, you could still find that they are liable for unjust enrichment. In order to do so, MetLife must show the following: (1) that the Defendants enriched unjustly; (2) that MetLife was impoverished; and (3) a connection between Defendants' enrichment and MetLife's impoverishment.

Sources:     *Municipality of Cayey v. Soto*, 131 D.P.R. 304 (1992).

Granted:     _____

Refused:     _____

Modified:     _____

Withdrawn:     _____

**METLIFE'S PROPOSED INSTRUCTION NO. 43**


**PIERCING OF CORPORATE VEIL; GENERALLY**


It is a well known fact that a corporation has its own personality and assets, which are separate and distinct from those of its stockholders. Consequently, the liability of stockholders for the debts and obligations of the corporation is generally limited to whatever assets they have brought to the corporate capital.


However, you must disregard the corporate structure and hold the shareholders responsible for the liabilities of the corporation in the following circumstances:

- When the corporation is merely an "alter ego" or business conduit of its only shareholders. A corporation is deemed the shareholders' alter ego or business conduit when there is such confusion between the corporate and the shareholders' identity that they are, in reality, one and the same.

- Where the shareholders receive exclusively and personally all the benefits deriving from the corporate enterprise.

- If such disregard is necessary to prevent fraud or the fulfillment of an illegal purpose or to prevent a clear inequity or wrong.




Sources:      1 *Fletcher Cyclopedia of the Law of Private Corporations* § 14; *DACO v. Alturas de Florida Development Corp.*, 132 D.P.R. 905 (1993)


Granted:      _____


Refused:      _____


Modified:      _____


Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 44

## PIERCING OF CORPORATE VEIL; EVIDENCE

There is no precise formula as to the conditions under which a corporate entity may be disregarded. But generally, you should consider

(a) a reduced number of shareholders or whether the corporation is closely held,

(b) strong shareholders' control over corporate matters,

(c) the treatment of corporate assets as personal assets by the shareholders,

(d) the indiscriminate withdrawal of corporate capital,

(e) mixture of personal assets and corporate assets,

(f) lack of corporate archives,

(g) lack of corporate meetings, and lack of corporate rules or disregard of such rules,

(h) inactivity or lack of corporate officials other than shareholders,

(i) the practice of failure to declare dividends,

(j) non issuance of stock,

(k) the public presentation, or perception, of the shareholder as responsible for the corporation in his personal capacity, and

(l) lack of attention to the corporation's independent personality.

To be sure, all factors need not be present in order to pierce the corporate veil. However, a corporation's capitalization is one of the major considerations in deciding whether a separate corporate entity was maintained. Thus, you should give special attention to the corporation's capital structure to see whether the corporation was under-capitalized at the time of its creation, if the shareholders drained all of its financial resources or whether the corporation was insolvent if it was dissolved. The prong is met if the corporation is so undercapitalized that it is unable to meet debts that may reasonable be expected to arise in the normal course of business.

Sources:     1 *Fletcher Cyclopedia*, §§ 41.10, 41.30, 41.33, 41.50, 41.72; *DACO v. Alturas de Florida Development Corp.*, 132 D.P.R. 905 (1993). *See Pepsi Cola Metropolitan Bottling Co., Inc. v. Checkers, Inc.,* 754 F.2d 10, 16 (1st Cir. 1985); *Crane v. Green Freedman Banking Co.*,134 F.3d 17, 25 (1st Cir. 1998).

Granted:         _____

Refused:         _____

Modified:        _____

Withdrawn:       _____

## METLIFE'S PROPOSED INSTRUCTION NO. 45

## SPECIAL INSTRUCTION REGARDING BCC; EFFECT OF BANKRUPTCY

You have heard reference to Benefit Communications Corporation of Puerto Rico, or BCC. BCC has filed for protection from the Bankruptcy Court. BCC is not a defendant in this case because the law protects BCC against law suits such as this one while it is subject to a Bankruptcy procedure.

However, the fact that BCC is not a party to this case or that it is under the protection of the Bankruptcy Court does not mean that you cannot find that some of the defendants, such as Axtmayer, Hertell and Escudero, are liable for the acts of BCC.


Sources:        11 U.S.C. § 362 (2004).


Granted:        _____


Refused:        _____


Modified:       _____


Withdrawn:      _____

## VIII. DELIBERATION AND VERDICT

### METLIFE'S PROPOSED INSTRUCTION NO. 46

### STIPULATIONS - JUDICIAL NOTICE

Statement and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

When the court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

The evidence in the case always consisted of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated, and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Source:       Adapted from 3 Devitt, Blackmar & Wolff,  § 71.08.

Granted:       _____

Denied:       _____

Modified:       _____

Withdrawn:       _____

## METLIFE'S PROPOSED INSTRUCTION NO. 47

## COMMUNICATIONS BETWEEN COURT AND JURY
## DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person, not even to the Court how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Source:         3 Devitt, Blackmar & Wolff, §74.08.

Granted:        _____

Refused:        _____

Modified:       _____

Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 48

## VERDICT UNANIMOUS, DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Source:          3 Devitt, Blackmar & Wolff, § 74.01.

Granted:          _____

Refused:          _____

Modified:          _____

Withdrawn:          _____

## METLIFE'S PROPOSED INSTRUCTION NO. 49

## VERDICT FORMS-JURY'S RESPONSIBILITY

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.


Source:         3 Devitt Blackmar & Wolff, Civil §74.07.


Granted:        _____


Refused:        _____


Modified:       _____


Withdrawn:      _____

## METLIFE'S PROPOSED INSTRUCTION NO. 50

## ELECTION OF FOREPERSON - VERDICT

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

Forms of verdict have been prepared for your convenience.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

METROPOLITAN LIFE INS. CO.,

Plaintiff

v.

NATIONAL COMMUNICATIONS
SYS., INC. ET AL.,

Defendants.

CIVIL NO. 97-2331 (GZS)

RE: BREACH OF CONTRACT,
DAMAGES

### INTERROGATORIES TO THE JURY

1.    Did Jose Axtmayer, Hans Hertell, George Miller and John D'Angelo have a partnership arrangement amongst themselves?

Yes_____          No_____

If yes, go to question 4.

2.    Did Jose Axtmayer, Hans Hertell, George Miller, and John D'Angelo represent to MetLife and others that they were partners?

Yes_____          No_____

If yes and defendants have not proven that they were not partners, go to question 4.

3.      Did Jose Axtmayer, Hans Hertell, George Miller and John D'Angelo act or conduct themselves as partners?

Yes_____          No_____

If yes and defendants have not proven that they were not partners, go to question 4.

4.      Did the partners enter into a contractual relationship with MetLife?

Yes_____          No_____

5.      If yes, go to question 5.  If no, go to question 9.

6.      Did any of the defendants breach their contractual relationship with MetLife?

Yes_____          No_____

If yes, go to question 7.  If no, go to question 9.

7.      Did MetLife suffer damages as a result of defendants' breach?

Yes_____          No_____

If yes, go to question 8.  If no, go to question 9.

8.      What were MetLife's damages?

Amount:  _____

9.      Did BCC have a contractual relationship with MetLife?

Yes _____          No _____

If yes, go to question 10.  If no, go to question 14.

10.    Are Axtmayer and Hertell responsible for the acts of BCC?

Yes _____     No _____

If yes, go to question 11.  If no, go to question 14.

11.    Did BCC breach its contractual relationship with MetLife?

Yes _____     No _____

If yes, go to question 12.  If no, go to question 14.

12.    Did MetLife suffer damages as a result of BCC's breach of contract?

Yes _____     No _____

If yes, go to question 13.  If no, go to question 14.

13.    What were MetLife's damages?

Amount:  _____

14.    Did defendants Axtmayer, Hertell and Escudero unjustly enrich themselves at the expense of MetLife?

Yes _____     No _____

If yes, go to question 15.

15.    In what amount did Axtmayer, Hertell and Escudero unjustly enrich themselves?

Amount:  _____

Award MetLife the following:

     A.  The amount stated in questions 8 or 13; or

     B.  The amount stated in response to question 15.

If you have determined that MetLife is entitled to damages under questions 8 or 14, do not award MetLife damages under question 15.

If no amount has been entered in response to questions 8, 13 and 15, enter a judgment in favor of Defendants.

SO SAY WE ALL.


_____

     Foreperson

Date: _____

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

Source:        Eleventh Circuit Model Civil Jury Instructions, §2; 3 Devitt, Blackmar & Wolff, Civil §74.04.

Granted:       _____

Denied:        _____

Modified:      _____

Withdrawn:     _____