UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>NATIONAL COMMUNICATIONS SYSTEMS, INC., *et al.,*<br><br>Defendants | CIVIL NO.: 97-2331 (GZS) |

**MOTION TO DISMISS PLAINTIFF'S *ALTER EGO*
CAUSE OF ACTION FOR LACK OF JURISDICTION**

**TO THE HONORABLE COURT**:

**COME NOW** defendants José A. Axtmayer *pro se*, and Altagracia Escudero, Hans H. Hertell, Marie Stubbe and their conjugal partnership through their respective undersigned counsel, and respectfully allege state and pray as follows:

**Introduction**

1. As noted by the Court in its order of January 21, 2004 (Dkt. No. 376), there remain pending for adjudication against the appearing co-defendants only three (3) causes of action in plaintiff's Second Amended Complaint, namely causes of action for (1) breach of contract; (2) unjust enrichment; and (3) to pierce the corporate veil of co-defendant Benefits Communication Corporation of Puerto Rico ("BCCPR") as defendants' alleged *alter ego*.

2. As such, plaintiff's cause of action to pierce BCCPR's corporate veil is premised on the allegations of Metropolitan Insurance Company ("MetLife") that BCCPR

is the *alter ego* of the appearing co-defendants in order to make such co-defendants personally liable to plaintiff for BCCPR's alleged breach of its alleged verbal agreement with MetLife.

3. An action to pierce a corporation's corporate veil is not a cause of action *per se,* but in reality constitutes a request for a remedy available in equity, inasmuch as the relief sought thereby is to dispense with the corporate formalities and the statutory protection available to the corporation's shareholders,[1] and thereby make them personally responsible for the corporation's obligations to the creditor seeking such remedy.

4. Notwithstanding the foregoing and the long-held legal principles supporting such proposition, plaintiff has sought to prosecute a cause of action seeking to pierce BCCPR's corporate veil as the alleged *alter ego* of the appearing co-defendants as BCCPR shareholders since its initial complaint was filed before this Court on September 5, 1997. (Dkt. No. 1). Thereafter, plaintiff's Amended Complaint and Second Amended Complaint, respectively filed on November 24, 1997 (Dkt. No. 2), and April 6, 1998 (Dkt. No. 38), continue to reflect a cause of action seeking such remedy against BCCPR and its shareholders.

**BCCPR's Chapter 7 Proceedings**

5. On July 19, 2002, BCCPR filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code before the U.S. Bankruptcy Court for the District of Puerto Rico (Case No. 02-07729), thereby staying the prosecution of this civil action against BCCPR

---

1 In the case of BCCPR, a corporation organized under the laws of the Commonwealth of Puerto Rico ("Puerto Rico"), the shareholders' corporate immunity and protection is granted under Article 4.03 of Puerto Rico's General Corporation Law, 14 LPRA 2723.

under the protection afforded to BCCPR by the statutory stay provided in 11 USC 362(a)(1) and 11USC 362(a)(3).

6. BCCPR's Chapter 7 petition listed MetLife as one of its named creditors, and although MetLife did not even make an appearance during any one of the three (3) meetings of creditors held before the Bankruptcy Court pursuant to 11 USC 341, Metlife filed two (2) proofs of claims against BCCPR on November 18, 2002, namely (a) one seeking the payment of sanctions awarded by this Court against BCCPR in these proceedings amounting to $6,679.28; and (b) another seeking payment of $7 million for the contingent claims contained in plaintiff's causes of action under its Second Amended Complaint in these proceedings.

7. Thereafter, MetLife's only other action against BCCPR before the Bankruptcy Court was its Motion for Relief of Stay recently filed in the Chapter 7 proceedings dated January 30, 2004, which was argued and denied by the U.S. Bankruptcy Court earlier this week, on February 24, 2004. As stated in such motion and expressly confirmed by MetLife's counsel at the hearing held before the U.S. Bankruptcy Court, MetLife expressed having no interest in the prosecution of the claims in its Second Amended Complaint against BCCPR, seeking instead an order of the Bankruptcy Court to lift the statutory stay protection available to BCCPR only for the limited purpose of conducting last-minute discovery in connection with the upcoming trial of these proceedings.

8. The U.S. Bankruptcy Court, however, denied MetLife's Motion for Relief of Stay, ruling that even for the limited purpose of conducting discovery, lifting the stay required the participation of the Chapter 7 Trustee; that MetLife failed to properly include such Trustee in its request as an indispensable party thereto pursuant to 11 USC 323; and

that MetLife's request to lift the stay was inordinately late in Chapter 7 proceedings that were commenced more than eighteen (18) months ago.

**Jurisdiction of U.S. Bankruptcy Court**

9.  An action seeking as a remedy to pierce a Chapter 7 debtor's corporate veil is "property of the estate" of such debtor within the meaning of Section 541(a) of the Bankruptcy Code.[2] Accordingly, the automatic stay provisions of 11 USC 362(a)(3) apply to such action and, as a result, its prosecution before this Court is not permissible unless and until such stay is lifted by the Bankruptcy Court. *S.I. Acquisition, Inc. v. Eastway Delivery Service, Inc.,* 817 F.2d 1142 (5th Cir. 1987).

10.  To determine whether such action is part of a corporation's property under 11 USC 541(a)(1) (including the corporation's "legal or equitable interests *** in property as of the commencement of the case" before the Bankruptcy Court), one must first look at the applicable state law governing actions by a corporation against its shareholders. In the case at hand, there is ample support for the proposition that under Puerto Rico's corporate law a corporation may bring such action against its shareholders, usually in the form of a derivative action requiring the corporation's presence as an indispensable party to the proceedings.[3] Accordingly, an action seeking to pierce the corporate veil of a Puerto Rico corporation currently under the jurisdiction of the Bankruptcy Court in a Chapter 7

---

2 Such section of the Bankruptcy Code expressly provides in pertinent part that "[s]uch estate is comprised of all of the following property, wherever located and by whomever held: [including] (1) *** all legal or equitable interests of the debtor in property as of the commencement of the case."  11 USC 541(a)(1).

3 See Diaz Olivo, *Corporaciones*, Sec. 12.02, p. 278 (1999), where the leading treatise writer on Puerto Rico corporate law states that the "derivative action is an equitable remedy recognized by the courts to vindicate the corporation's rights when those called to do so do not." See also, Varallo and Dreisbach, *Fundamentals of Corporate Governance*, Chapter 5, page 91 (1996); and *Levien v. Sinclair Oil Corp.*, 314 A.2d 216 (Del. Ch. 1973), *affd.*, 332 A.2d 139 (Del. 1975).

voluntary proceeding is part of such debtor's property under 11 USC 541(a)(1). (See, *S.I. Acquisition,* **supra**.)

11.     As such, the action in question – to pierce the corporate veil of a Chapter 7 debtor subject to and protected by the pertinent provisions of the Bankruptcy Code – requires the participation of the Chapter 7 Trustee as an indispensable party with the responsibility to oversee and protect all of such debtor's property. 11 USC 323(a) and (b).

12.     Accordingly, at this point in time only the Bankruptcy Court has jurisdiction over the property of BCCPR, and any *alter ego* action to pierce its corporate veil and proceed against the appearing co-defendants as BCCPR shareholders, requires the participation and consent of BCCPR's Chapter 7 Trustee as an indispensable party, as well as the Bankruptcy Court's order to lift the statutory stay protection currently available to BCCPR under 11 USC 362(a)(3).

13.     In the case at hand, given that plaintiff has not sought or obtained an order from the Bankruptcy Court lifting the stay, which prevents the prosecution of such action against BCCPR in these proceedings, defendants respectfully submit that this Court does not have jurisdiction to allow plaintiff to continue with the prosecution of its action to pierce BCCPR's corporate veil before this Court, and that such continued prosecution would constitute a violation of the statutory stay provisions of 11 USC 362(a)(3) and subject plaintiff to contempt of court.

14.     This proposition is amply supported by case law. For instance, in *S.I. Acquisition, Inc. v. Eastway Delivery Service, Inc.*, **supra**, the Fifth Circuit Court of Appeals addressed the question of jurisdiction in a state court prosecution to pierce the corporate veil of a Chapter 11 debtor, and stated the following:

> The issue presented is whether the prosecution of a state court suit that is premised solely upon the theory that the defendants therein are the controlling entities or persons of a chapter 11 debtor (and thus accountable for the debtor's debts) is automatically stayed **as to all parties** involved by section 362(a)(1) or (3) upon the filing of the debtor's bankruptcy petition.  **We answer this question in the affirmative, finding that section 362(a)(3) automatically stayed \*\*\*[the] state court action.**  (817 F.2d 1142 at 1150; emphasis supplied.)

15.    Similarly, in *Schimmelpennink* v. *Byrne*, 183 F.3d 347 (5th Cir. 1999), the Circuit Court of Appeals ruled that a state court action to pierce a corporate veil based on averments of *alter ego* and "single business enterprise" are ultimately general claims that ultimately seek to recover or control property of [the debtor], and that such claims are the [Trustee's] to enforce or not to enforce \*\*\* [so that] \*\*\* assertion of any such alter ego or single business enterprise claims must be initiated, if at all, by the [Trustee] on behalf of all creditors.  (183 F.3d at 361)

16.    Lastly, in *Sheppard v. River Valley Fitness One , L.P.*, 2002 WL 197976 (D.N.H. January 24, 2002), the District Court denied a request to amend a plaintiff's complaint to incorporate a cause of action to pierce a corporation's corporate veil, ruling that since "any case for recovery against [the debtor in bankruptcy] must be made in an adversary proceeding in the bankruptcy court, that court is the proper forum for the \*\*\* veil-piercing attempt, \*\*\*"  (2002 WL 197976 at 9), and adopting the ruling of the district court in *Mitsubishi Caterpillar Forklift Am. V. Superior Serv. Assocs., Inc.* 81 F. Supp.2d 101 (D. Me. 1999) where that court stated that

> **piercing** the **corporate veil** is an equitable remedy \*\*\* that allows the court to disregard the corporate entity and award relief against an individual on claims that might otherwise be limited to relief against the corporation. It is not a cause of action in itself.

**Conclusion and Prayer**

In view of the foregoing, defendants respectfully request that the Court grant this motion and dismiss plaintiff's cause of action to pierce BCCPR's corporate veil because it lacks jurisdiction to grant the remedy sought therein, inasmuch as such cause of action is properly part of BCCPR's bankruptcy estate property that may not be prosecuted before this Court unless and until plaintiff herein, after joinder of BCCPR's Chapter 7 trustee as an indispensable party, seeks and obtains an order from the U.S. Bankruptcy Court lifting the current stay preventing the prosecution of such action under 362(a)(3).

**WHEREFORE**, the appearing defendants respectfully request that the Court dismiss plaintiff's cause of action to pierce BCCPR's corporate veil incorporated in Count V of plaintiff's Second Amended Complaint.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 26th day of February 2004.

**I HEREBY CERTIFY** that on this same date a true and exact copy of this motion was served by electronic and regular mail to: **Jesús Cuza, Esq.,** Greenberg Traurig, PA, 401 East Las Olas Blvd., Suite 200, Ft. Lauderdale, FL 33301; **Ina M. Berlingeri Vincenty, Esq.** Goldman Antonetti & Cordova, P O Box 70364, San Juan, Puerto Rico 00936-0364; **Harold Vicente, Esq.,** P O Box 11609, San Juan, PR 00910-1609; and to **Judge George Z. Singal** through fax number 207-780-3392.

**/s/ JAA**
**JOSE A. AXTMAYER**
*Pro Se*
PO Box 70174
San Juan, P.R.  00936-8174
Tel.  787-777-4040
Fax. 787-777-4041
USDC-PR NO. 120613
jaxtmayer@axtmayerpsc.com

**/s/ Dennis Parces Enriquez**
**DENNIS PARCES-ENRIQUEZ**
PO Box 70174
San Juan, PR 00936-8174
Tel.  787-777-4040
Fax. 787-777-4041
USDC-PR NO. 220013
dparces@axtmayerpsc.com

**/s/ Manuel San Juan**
**MANUEL SAN JUAN**
PO Box 9023587
San Juan, PR 00902-3587
Tel. 787-723-6637/69
Fax 787-725-2932
USDC-PR NO. 204706
sanjuanm@microjuris.com