IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| METROPOLITAN LIFE INS. CO., <br><br> Plaintiff <br><br> v. <br><br> NATIONAL COMMUNICATIONS SYS., INC. ET AL., <br><br> Defendants. | CIVIL NO. 97-2331 (GZS) <br><br> RE: BREACH OF CONTRACT, DAMAGES AND FRAUD |

**PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM WITH RESPECT TO ANTHONY ZITRIN, ESQ.**

TO THE HONORABLE COURT:

COME NOW PLAINTIFF Metropolitan Life Insurance Company ("MetLife") and Mr. Anthony Zitrin, Esq., ("Zitrin"), who respectfully requests that this Court enter an Order quashing the subpoena *duces tecum* served upon Zitrin, by Defendants Jose A. Axtmayer ("Axtmayer"), Altagracia Escudero, Hans Hertell ("Hertell"), Marie Stubbe, and their respective conjugal partnerships constituted at the time of the acts in question in this action (collectively, "Defendants"), and in support thereof, state:

1. Zitrin received yesterday a subpoena *duces tecum* issued by this Court and sent via certified mail delivered by the United States Postal Service. Exhibit A. The subpoena *duces tecum* commands Zitrin to "appear in the United States District Court for the District of Puerto Rico on March 1, 2004 at 9:00 a.m. to testify" in the above-styled cause.[1]

---

[1] A second subpoena *duces tecum,* issued by the United States District Court for the Southern District of New York, was also delivered via certified mail and received on the same date. A motion to quash that subpoena is being filed with that court on this date.

2. Zitrin is currently employed as in-house counsel for plaintiff in this action, MetLife. Zitrin was also employed by MetLife as its in-house counsel at the time of acts in question in this case. *See* Statement Under Penalty of Perjury, Exhibit B.

3. Under Fed. R. Civ. P. 45(c)(3)(A), a subpoena shall be quashed by the court which issued it if one of four conditions is fulfilled. All four conditions are met here, explained as follows. As such, the subpoena *duces tecum* should be quashed.

4. First, the subpoena "fails to allow reasonable time for compliance." Fed. R. Civ. Proc. 45(c)(3)(A)(i). The subpoena was received by Mr. Zitrin on Thursday, February 26, 2004, which is just one business day and three days in total before the time at which Zitrin is ordered to appear before a court located in Puerto Rico. Zitrin currently resides and is employed in the state of New York. *See* Exhibit B. The subpoena does not provide sufficient time for Zitrin to organize his business affairs and make travel arrangements.

5. Second, the subpoena "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person." Fed. R. Civ. Proc. 45(c)(3)(A)(ii). Zitrin is not a named party to this action. Likewise, he is not an officer of a party. Not only is Zitrin being asked to travel more than 100 miles from New York, he is being asked to travel over 1,500 miles to Puerto Rico. The exception that "a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held" does not apply here. Zitrin is not being commanded to travel from Puerto Rico but rather to Puerto Rico.

6. Third, the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. Proc. 45(c)(3)(A)(iii). According to the Joint

Proposed Pretrial Order, Defendants intend to call Zitrin to testify as to "the benefits communications program in Puerto Rico."

7. Knowledge of the benefits program in Puerto Rico and any participation in this legal action on the part of Zitrin occurred solely in the context of providing legal counsel to MetLife. *See* Exhibit B. Even though Zitrin is an in house lawyer for MetLife, communications between Zitrin and employees of MetLife are nonetheless considered privileged. *See Upjohn v. United States*, 449 U.S. 383 (1981); *Rivera v. Kmart Corp.,* 190 F.R.D. 298 (D.P.R. 2000). Therefore, any knowledge that Zitrin may possess about the benefits program would be privileged as attorney/client communications and under the attorney work product doctrine.[2]

8. Further, Zitrin's participation in, and the content of, any settlement negotiations is inadmissible at trial. Fed. R. Evid. 408. Any other evidence that may be relevant is available to Defendants by means other than testimony at trial by Zitrin without any undue hardship on Defendants.

9. Fourth, the subpoena "subjects a person to undue burden." Fed. R. Civ. Proc. 45(c)(3)(A)(iv). Defendants are requesting that Zitrin fly to Puerto Rico from New York on three days' notice and testify about matters which are entirely privileged. Even if Zitrin were to appear at trial in Puerto Rico, he would be prevented from testifying meaningfully and would be forced to simply assert the attorney/client privilege and work product doctrine in response to questions posed by Defendants.

10. Moreover, it should be noted that Zitrin received a subpoena *duces tecum*, which by its very terms means that it is ordering the party to appear and to bring specified documents. However, there are no documents specified by Defendants in the subpoena. Therefore, if

---

[2] In fact, Zitrin appeared pro hac vice as MetLife's attorney in this case. The Court will note, however, that Zitrin has not participated in the case for years and is not listed in the attorneys who will participate in the trial. *See* Joint Proposed Pretrial Order.

Defendants are requesting the production of documents, the subpoena is in violation of Rule 34, which requires a description with reasonable particularity of each item requested. Fed. R. Civ. Proc. 34(b).

11. In addition, under Fed. R. Civ. P. 45(b)(1), the subpoena is to served by "delivering a copy thereof to such person." However, Zitrin's subpoena *duces tecum* was served via the United States Postal Service rather than by hand delivery. This is also the reason that the subpoena provides for an unreasonable amount of time for compliance; it took over a week for the subpoena to reach Zitrin from when it was issued.

12. Further, Fed. R. Civ. P. 45(b)(1) requires that service of a subpoena shall be made as described above and "if that person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law." The subpoena delivered to Zitrin did not include any compensation for fees or mileage allowed, indeed mandated, by the United States Code. *See* 28 U.S.C. §1821.

WHEREFORE, Plaintiff Metropolitan Life Insurance Company and Anthony Zitrin respectfully requests that this Honorable Court, issue an Order quashing the subpoena *duces tecum* served upon Mr. Anthony Zitrin, Esq. because it is in violation of several of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 26th day of February, 2004.

I HEREBY CERTIFY that on February 26, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the following attorneys have been notified either electronically or by regular mail, as may be required: Manuel San Juan, Esq., José A. Axtmayer, Esq., and Dennis B. Parcés-Enríquez, Esq.

*Counsel for Plaintiff Metropolitan Life Ins. Co.*

/S/JESÚS E. CUZA
JESÚS E. CUZA
U.S.D.C.-P.R. 206509
cuzaj@gtlaw.com
GREENBERG TRAURIG, PA
401 East Las Olas Blvd, Suite 200
Ft Lauderdale, Fl  33301
Tel: (954) 768-8241; Fax: (954)765-1477

INA M. BERLINGERI-VINCENTY
U.S.D.C.- P.R.  209306
iberlingeri@gaclaw.com
GOLDMAN ANTONETTI & CÓRDOVA, P.S.C.
PO BOX 70364
San Juan, P.R. 00936-8364
Tel. (787) 759-8000; Fax (787) 759-9177