**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, <br><br> Plaintiff <br><br> v. <br><br> NATIONAL COMMUNICATIONS SYSTEMS, INC., *et al.,* <br><br> Defendants. | CIVIL NO.: 97-2331 (GZS) |

**DEFENDANTS' MOTION TO COMPEL**
**PLAINTIFF'S ELECTION OF LEGAL THEORY**

**TO THE HONORABLE COURT**:

**COME NOW** defendants José A. Axtmayer *pro se*, and Altagracia Escudero, Hans H. Hertell, Marie Stubbe and their conjugal partnership through their respective undersigned counsel, and respectfully allege, state and pray as follows:

**INTRODUCTION**

This motion is intended to assist the Court in its determination as to how to avoid presenting to the Jury inconsistent and contradictory legal theories, the coetaneous introduction of which at trial will only confuse the Jury and possibly result in their incorrect understanding of the applicable law and thereby in a flawed verdict in the instant action.

**PLAINTIFF'S ALTERNATIVE LEGAL THEORIES**

    **A.**    **In General**

Since the inception of the instant action, plaintiff's series of complaints have always contained a cause of action for breach of contract as well as one for unjust enrichment.[1] Defendants have, in turn, sought their dismissal on several occasions through various dispositive motions,[2] and while the Court has in fact dismissed many of the causes of action contained in plaintiff's Second Amended Complaint,[3] the trial of the case is scheduled to commence next Monday, March 1, 2004, and plaintiff's surviving claims continue to reflect a cause of action for breach of contract (Count I) and another for unjust enrichment (Count III).

As argued in the appearing co-defendants' Motions to Dismiss (Dkt. No. 112 and 122) and their most recent Motion for Summary Judgment (Dkt. No. 353 ), such alternative theories for recovery are inherently inconsistent and contradictory. In essence, plaintiff's claim that the appearing defendants are liable for their breach of an alleged oral agreement between them, as well as its coetaneous claim that they are liable for their unjust enrichment at its expense absent any agreement between them, are patently contradictory:

---

[1] See plaintiff's Complaint (Dkt. No. 1), Amended Complaint (Dkt. No. 2), and Second Amended Complaint (Dkt. No. 38). As set forth in the Court's order of January 21, 2004 (Dkt. No. 376), plaintiff's causes of action for breach of contract (Count I) and unjust enrichment (Count III) are two of the three remaining causes of action against the appearing co-defendants.

[2] See the appearing co-defendants' first Motion for Summary Judgment dated February 17, 1988 (Dkt. No. 11) seeking the dismissal of the Amended Complaint, as well as their Motions to Dismiss dated May 12, 1999 (Dkt. No. 112) and September 7, 1999 (Dkt. No. 127) and their Motion for Summary Judgment of June 11, 2003 (Dkt. No. 353), all of which sought the dismissal of plaintiff's Second Amended Complaint.

[3] See the order of the Court dated June 21, 2002 (Dkt. No. 235) dismissing Counts II and IV of the Second Amended Complaint, and the recent order of the Court dated November 3, 2003 (Dkt. No. 361) dismissing Count VII thereof.

**either there was an agreement** between Metlife and the appearing defendants which the latter breached, **or there was no such agreement**, and MetLife is limited to a claim for such defendants' unjust enrichment at its expense. One or the other, but not both.

The Federal Rules of Civil Procedure permit pleadings in the alternative (See Rule 8(e)(2)) and, as such, plaintiff's contradictory claims have survived the test of time in these proceedings. Given that the matters in controversy are to be presented to a Jury as of early next week, however, the long-standing equitable doctrine of **"election of remedies"** must now be considered by the Court so as to avoid the presentation to the Jury of inconsistent and contradictory legal theories that may confuse the Jury and interfere with its proper deliberation in these proceedings.

As argued below, the appearing defendants respectfully submit that the Court should compel plaintiff to select one of its two inherently contradictory legal theories – breach of contract and unjust enrichment – and allow only one of such legal theories to survive the commencement of the jury trial in these proceedings.

### B. The Contradiction as a Matter of Law

The Third Count for unjust enrichment contained in paragraphs 33-37 of the Second Amended Complaint incorporates by reference the allegations contained in paragraphs 1 through 31 thereof.[4] Among the allegations thus incorporated in plaintiff's cause of action for unjust enrichment are the allegations made in preceding paragraphs of the Second Amended Complaint that relate and describe the existence of a contract between MetLife and the defendants.[5]

---

[4] (See Second Amended Complaint, par. 32, where "Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31of this Complaint, as if they were set forth in full herein").

[5] See, e.g., par. 26 of the Second Amended Complaint ("The Partners and NBC breached their contractual obligations with MetLife***.")

-3-

Thus, in a single breath and at the same time, plaintiff asserts – **inconsistently and contradictorily, that there is a contract** with the appearing defendants, **and** that such defendants have been unjustly enriched and are liable to MetLife under plaintiff's claim of unjust enrichment, a **quasi-contract** theory[6] of recovery. The foregoing allegations are inconsistent *vis-a-vis* each other, and impede the continuous prosecution of both because under established principles of law, since a claim for unjust enrichment cannot coexist where there is an allegation as to the existence of a contract or similar obligation between the parties, and claims for unjust enrichment are "subsidiary in nature and will only be available in situations where there is no available action to seek relief." *Medina & Medina v. Country Pride Foods. Ltd.*, 631 F. Supp. 293, 302 (D.P.R. 1986), aff'd., 901 F. 2d 181 (1st Cir. 1990).

Accordingly, an action for unjust enrichment will not lie where there is an express agreement between the parties governing their relationship, both under Puerto Rico law as under New York law.[7] See *Kreiss v. McCown De Leeuw & Co.*, 131 Supp. 2d 428 (S.D.N.Y.) 2001), where the federal district court expressly stated that "New York law does not permit recovery in *quantum meruit* where an express agreement covers the same subject matter involved." *Kreiss* at 473. In the same proceedings, the court had earlier ruled that "*[q]uantum meruit* is a quasi-contractual doctrine that applies in the absence of an express contract and is imposed in order to prevent a party's unjust enrichment." *Kreiss*, supra, 37 F. Supp 2d at 302 (Ward, J.).

---

6 Unjust enrichment rests on a contract implied in law, that is, on the principle of quasi-contract. *Municipio de Cayey v. Soto*, 131 DPR 304 (1992).

7 New York law is addressed herein to the extent that the Letter of Intent and the Promissory Notes entered into by and between MetLife and co-defendant National Communications Systems, Inc. d/b/a National Benefits Communications ("NBC") were, by therir very terms, expressly subject to New York law.

-4-

As a result, MetLife's claims against the appearing defendants cannot proceed coetaneously as a matter of law. MetLife's Second Amended Complaint is premised on its allegation that a valid contract exists between Metlife and co-defendants Axtmayer and Hertell, and its coetaneous claim that absent any contract defendants were unjustly enriched at MetLife's expenses is a contradiction in the legal theories supporting plaintiff's claims against defendants in these proceedings. [8]

**THE RULE OF ELECTION OF REMEDIES**

The First Circuit Court of Appeals has described the long-standing equity rule known as "election of remedies" as one mandating an election when "a certain state of facts relied on as the basis of a certain remedy is inconsistent with, and repugnant to, another certain state of facts relied on as the basis of another remedy."[9] The application of such doctrine requires that the two (2) or more coexistent remedies that are available to the litigant at the time of election be in fact contradictory and inconsistent, so that pursuing one of the inconsistent remedies available necessarily involves or implies the negation, abandonment, or repudiation of the other.

---

8 See *Allied Vision Group, Inc. V. RLI Professional Technoligies*, Inc., 916 F. Supp. 778, 781 (N.D. Ill. 1986); *Ocaso, S.A., Companía de Seguros y Reaseguros v. Puerto Rico Maritime Shipping Authority*, 915 F. Supp. 1244 (D.P.R. 1996); *Janivo Holding, B.V. v. Continental Bank*, 859 F. Supp 316, 322 (N.D. Ill 1994); and *Gordon v. Matthew Bender & Co.*, 562 F. Supp. 12286, 1298 (N.D. Ill. 1983).

9 See *Dopp v. HTP Corporation*, 947 F.2d 506 (1st Cir. 1991), quoting 25 Am. Jur.2d, Election of Remedies Sec. 11 (1996).

In this respect, notwithstanding that an election between inconsistent remedies is sometimes not required until a verdict is entered (but prior to the entry of judgement),[10] the First Circuit has recognized that there are certain "instances where the remedies being sought are so fundamentally inconsistent that a court may find it necessary to exercise its discretion and order an election prior to the start of trial." *Dopp v. HTP Corp.*, 947 F.2d 506, 515 (1st Cir. 1991) (Selya, J.).  See also, *Lakefield Tel. Co. v. Northern Telecom Inc.*, 679 F.Supp. 881 (E.D. Wis. 1988).

In the case at hand, such fundamental inconsistency is present.  The relief that MetLife seeks from each of its contradictory causes of action is inherently inconsistent, inasmuch as it cannot be legally entitled to both remedies, namely damages for breach of contract and restitution for unjust enrichment.  *Kreiss v. McCown De Leeuw & Co.*, 131 Supp. 2d 428 (S.D.N.Y. 2001)(Ward, J.).  As noted by Judge Selya in *Dopp,* **supra**, under such scenario a defendant would have to present self-defeating defenses and the relevant case law supports the proposition that "[f]undamental fairness as well as logic dictates that a defendant should not have to present his case in this manner." (See, *Lakefield*, **supra**, 679 F. Supp. at 884.)

After all, the risk exists in the instant action that upon plaintiffs' reference in its opening statement to its claims for breach of contract and unjust enrichment, the Jury may presume the availability of relief under both theories of law.  Further, if the Court allows the presentation of evidence related to both causes of action, there is a strong likelihood that

---

10  See, e.g., *AETNA Casualty v. P&B Autobody*, 43 F.3d 1546 (1st Cir. 1994).  In Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, (2nd Cir. 1999), however, the Circuit Court of Appeals for the Second Circuit Ruled that while "a plaintiff may some times defer of **election** and **remedies** and seek damages from a jury on alternative **theories** of breach of contract and *quantum meruit* *** this is true only where there is a dispute over the existence, scope, or enforceability of the putative contract. *** conceptually, the two remedy "mutually exclusive", and the express contract control. 181 F.3d at 263.

the Jury will be confused when later instructed by the Court as to the unavailability of relief under both a cause of action for breach of contract and one premised on unjust enrichment. In such eventuality, the Jury's confusion may result in an impermissible verdict under applicable law.

Consequently, to avoid unfairness to the appearing defendants and the strong likelihood of confusing the Jury, MetLife must make an election of remedies and the Court should order such election prior to the start of the jury trial of the instant action next week.

**PRAYER FOR RELIEF**

In view of the foregoing, the appearing co-defendants respectfully submit that plaintiff's causes of action for breach of contract and for unjust enrichment are inherently incompatible and contradictory as a matter of law, and that their coetaneous prosecution after the commencement of the Jury trial in these proceedings will only confuse the triers of fact and thereby possibly interfere with their understanding of the applicable law and result in a legally flawed verdict in the instant action. Accordingly, the appearing co-defendants respectfully request that the Court order plaintiff to select one of its two contradictory causes of action before the commencement of the trial next week and permit only the introduction evidence at such proceedings consistent with whichever of the two causes of action plaintiff selects.

**WHEREFORE,** defendants respectfully request that prior to the commencement of the trial of the case next week, the Court order plaintiff to elect the legal theory on which it wishes to proceed with its claims against defendants during and after the trial of the instant action.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 27th day of February 2004.

**I HEREBY CERTIFY** that on this same date a true and exact copy of this motion was served by electronic and regular mail to: **Jesús Cuza, Esq.,** Greenberg Traurig, PA, 401 East Las Olas Blvd., Suite 200, Ft. Lauderdale, FL 33301; **Ina M. Berlingeri Vincenty,** Esq. Goldman Antonetti & Cordova, P O Box 70364, San Juan, Puerto Rico 00936-0364; **Harold Vicente, Esq.,** P O Box 11609, San Juan, PR 00910-1609; and to **Judge George Z. Singal** through fax number 207-780-3392.

/s/ JAA
**JOSE A. AXTMAYER**
*Pro Se*
PO Box 70174
San Juan, P.R.  00936-8174
Tel.  787-777-4040
Fax. 787-777-4041
USDC-PR NO. 120613
jaxtmayer@axtmayerpsc.com


/s/ Dennis Parces Enriquez
**DENNIS PARCES-ENRIQUEZ**
PO Box 70174
San Juan, PR 00936-8174
Tel.  787-777-4040
Fax. 787-777-4041
USDC-PR NO. 220013
dparces@axtmayerpsc.com

/s/ Manuel San Juan
**MANUEL SAN JUAN**
PO Box 9023587
San Juan, PR 00902-3587
Tel. 787-723-6637/69
Fax 787-725-2932
USDC-PR NO. 204706
sanjuanm@microjuris.com