UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the matter of the Application for an Order Quashing a Subpoena, dated February 19, 2004, served upon<br><br>ANTHONY ZITRIN,<br><br>Non-Party Movant. | No. M-8-85 |
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOSE A. AXTMAYER, ALTITA ESCUDERO, HANS HERTELL, MARIE STUBBE, and the Conjugal Partnership Between HANS HERTELL and MARIE STUBBE,<br><br>Defendants. | 97-2331 (GZS)<br>U.S.D.C.<br>District of Puerto Rico |

## DECLARATION OF JASON A. SCURTI IN SUPPORT OF NON-PARTY MOVANT ANTHONY ZIRLIN'S APPLICATION TO QUASH SUBPOENA

JASON A. SCURTI, an attorney admitted to practice in this Court, states as follows:

1. I am associated with the law firm of Greenberg Traurig, LLP, and am counsel to Non-Party Movant Anthony Zitrin, Esq., ("Zitrin"). I respectfully submit this Declaration in support of Zitrin's application for an Order quashing the subpoena served upon him by the Defendants in the referenced action.

2. The underlying action, pursuant to which the subpoena was served, is pending in the United States District Court for the District of Puerto Rico (the "Puerto Rico Action"). The

plaintiff is Metropolitan Life Insurance Company ("MetLife"), and the defendants are Jose A. Axtmayer, Altita Escudero, Hans Hertell, Marie Stubbe, and the "Conjugal Partnership between Hans Hertell and Marie Stubbe" (collectively, "Defendants").[1] Greenberg Traurig is counsel to Plaintiff in the Puerto Rico Action.

3. On February 26, 2004, Zitrin received a subpoena bearing a caption of this Court, issued by Defendants (the "Subpoena"). The Subpoena is attached hereto as Exhibit A. The Subpoena was sent via certified mail and was delivered to Zitrin by the United States Postal Service. Although captioned a "Subpoena duces tecum," the subpoena commands Zitrin to "appear in the United States District Court for the District of Puerto Rico on March 1, 2004 at 9:00 a.m. to testify" in the Puerto Rico Action.[2]

4. As demonstrated in the accompanying Declaration of Anthony Zitrin, Mr. Zitrin was employed by MetLife as its in-house counsel at the time of acts in question in the Puerto Rico Action, and remains employed as in-house counsel for MetLife. See Zitrin Affirmation ¶ 2-3. Although Zitrin appeared at one time pro hac vice as MetLife's attorney in the Puerto Rico Action, he is not among the attorneys who will participate in the trial.

5. For the reasons expressed in the accompanying Memorandum of Law, the subpoena is a nullity for several reasons:

- Although Zitrin is a resident of New York, and he received the subpoena in New York, the subpoena commands his appearance at trial in Puerto Rico.
- Zitrin is not a party to the Puerto Rico Action.
- The subpoena was improperly served by mail.

---

[1] Upon information and belief, National Communications Systems, Inc., which appears on the caption of the subpoena, is no longer a party to the Puerto Rico Action.
[2] A second subpoena duces tecum was issued by the United States District Court for the District of Puerto Rico and delivered to Zitrin via certified mail on this same date. A motion to quash that subpoena is being filed with that court.

- The Defendants in the Puerto Rico Action did not furnish the fees required by the Federal Rules of Civil Procedure.

- The subpoena was served with insufficient notice; Zitrin did not receive the subpoena until three days before the scheduled trial date.

6. For all of these reasons, the subpoena at issue is a nullity, and I therefore respectfully request that the Court grant the present application to quash the subpoena.

Dated: New York, New York
February 27, 2004

_____
JASON A. SCURTI (JS-3688)

3