UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the matter of the Application for an Order Quashing a Subpoena, dated February 19, 2004, served upon<br><br>ANTHONY ZITRIN,<br><br>Non-Party Movant. | No. M-8-85 |
| METROPOLITAN LIFE INSURANCE COMPANY,<br>        Plaintiff,<br>    v.<br><br>JOSE A. AXTMAYER, ALTITA ESCUDERO, HANS HERTELL, MARIE STUBBE, and the Conjugal Partnership Between HANS HERTELL and MARIE STUBBE,<br><br>        Defendants. | 97-2331 (GZS)<br>U.S.D.C.<br>District of Puerto Rico |

**MEMORANDUM OF LAW OF NON-PARTY MOVANT
ANTHONY ZITRIN IN SUPPORT OF APPLICATION FOR AN
<u>ORDER QUASHING A SUBPOENA SERVED UPON HIM</u>**

GREENBERG TRAURIG, LLP
885 Third Avenue
New York, NY 10022
(212) 801-2100
Attorneys for Non-Party Movant

## PRELIMINARY STATEMENT

Non-Party Movant Anthony Zitrin, Esq., ("Zitrin"), respectfully submits this memorandum of law in support of his application for an Order quashing the subpoena served upon him by the Defendants in the referenced action.

Zitrin was served with a subpoena in Metropolitan Life Insurance Company v. Axtmayer, an action pending in the United States District Court for the District of Puerto Rico (the "Puerto Rico Action"). The subpoena is invalid for several reasons. Although Zitrin is a resident of New York, and he received the subpoena in New York, it commands his appearance at trial in Puerto Rico. Zitrin is not a party to the relevant action. The subpoena was improperly served by mail. The Defendants in the Puerto Rico Action did not furnish the fees required by the Federal Rules of Civil Procedure. Finally, the subpoena was served with insufficient notice; Zitrin did not receive the subpoena until three days before the scheduled trial date. All of these reasons render the subpoena a nullity, and the Court should grant the present application to quash the subpoena.

## STATEMENT OF FACTS[1]

### The Puerto Rico Action

The underlying action, pursuant to which the subpoena was served, is pending in the United States District Court for the District of Puerto Rico (the "Puerto Rico Action"). The plaintiff is Metropolitan Life Insurance Company ("MetLife"), and the defendants are Jose A. Axtmayer, Altita Escudero, Hans Hertell, Marie Stubbe, and the "Conjugal Partnership between Hans Hertell and Marie Stubbe" (collectively, "Defendants").

---

[1] All facts stated herein are supported by the accompanying Declaration of Jason A. Scurti, the subpoena, which is Exhibit A thereto, and the Declaration of Anthony Zitrin.

2

**The Subpoena**

On February 26, 2004, Zitrin received a subpoena bearing a caption of this Court, issued by Defendants. The subpoena was sent via certified mail and was delivered to Zitrin by the United States Postal Service. Although captioned a "Subpoena duces tecum," the subpoena commands Zitrin to "appear in the United States District Court for the District of Puerto Rico on March 1, 2004 at 9:00 a.m. to testify" in the above-styled cause.[2]

Zitrin was employed by MetLife as its in-house counsel at the time of acts in question in the Puerto Rico Action, and he remains in-house counsel for MetLife. Although Zitrin appeared at one time pro hac vice as MetLife's attorney in the Puerto Rico Action, he is not among the attorneys who will participate at trial.

## ARGUMENT

## THE SUBPOENA IS INVALID AND SHOULD BE QUASHED

A.  **The Subpoena Commands Zitrin's Appearance Outside This District And More Than One Hundred Miles From The Courthouse**

The subpoena is a nullity for several reasons. First, under Federal Rule of Civil Procedure 45,

> a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena ....

Fed. R. Civ. P. 45(b)(2).

Whereas the subpoena commands Zitrin's appearance in Puerto Rico, i.e., outside the Southern District of New York, and more than 100 miles from the place where the subpoena

---

[2] A second subpoena duces tecum, bearing the caption of the United States District Court for the District of Puerto Rico, was served delivered to Zitrin via certified mail on the same date. A motion to quash that subpoena is being filed with that court.

3

was served, it is a nullity under Rule 45. See In re Shida, 2002 WL 1870084, at *2 (S.D.N.Y. Aug. 14, 2002) (discussing Rule 45 requirements).

Similarly, the provisions of 45(c)(3)(A)(ii) require that the subpoena be quashed. That rule provides that a court shall quash a subpoena if it "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person." Fed. R. Civ. Proc. 45(c)(3)(A)(ii). Zitrin is not a named party to this action, nor is he an officer of any party. See accompanying Declaration of Anthony Zitrin, ¶ 2. Yet the subpoena directs Zitrin to travel more than 100 miles from New York—over 1,500 miles to Puerto Rico.

**B.    The Subpoena Fails To Allow Reasonable Time For Compliance**

Second, the subpoena is defective because it "fails to allow reasonable time for compliance." Fed. R. Civ. Proc. 45(c)(3)(A)(i). The subpoena was received by Zitrin on Thursday, February 26, 2004, which is just one business day and three days in total before the time at which Zitrin is ordered to appear before a court located in Puerto Rico on March 1, 2004. The subpoena does not provide sufficient time for Zitrin to organize his business affairs and make travel arrangements. Moreover, because of the inadequate notice, the subpoena "subjects [Zitrin] to undue burden" in violation of Fed. R. Civ. Proc. 45(c)(3)(A)(iv).

**C.    The Subpoena Was Not Properly Served**

Rule 45 further requires that a subpoena be served by "delivering a copy thereof to such person." Fed. R. Civ. P. 45(b)(1). However, the subpoena at issue was served via the United States Postal Service rather than by hand delivery, and is therefore invalid.

4

### D. The Required Fees For Attendance And Mileage Were Not Tendered

Finally, the subpoena is a nullity because the required fees for attendance and mileage were not tendered to Zitrin. Fed. R. Civ. P. 45(b)(1) requires that service of a subpoena shall be made as described above and "if that person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law." The subpoena delivered to Zitrin did not include any compensation for fees or mileage allowed, indeed mandated, by the United States Code. See 28 U.S.C. §1821.

### CONCLUSION

For all of these reasons, the subpoena is manifestly invalid. Non-Party Movant Zitrin therefore respectfully requests that the Court issue an Order quashing the subpoena served upon him.

Dated: February 27, 2004
New York, New York

GREENBERG TRAURIG, LLP

By: _____
Jason A. Scurti (JS-3688)
885 Third Avenue
New York, NY 10022
(212) 801-2100
Attorneys for Non-Party Movant