IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| METROPOLITAN LIFE INS. CO.,<br><br>Plaintiff<br><br>v.<br><br>NATIONAL COMMUNICATIONS SYS., INC. ET AL.,<br><br>Defendants. | CIVIL NO. 97-2331 (GZS)<br><br>RE: BREACH OF CONTRACT, DAMAGES AND FRAUD |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ALTER EGO CAUSE OF ACTION

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF Metropolitan Life Insurance Company ("MetLife"), and in response to Defendants' Motion to Dismiss Plaintiff's Alter Ego Cause of Action for Lack of Jurisdiction filed with this Court on February 26, 2004 by Defendants Jose A. Axtmayer ("Axtmayer"), Altagracia Escudero, Hans Hertell ("Hertell"), Marie Stubbe, and their respective conjugal partnerships constituted at the time of the acts in question in this action (collectively "Defendants"), respectfully states:

1.  First, and foremost, Defendants' Motion to Dismiss is untimely and as such, should not be considered by this Court. According to Rule 6(d), written motions must be filed no later than five (5) days before the time specified for the hearing. FED. R. CIV. PRO. 6(d). Defendants' motion was filed just one (1) business day and only three (3) total days before trial.

2.  Further, the core of Defendants argument is that the bankruptcy proceedings deprive this Court of jurisdiction over the cause of action to pierce the corporate veil of the

corporation involved, BCCPR.  However, as Defendants concede, the "alter ego" claim has been a part of the Second Amended Complaint since May 30, 1998.  *See* Defendants' Motion to Dismiss, at 1; Second Amended Complaint, Docket No. 38.  As Defendants' also admit, the corporate entity involved, BCCPR, filed for bankruptcy protection on July 19, 2002.  *See* Defendants' Motion to Dismiss, at 2.  If the bankruptcy proceedings deprived this Court of jurisdiction as Defendants argue, then a motion to dismiss that portion should have been filed over a year ago, instead of just three days before trial.  Filing at such a late date is inconsistent with the purposes of the Federal Rules of Civil Procedure, one of which is to eliminate surprise.

       3.     In any event, Defendants' motion is not only untimely, it also is devoid of any merit. Defendants argue that this Court has no jurisdiction because the "alter ego" cause of action is one to obtain property of the estate.  *See* Defendants' Motion to Dismiss, at 4.  It is true that the filing of a bankruptcy petition does operate as a stay of "any act to obtain possession of property of the estate."  11 U.S.C. §362(a).  However, an alter ego action is not part of the bankruptcy estate and is not stayed, explained as follows.

       4.     In determining whether a plaintiff's alter ego action is considered property of the estate and therefore, covered by the section 362(a) stay, a court must determine whether the plaintiff's cause of action actually belongs to the corporation. *See Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1344 (7th Cir. 1987); *In re S.I. Acquisitions Corp.*, 817 F.2d 1142, 1149 (5th Cir. 1987). Whether a particular cause of action is available to the debtor, and thus constitutes 'property of the estate', is determined by state law. *See Butner v. United States*, 440 U.S. 48, 54 (1979).  Therefore, an examination of Puerto Rico law is necessary.  It is important to note that Defendants did not do so and relied heavily on Fifth Circuit opinions.

5. The Puerto Rico General Law of Corporations of 1995, 32 L.P.R.A. §§ 2601 *et seq.* does not specify whether a corporation can bring an alter ego action against itself. Likewise, no opinion issued by the Puerto Rico Supreme Court has directly examined the issue. However, a look at general Puerto Rico law indicates indirectly that a corporation is not allowed to disregard its own corporate existence to escape liability for the following reasons.

6. First, the Puerto Rico Civil Code recognizes corporations as persons under the law. *See* Article 27 of the Puerto Rico Civil Code, 31 L.P.R.A. § 101. *See also*, Diaz Olivo. *Derecho de Corporaciones, Publicaciones Puertoriquenas, Hato Rey* 1999, at 1-3. Once a corporation is properly constituted, the juridical personality that the law recognizes confers the condition of legal existence with complete capacity to acquire property and assets, to be the titular of rights, to obligate itself in the course of commercial traffic, and to incur liabilities. *See* Article 30 of the Puerto Rico Civil Code, 31 L.P.R.A. § 104; 14 L.P.R.A. § 2652. A separation of responsibilities results, as the corporation and its stockholders respond to their own obligations with their respective patrimonies. *See D.A.C.O. v. Alturas de Florida Development*, 132 D.P.R. 905, 924-925 (1993); *Corp.Fleming v. Toa Alta Development Corp.*, 96 D.P.R. 240, 244 (1968) (principle of limited liability is consubstantial with the corporate entity). Allowing a properly organized corporation to pierce its own corporate veil would run counter to these principles.

7. Second, it is a well established principle under Puerto Rico Law that it is not lawful for anyone to go or act against his own acts ("actos propios"). *See International General Electric of Puerto Rico v. Concrete Builders of Puerto Rico*, 104 D.P.R. 871, 878 (1972). The doctrine of "actos propios" seems to be codified in the General Corporations Law of 1995, which establishes that no corporation organized pursuant to the laws of the Commonwealth of Puerto Rico will be permitted to assert or maintain the want of its constitution as a corporation as a

3

defense in any litigation against it. *See* 14 L.P.R.A. § 3133. If litigation is brought against a person that has acted and run its business as if it were a corporation, this person will be precluded from denying its existence as a corporation to escape liability. *See* Diaz Olivo at p. 299. Thus, allowing a corporation to pierce its own corporate veil would violate this principle because it would allow the corporation to avoid its own liability under the law in an effort to pursue its shareholders.

8. According to general corporation law, the general rule is that the corporate veil is pierced only for the benefit of third parties, and never for the benefit of the corporation or its stockholders. *See RCS Engineered Products*, 102 F.3d at 226; 18 Am. Jur. 2d *Corporations* § 46. *See also Ozark Restaurant Equip.*, 816 F.2d at 1225. As Defendants' state, an alter ego claim is not by itself a cause of action. *See RCS Engineered Products*, 102 F.3d at 226. Rather, it is a doctrine which:

> fastens liability on the individual who uses a corporation merely as an instrumentality to conduct his or her own personal business, and such liability arises from fraud or injustice perpetuated not on the corporation but on third persons dealing with the corporation. The corporate form may be disregarded only where equity requires the action to assist a third party

*See Id.* (citing 1 Fletcher Cyclopedia on the Law of Private Corporations § 41.10 at 615). *See also Ozark Restaurant Equipment*, 816 F.2d at 1225. Accordingly, courts apply the alter ego theory and disregard a company's separate corporate identity for the benefit of third parties, e.g., creditors of the corporation, who would suffer an unjust loss or injury unless the shareholders or the parent corporation were held liable for the subsidiary's debts. *See RCS Engineered Products*, 102 F.3d at 226.

9. Because both Puerto Rico law and general corporation law indicate that a corporation could not pierce its own veil, the claim by MetLife that BCCPR's corporate veil

4

should be pierced could not, and does not, belong to BCCPR. Therefore, the trustee in bankruptcy would not be able to set forth a claim for piercing BCCPR's corporate veil. As such, this claim is not one that is stayed under the bankruptcy provisions and this Court has the proper jurisdiction to deiced whether BCCPR's corporate veil should be pierced in the breach of contract claim.

Wherefore, Plaintiff Metropolitan Life Insurance Company respectfully requests that this Court enter an Order denying the Motion to Dismiss Plaintiff's Alter Ego Cause of Action for Lack of Jurisdiction filed by Defendants Jose A. Axtmayer, Hans Hertell, and their respective conjugal partnerships constituted at the time of the acts in question in this action, and such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that on February 28, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the following attorneys have been notified electronically and by hand to: Manuel San Juan, Esq., José A. Axtmayer, Esq., and Dennis B. Parcés-Enríquez, Esq.

In San Juan, Puerto Rico, this 1st day of March, 2004.

*Counsel for Plaintiff Metropolitan Life Ins. Co.*

S/ JESÚS E. CUZA
JESÚS E. CUZA
U.S.D.C.-P.R. 206509
cuzaj@gtlaw.com
GREENBERG TRAURIG, PA
401 East Las Olas Blvd, Suite 200
Ft Lauderdale, Fl  33301
Tel: (954) 768-8241; Fax: (954)765-1477

INA M. BERLINGERI-VINCENTY
U.S.D.C.- P.R.  209306
iberlingeri@gaclaw.com
GOLDMAN ANTONETTI & CÓRDOVA, P.S.C.
PO BOX 70364
San Juan, P.R. 00936-8364
Tel. (787) 759-8000; Fax (787) 767-9177

ftl-srv01\RECKL\511054v01\2/28/04